COVER SHEET - AMENDED COMPLAINT

IN AND FOR THE UNITED STATES DISTRICT COURT - WESTERN DISTRICT-WA

IN TACOMA, WASHINGTON

CAUSE# 3:10-cv-05288-RJB/TLF

Presented By:

Jeffrey S. Ziegler
DOC#886970 Unit#H4A-23-L
Stafford Creek Corrections Center
191 Constantine Way
Aberdeen, WA
98520

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

---

JEFFREY ZIEGLER,
AND ALVIN HEGGE

        Plaintiff(s),

                        Cause No: 3:20-cv-05288-RJB-TLF

vs.

CORRECTIONAL INDUSTRIES,
DON MILLER, C/O MONTOUGE,
RYAN GRAVES, WILLIAM LANE,
BOBBI JO NEUMEIER, TIM LANG,
TOM M. KALENIUS, JORDYN JONES,
DAVID MISTACHKIN, SCOTT LIGHT,
LINDA WILLIAMS, FRANK FEENERTY,
JACK S. ENG, THOMAS L'HEUREUX,
SUSAN PIERINI, DAVID EDWARDS,
DENNIS DAHNE, KELLY DOWNING,
DANIEL SELTZER, SARAH SMITH,
JOHN THOMPSON, TOMAS FITHIAN,
RN2 ROBERTS, MARGARET GILBERT,
TAMMY SCHOOLEY, SHANE L. EVANS,
JOHN DOE CARE REVIEW COMMITTEE,
LELAND ROGGE, JOHN DOE DEFENDANT(S),
JANE DOE DEFENDANT(S), JODIE WRIGHT,

              Defendant(s).

---

**FIRST AMENDED COMPLAINT AS MATTER OF RIGHT
CIVIL RIGHTS COMPLAINT WITH JURY TRIAL DEMAND
UNDER PROVISIONS OF TITLE 42 U.S.C. §§ 1983 and 1985**

---

## JURISDICTION

This Civil Rights Action is filed under the jurisdictional zone of interest of Title 42 U.S.C. § 1983 and 1985, giving rise to federal question jurisdiction, see Title 28 § 1331. Federal Question:

    The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

The scope of federal court jurisdiction as found in the United States Constitution under Article III, Section 2, is restricted by the Eleventh Amendment:

    The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

## JURY TRIAL DEMAND UNDER SEVENTH AMENDMENT

Plaintiff(s) demand trial by jury on all material facts at issue pursuant to the Seventh Amendment: "In suits at common law, where the value of controversy shall exceed twenty dollars, the right to trial by jury shall be preserved."

## ADDRESSES OF PLAINTIFF(S)

Plaintiff(s) Jeffrey Ziegler and Alvin Hegge are incarcerated at Stafford Creek Corrections Center, 191 Constantine Way, Aberdeen, Washington 98520.

## ADDRESSES OF DEFENDANT(S)

The address of individual capacity Defendant Tim Lang is P.O. Box 40116, Olympia, WA 98504-0116.

The address of individual capacity Defendant(s) Jordyn Jones and Susan L. Pierini is Attorney General of Washington, Labor & Industries Division, 7141 Cleanwater Drive SW, P.O. Box 40121, Olympia, WA 98504-0121.

The address of individual capacity Defendant(s) Bobbi Jo Neumeier, Tom M. Kalenius, Linda L. Willaims, Frank E. Fennerty, and Jack S. Eng, is 2430 Chandler Court SW, P.O. Box 42401, Olympia WA 98504-6823.

The address of individual capacity Defendant(s) David Edwards and David L. Mistachkin is Grays Harbor County Superior Court, 102 W. Broadway, #203, Montesano, WA 98563.

The address of individual capacity Defendant(s) Scott light, Dennis Dahne, Kelly Downing, Ryan Graves, William Lane, CNA Schooley, Shane L. Evans, RN2 Roberts, John Doe Care Review Committee members, Margaret Gilbert, Thomas L'Heureux, S. Daniel Seltzer, Sarah Smith, Leland Rogge, C/O Montouge, John Thompson, Jodie Wright, John Doe Defendant(s), and Jane Doe Defendant(s), the names not known at this time, Stafford Creek Corrections Center, 191 Constantine Way, Aberdeen, WA 98520.

The address of individual capacity Defendant Municipality Legal Personage Correcitonal Industries is P.O. Box 41107, Olympia, WA 98504-1107.

The address of individual capacity Defendant Don Miller is 900 N. Maple, Suite 2090, Spokane, WA 99201-1807.

The address of individual capacity Defendant Tomas Fithian is P.O. Box 41100, Olypia, Washington 98504-1110.

(2)

## STATEMENT OF CLAIM AND SUPPORTING FACTS

Plaintiff(s) Jeffrey Ziegler and Alvin Hegge have attached hereto, and hereby incorporate herein by reference, attached Appendix pages (1) through (94) of which are pagnated sequentially, in part because of the interwoven, interdependent application of such relevant and material facts to the various causes of actions encompassed in this Title 42 U.S.C. §§ 1983 and 1985 Civil Rights Complaint, premised on conspiracy, aider and abettor and principal theories of liability.

(1) Plaintiff(s) are herein alleging material facts supporting claims that each named Defendant, pursuant to Pinkerton conspiracy theory that the acts of one are the acts of all, has violated each named Plaintiff(s) rights, privileges and immunities guaranteed and protected by the United States constitution, that Plaintiff(s) have suffered and are suffering ongoing injury; that Defendant(s) have proximately caused Plaintiff(s) said injury, and that each named Defendant is being sued only Defendant(s) individual capacity in this lawsuit, and Plaintiff(s) have introduced relevant evidence encompassed in attached Appendix, pages (1) through (94), in support of said material facts at issue.

(2) Plaintiff(s) allegations include, but are not limited to, the following claims: (A) Correctional Industries is licensed in the State of Washington as a municipality, operating a furniture manufacturing business for profit, using DOC-SCCC Inmate labor to increase substantial profit margin; (B) The Washington Attorney General and his assistants knowingly operate as a defense mechanism to conceal the fact that Correctional Industries ("CI") fraudulently informs their Inmate employees that they are covered with Labor and Industry Insurance, with purpose to avoid paying for insurance for said Inmate employees; (C) SCCC Medical Department have been instructed to act in concert with CI to fraudulently function in the legal personage as CI's self-insurance provider, thereby acting in the legal personage of private insurer for CI who has a business license as a municipality; (D) CI and the individual capacity herein named Defendant(s) that are employed by DOC-SCCC Medical Department, in concert with the herein named individual capacity Defendant(s) from the Washington Attorney General's Office have unlawfully and unconstitutionally prevented Jeffrey Ziegler from obtaining relief from his injuries proximately caused by Defendant(s) effectuated by vehicle of an unlawful agreement between each herein named Defendant; (E) Washington Department of Labor and Industries Claim Manager Bobbi Jo Neumeier and the members of the Board Of Industrial Insurance Appeals knowingly conducted a fake appeal process, inter alia, to protect Correctional Industries municipality from being sued

Page 1                                            (3)

by using RCW 51.04.10 "Declaration of policy power -Jurisdiction of courts abolished," which gives the Department of Labor and Industries exclusive jurisdiction over industry work claims for persons covered by Labor and Industry Insurance, knowing that SCCC Correctional Industries does not pay into and is not covered by Labor and Industry Insurance and provides CI Inmate workers no RCW 51.04.120 "Certificate of coverage," and is not self-insured; (F) Defendant(s) Industrial Appeals Judge Tom M. Kalenius, Grays Harbor David L. Mistachkin, and Grays Harbor Superior Court Judge Edwards, all acted in concert with the involved Assistant Attorney Generals to conceal the legal fact that the Board of Industrial Insurance Appeals lacked competent jurisdiction over Jeffrey Ziegler's case, and that SCCC Correctional Industries does not pay into Labor and Industry Insurance for Inmate workers such as Jeffrey Ziegler, and that CI is not self-insured, but instead is participating in a conspiratorial scheme to defraud Jeffrey Ziegler out of his right to seek relief and redress in our court for his substantial past, present and ongoing injury; (G) Defendant(s) SCCC Contract Attorney Don Miller, acting in concert with Jody Wright, Counselor Lane, and Ryan Graves, by intentionally failing to subpoena requested witnesses, and refused to provide Jeffrey Ziegler legal assistance and/or representation in Grays Harbor Superior Court Ziegler v. Dep't of Labor & Indus., Case No. 19-2-00108-14 with purpose to avoid having to inform the Court that Assistant Attorney General Suxan L. Pierini, AAG Tim Lang, and AAG Jordyn Jones were perpetrating a fraud on the Court by not informing the Superior Court that it lacked competent jurisdiction over the subject matter because CI has no Labor and Industry Insurance; and intentionally refused to allow Jeffrey Ziegler's legal assistance Alvin Hegge his right to replace medical music therapy devices that had been unlawfully stolen from him by prison officials.

(3) It is undisputed, inter alia, that Plaintiff Jeffrey Ziegler injured his lower back when working for "municipality" legal personage Correctional Industries, on October 28, 2014 and that Defendant SCCC PA Scott Light instructed and assisted Jeffrey Ziegler in filing out a Labor and Industry claim, see Department's Motion for Summary Judgment dated 12/10/19, which states in pertinent part:

> (page 1) This is an appeal from a decision from the Board of Industrial Insurance Appeals (The Board). Jeffrey Ziegler is an inmate at Stafford Creek Correctional Center. On October 28, 2014, he was injured while moving tables during the course of his employment with Correctional Industries. Mr. Ziegler applied for benefits under the Industrial Insurance Act and the Department allowed his claim.... (page 2) Ms.

Page 2                    (4)

Retta Farr, Mr. Ziegler's mother, participated in the proceedings and acted as Mr. Ziegler's lay representative.... Dr. Smith testified that a request for an MRI for Mr. Ziegler was made and the Care Review Committee determined it was not medically necessary.... (page 3) PA Bangs met with Mr. Ziegler to decrease his prescription strength NSAID he was taking for injured ribs.... PA Scott Light diagnosed Mr. Ziegler with mid-back pain related to the industrial event.... (page 7) Mr. Ziegler appears to argue in the alternative that his pre-existing conditions were aggravated by a fall from his top bunk that resulted in broken ribs. AR 1358. Mr. Ziegler argues that the fall was cause as a result of the side effects of a medication he was taking to treat his back pain caused by his industrial injury.... (page 8) The worker bears the burden of proving, by competent medical testimony, that his condition will be cured or his disability lessened by the treatment sought ,,, the Board correctly determined that Mr. Ziegler was not in need of additional medical treatment for his conditions proximately caused by the industrial event because there is no competent medical testimony in the record that any additional treatment would be necessary and proper for Mr. Ziegler's back-sprain. Dr. Seltzer testified that Mr. Ziegler's conditions proximately caused by the industrial injury were resolved. R. 1633. In forming his opinion, Dr. Seltzer relied on the results of an independent medical examination performed by Dr. Rogge.

(4) Plaintiff Jeffrey Ziegler was working at Correctional Industries when the injury occurred directly caused by CI forcing Plaintiff Ziegler to do a job that required two people, i.e., flipping over eighty pound flat wood that he was contour binding and then having to pick them up and carrying them ten feet to stack them; thereby conferring civil liability upon Correctional Industries who was not self-insured and did not pay premiums as required by the Industrial Insurance Act. Plaintiff Ziegler is American Disabilities Act qualified pursuant to suffering a stroke years ago, hereditary cognitive disability and mental health issues which are in part why Plaintiff Ziegler was taking medication that caused him to fall off the top bunk in his cell, after being refused by SCCC Medical Department to issue a lower bunk HSR. Plaintiff Ziegler alleges, that: His ongoing pain from the back injury proximately caused by CI's forcing him to do a two man job; he was prescribed medication that caused him to sleep walk; SCCC prison official would not honor his request for a lower bunk unless SCCC Medical Department issued an HSR, which they refused to do; SCCC Medical Department personnel's refusal to issue a lower bunk HSR based on Mr. Ziegler's injured back and the medication, proximately caused Mr. Ziegler to sleep-walk off the top bunk falling on a chair breaking his rib or ribs.

Page 3                              (5)

SYNOPSIS OF APPENDIX PAGES (1) THROUGH (94)

(5) Following rejection of Plaintiff Ziegler's Labor and Industry claims filled out by Defendant Scott Light, rejected by Defendant Bobbi Jo Neumeier, Mr. Ziegler filed an appeal before the Board of Industrial Insurance Appeals, (App. 1); which was denied by David E. Threedy, Frank E. Fennerty, and Jack S. Eng, because "the claimant has appealed from an order the Department is holding in abeyance, (App. 2); to which, for some yet unexplained reason, Mr. Ziegler filed an appeal, (App. 3); which was granted on 12/19/16 by Linda L. Williams, Frank E. Fennerty, and Jack S. Eng, (App. 4); L&I Claims Manager Bobbi Jo Neumeier allowed the claims to proceed on 4/19/16, (App. 5-7); however the next day on 4/20/16 was dismissed by Bobbi Jo Neumeier, (page 8); On 5/9/17 AAG Susan L. Pierini filed a Notice of Appearance in the Board of Industrial Insurance Appeals, Docket No. 1620301, (App. 9); prompting Mr. Ziegler to request SCCC Contract Attorney Don Miller to provide him assistance and to serve some subpoenas, which Contract Attorney Don Miller refused, (App. 10-13); followed by Bobbi Jo Neumeier to request Scott Light to "provide a detailed medical treatment plan" for Mr. Ziegler, (App. 14); On 8/4/17 the Board of Industrial Insurance Appeals, Assistant Chief Industrial Appeals Judge, Meng Li Che, issued an "Order Granting Review, In Part," noting that "Judge Kalenius has not issued a decision regarding the motion to dismiss raised at the hearing on May 30.... Mr. Ziegler's appeal or object is premature at this time," (App. 16); resulting in Defendant Susan L. Pierini filing a declaration stating in part: "I am a Washington State Assistant Attorney General assigned to represent the Department of Labor and Industries," (App. 17); the the Board of Industrial Insurance Appeals wrote Mr. Ziegler's mother as appointed lay representative, Reta W. Farr, acknowledging Mr. Ziegler's right to a lay advocate, based in part on his ADA disabilities, (App. 18); On 1/10/17 the Washington Attorney Generals Office informed the Board of Industrial Insurance Appeals that "the Office of the Attorney General will be representing the Department of Labor and Industries in the above appeal, (App. 19).

(6) On 4/6/18 Industrial Appeals Judge Tom M. Kalenius issued an "ORDER DENYING DEPARTMENT'S MOTION TO DISMISS AND CLAIMANT'S MOTION TO RECALL WITNESSES," (App. 20-21) stating in pertinent part:

Claimant, Jeffrey S. Ziegler, DOC # 886970 per Reta W. Farr, Lay Representative.... The claimant, Jeffrey S. Ziegler, filed an appeal with the Board of Industrial Insurance Appeals on December 6, 2016, form and order of the Department of Labor and Industries dated November 1, 2016. Jeffrey Ziegler was born on July 24, 1969. On October 28, 2014, Mr. Ziegler was

injured while lifting cafeteria tables in the course of his employment with Correctional Industries, a unit of the Washington State Department of Corrections. [Correctional Industries is not "a unit of the Washington State Department of Corrections] Mr. Ziegler testified that as he lifted a table, he felt something in his back and experienced severe pain between C8 and C12. Mr. Ziegler testified that he felt severe mid back pain. Mr. Ziegler participated in physical therapy and returned to light duty work in a kitchen. Mr. Ziegler complained of bilateral arm, shoulder, and neck symptoms. Despite continued physical therapy, Mr. Ziegler continued to complain of sharp mid back pain as of November 1, 2016. Mr. Ziegler testified that medications, including Cymbalta and Lodine, caused him to fall off the top bunk, injuring his ribs and twisting his back and neck.

(7) On 10/9/17 Defendant Senior Assistant Attorney General Tim Lang wrote Industrial Appeals Judge Kalenius as letter informing him that the WA Attorney General's Office is not representing DOC, stating in pertinent part:

Thank you for your September 19, 2017 letter, which included a copy of the Jurisdictional History for the matter reference above. I am writing for two reasons. First, your letter stated that the Board of Industrial Insurance Appeals received my "Notice of Appearance on behalf of the Employer." Please understand that I have not entered an appearance in this matter on behalf of DOC. Rather, I was requested to assist when a DOC witness (PA Scott Light) received a subpoena in the mail on September 19, 2017, purportedly requiring him to testify at a hearing scheduled for later that same day. You and I spoke briefly after the hearing had been continued, and I agreed to notify the DOC witnesses that they would be receiving subpoenas for the new hearing dates.

Defendant Tim Lang expressly disavowed any representation of DOC in this matter, conclusively establishing that Correctional Industries is not "a unit of the Department of Corrections," but instead is a municipality employing Inmates from SCCC; see also (App. 23-24) "JURISDICTIONAL HISTORY."

(8) Apparently following Defendant Tim Lang's admission regarding the scope of Attorney General Office representation, Defendant Lang ordered a change in the Assistant Attorney Generals to create plausible denyability regarding whether or not the Attorneys from the Attorney General's Office knew the Superior Court lacked competent jurisdiction over the subject matter, because on 7/8/19 Assistant Attorney General Jordyn Jones filed a document

entitled "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS," asking the Grays Harbor Superior Court Judge David Edwards to deny Plaintiff Ziegler's "Motion for Appointment of Counsel, Motion for Expenditure of Funds to Hire an Expert Witness," (App. 25-28); followed by AAG Jordyn Jones "DEPARTMENT'S TRIAL BRIEF," acknowledging that a material fact at issue is the causal connection regarding falling from the top bunk, (App. 25-39) stating in pertinent part:

> Mr. Ziegler appears to argue in the alternative that his preexisting conditions were aggravated by a fall from his top bunk that resulted in broken ribs. AR 1358. Mr. Ziegler argues that the fall was caused as a result of the side effects of a medication he was taking to treat his back pain caused by industrial injury. AR 1358. However, Mr. Ziegler has not supported his theory with medical testimony. PA Banks testified that she saw Mr. Ziegler on one occasion to decrease his dose of Etodolac - a prescription-strength NSAID.

(9) Appendix pages (40-45) is a hearing transcript where Judge Edwards denies appointment of counsel and lays the groundwork for a subsequent denial of Plaintiff Ziegler's right to trial by jury on all material facts at issue, which is an additional over act in furtherance of the conspiracies objectives to deprive Plaintiff Ziegler of his constitutional rights.

(10) Plaintiff Ziegler by and through his Lay Advocate Alvin Hegge, has filed "LAY ADVOCATE'S COMMENTS IN SUPPORT OF MOTION FOR LAY ADVOCACY AS PER WAC 263-12-020," (App. 46-50), in which Lay Advocate Hegge points out that "THIS COURT LACKS COMPETENT JURISDICTION OVER SUBJECT MATTER," pointing out the complicated nature of the claims and issues involved as a basis for appointment of lay advocate and/or counsel; along with a pleading entitled "MOTION TO STAY PROCEEDINGS UNTIL JURISDICTIONAL QUESTIONS PRESENTED BELOW HAVE BEEN ADJUDICATED," (App. 51-70) raising various issues, see page (2-3), THIS COURT LACKS COMPETENT JURISDICTION OVER SUBJECT MATTER; pages (3-5)O ATTORNEY JONES' FRAUDULENT MOTION FOR SUMMARY JUDGMENT; pages (6-9) SUMMARY JUDGMENT STANDARDS AND APPLICATION: page (10-11) IDENTIFICATION OF GENUINE MATERIAL FACTS AT ISSUE: pages (12-17) CHALLENGES TO LABOR AND INDUSTRY JURISDICTION; all of which are hereby incorporated herein by reference both as to fact and as to law.

(11) AAG Jordyn Jones filed a response to said two motions intentionally ignoring the jurisdictional challenges evidencing consciousness of guilt that AAG Jones has been participating in an unlawful scheme and conspiracy to deprive Jeffrey Ziegler of his constitutionally guaranteed and protected rights, (App. 71-77).

(12) Plaintiff Jeffrey Ziegler alleges that the SCCC medical

Page 6                           (8)

personnel referenced in attached (App. 78-87) acted in concert with other herein named Defendant(s) to brutally retaliate against Jeffrey Ziegler, inter alia, in attempt to deter him from proceeding with his claims against Labor and Industry, in part because they had been informed of the jurisdictional void and substantial liability incurred by the above referenced involved individual capacity Defendant(s) hereby encompassing all facts encompassed within (App. 78-89), including but not limited to, John Doe Care Review Committee members who denied Plaintiff Ziegler an MRI with purpose to prevent Plaintiff Ziegler from being able to prove his claims.

(13) Plaintiff Jeffrey Ziegler has filed a motion for Alvin Hegge to be appointed as lay advocate in the manner his mother was appointed for him as lay advocate, and Plaintiff Alvin Hegge has filed a LAY ADVOCATE'S COMMENTS IN SUPPORT OF MOTION FOR LAY ADVOCACY AS PER WAC 263-12-020, to which AAG Jordyn Jones filed a DEPARTMENT'S RESPONSE TO PLAINTIFF'S MOTION FOR A LAY ADVOCATE, (App. 76-77), stating in pertinent part:

> The Department objects to Mr. Ziegler's request for a lay advocate. There is no authority for the Court to permit lay advocate representation. WAC 263-12-020 controls the appearances of parties before the Board of Industrial Insurance Appeals. this Court has already denied Mr. Ziegler's request for an appointed attorney in this matter because there is no right to counsel in civil matters. Indeed, what Mr. Ziegler seeks is illegal. RCW 2.48.180 defines the crime of unlawful practice of law for the State of Washington. The Department asks the court to reject the Lay Advocate's Comment in Support of Motion for Lay Advocacy authored by Alvin Hegge. Mr. Hegge is not a party to this appeal. Mr. Hegge is also not an attorney barred in Washington State and authorized to practice law in the State Superior Courts. No authority exists to allow Mr. Hegge to participate in this action as a lay representative nor has the court recognized him as such. Therefore this pleading should be rejected.

Defendant AAG Jordyn Jones has a little different twist on preventing Plaintiff Jeffrey Ziegler from obtaining legal assistance, AAG Susan L. Pierini's 10/24/17 DEPARTMENT'S RESPONSE TO MOTIONS, (App. 98-92), which states in pertinent part:

> A. Motions One & Three- A motion for GR 33 accommodations drafted by claimant Ziegler for claimant Ziegler. Ms. Farr is the appointed lay representative for claimant Ziegler. She is the appropriate person to address the tribunal. Claimant Ziegler is not the appropriate person to draft motions and requests to the

Board. Ms. Farr is the proper person to do that. In addition, GR 33(a)(2) defines "Person with a physical disability as defined by the American with Disabilities Act. of 1990 (§ 42 U.S.C. 1210 et seq.), the Washington State Law Against Discrimination (RCW 49.60 et eq.), or other similar local, state or federal laws. Mr. Ziegler has not made a showing that he qualifies under these statutes regarding his perceived physical impairments.... Again, Mr. Ziegler has drafted this motion, and since he is represented by a lay representative, this is improper.... Claimant has not responded with the specificity and proof necessary to satisfy GR 33 requirements. In addition a lay representative is held to the same standard as an attorney. A copy of Claimant's claim file is being sent to his lay representative, as if a proper discovery request had been made.

(14) On 4/13/20 Assistant Attorney General Jordyn Jones filed "Proposed Judgment" providing Jeffrey Ziegler Notice, (App. 93), in which AAG Jones refers to herself as "Attorney for Judgment Creditor," and refers to Jeffery Ziegler as "Judgment Debtor," stating in pertinent part:

The Court considered the pleadings filed in the action.... 1. The Court has jurisdiction over the parties to, and the subject matter of, this appeal. 2. The undisputed factual record establishes that no genuine issue of material fact exists ... the Department, therefore, is entitled to judgment as a matter of law. 4. the court also finds: a. Mr. Ziegler did not present sufficient medical testimony to meet his burden of proof. b. Mr. Zeigler's request at the Board for appointed counsel was properly denied. c. The Attorney General's Office can represent the Department of Labor and Industries in this case and is the representative for all state agencies. d. The Department of Corrections is an employer for worker's compensation purposes. (App. 94-97).

implicitly admitting through fraudulent misdirection and omission, inter alia, that the Attorney General's Office has no lawful representative authority in regard to Jeffrey Ziegler's claims against Correctional Industries who operates under a business license identified as a municipality who does not pay Labor and Industries premiums; in addition to Jordyn Jones making the irrelevant claim that "the Department of Corrections is an employer for worker's compensation purposes."

(15) On 4/27/20 Plaintiff Jeffrey Ziegler as Plaintiff, and Alvin Hegge as Lay Advocate, filed an OBJECTION TO ATTORNEY GENERAL'S PROPOSED JUDGMENT AND MOTION FOR RECUSAL OF JUDGE DAVID MISTACHKIN AND MOTION TO DISQUALIFY ATTORNEY GENERAL'S

OFFICE FOR ACTUAL CONFLICT OF INTEREST IN REPRESENTATION, (App. 98-106); at which resulted in a hearing for which no written finding of fact and written judgment has been entered as of this date.

(16) At said Hearing AAG Jones failed to address several issues critical to appropriate resolution of this matter, inter alia, such as: "I am unable to sit or stand for long periods of time due to back pain, (App. 107); Plaintiff Jeffrey Ziegler unquestionably suffered "rib fracturs," (App. 108); SCCC Grievance Coordinator consistently acted in concert with other named Defendant(s) to prevent Jeffrey Ziegler from having an adequate and meaningful opportunity to seek administrative relief from his ongoing pain and suffering, (App. 109-114).

(17) Plaintiff Jeffrey Ziegler's Counselor Jodie Wright also has been acting in concert with other herein named Defendant(s) and their conspiratol objectives to prevent Jeffrey Zieger from seeking relief and redress for his injuries, inter alia, by obstructing Jeffrey Ziegler's attempts to obtain American Abilities Act accommodations, for example: On or about the time that certain Defendant(s) proximately caused the breaking of my ribs, I set up a meeting between the SCCC ADA coordinator and facility medical director Harrington, Doctor First, and my medical provider, they called my Counselor Jodie Wright and informed her that the meeting was set for a time certain. Counselor Jodie Wright, without me giving her authority, improperly involved herself by going to SCCC medical ahead of me and told officer Schnor that the meeting was canceled, but then went and had the meeting without any representational authority. I have been informed that Jodie Wright told the participants at the ADA medical device accommodation meeting that I did not need the very accommodations I was seeking, resulting in me being denied ADA accommodations, which culminated in me having a nervous breakdown and falling out at the Unit.

(18) Counselor Jodie Wright's participation in agreement with other herein named Defendant(s) continually commits overt acts in furtherance of said conspiracy by refusing to photo copy legal documents, and obstruct Jeffrey Ziegler's access to courts right, with purpose to prevent Jeffrey Ziegler from obtaining legal assistance from other Inmates such as Alvin Hegge who is also being deprived ADA accommodations with purpose of the Washington Attorney General's Office in concert with other herein named Defendant(s), for example: Plaintiff Alvin Hegge, like Plaintiff Jeffrey Ziegler, is ADA qualified, (App. 115-124), and like AAG Susan L. Pierini, and AAG Jordyn Jones, the Washington Attorney General's Office has instructed SCCC prison officials to take whatever steps or conduct that is necessary to prevent Plaintiff Alvin Hegge from providing

(11)

legal assistance to Plaintiff Jeffrey Ziegler and other SCCC Inmates, including Defendant Counselor Lane who joined in the conspiracy to prevent Alvin Hegge from maintaining his intellectual and sensory competence, see Appendix pages (115-124). In other words, Plaintiff Alvin Hegge alleges that the Individual Capacity Defendant(s) have instructed Counselor Lane and Ryan Graves to deprive Plaintiff Alvin Hegge of his right to reorder the medical music therapy devices as referenced in Appendix pages (115-118), culminating in Defendant Tomas Fithian falsely claiming that the Looper Station" that was being replaced after unlawful disposition by prison officials, is not a "medical music therapy device" which had been lawfully in possession of Alvin Hegge purchased through the SCCC Music Department as an ADA medical music therapy device, see (App. 125-127).

(19) As clearly and conclusively evidenced by App. 119-124, Individuals from the Washington Attorney General's Office are participating in a conspiracy with certain above named Defendant(s), with purpose to act in concert with John Thompson to obstruct and prevent Plaintiff(s) clearly established statutory and constitutional rights and privileges, inter alia, by fraudulently applying a contractual relationship with the State Law Library entity creating a situation where the normal State Law Library requirements are being ignored by vehicle of unlawful agreement, knowing that there is no public oversight to the deficiencies, while at the same time, constituting an overt act in furtherance of said conspiracy to prevent SCCC Inmates essential access to our courts rights to challenge such conduct; in addition to the overt act in furtherance of said conspiracy of severely limiting the space of a State Law Library requirement with purpose to limit the number of SCCC Inmates that were allowed in the SCCC Law Library at any given time, see App. 119-124, of which has now been cut to less than half because of the coronavirus.

(20) This Civil Rights Complaint is filed exclusively against individual capacity Defendant(s) legal personage, and specifically is not conferring any jurisdiction to this District Court over any official capacity legal personage; thereby the Washington Attorney General lacks lawful representative standing to appear on behalf of any of the individual capacity or municipal capacity Defendant(s) in this Civil Rights Complaint. However, individual capacity Defendant(s) may present an official capacity defense to the jury at trial on the merits, and call the Attorney General as a witness to establish any defense that alleged individual capacity challenged conduct was carried out pursuant to valid State policy; however, taking into account that an individual purporting to be acting under color of State law, that acts in violation of the United States Constitution, loses his or her representative authority and places t heir personal asserts at risk.

(12)

Service upon each individual capacity legal personage Defendant is essential to confer personal jurisdiction over the Defendant(s) upon this District Court, and any waiver of service cannot be waived by any of the individual capacity Defendant's attorneys, nor the State of Washington Attorney Generals Office.

<u>RELIEF SOUGHT</u>

Plaintiff Jeffrey Ziegler is seeking two hundred and fifty thousand dollars compensatory damages for injury suffered to this date, 6/3/20, and punitive damages to be determined by a jury at trial on the merits.

Plaintiff Alvin Hegge is seeking one hundred dollars a day from Defendant Ryan Graves, one hundred dollars a day from Defendant Counselor William Lane, one hundred dollars a day from Defendant Dennis Dahne, and one hundred dollars a day from Defendant Tomas Fithian, for each day Plaintiff Alvin Hegge is prevented from replacing the ADA accommodation medical music therapy devices identified in Appendix pages (115) through (118), and punitive damages to be determined by a jury at trial on the merits.

Plaintiff(s) Jeffrey Ziegler and Alvin Hegge are demanding jury trial on all genuine material facts at issue as guaranteed under the Seventh Amendment of the United States Constitution.

Dated this 3rd day of June, 2020.

<u>DECLARATION</u>:

I, Jeffrey Ziegler do hereby declare, under penalties of perjury and the laws of the State of Washington, that I have read the foregoing and attached Appendix pages (1) through (127) and do believe everything therein is true and correct, based on my personal knowledge and/or information and belief.

SWORN TO BY: _____
JEFFREY ZIEGLER

<u>DECLARATION</u>:

I, Alvin Hegge do hereby declare, under penalties of perjury and the laws of the State of Washington, that I have read the foregoing and attached Appendix pages (1) through (127) and do believe everything therein is true and correct, based on my personal knowledge and/or information and belief.

SWORN TO BY: _____
ALVIN HEGGE

# BEFORE THE BOARD OF INDUSTRIAL INSURANCE APPEALS
## STATE OF WASHINGTON
**2430 Chandler Court SW, P O Box 42401**
**Olympia, Washington 98504-2401 • www.biia.wa.gov**
**(360) 753-6823**

| | |
|---|---|
| In re:  **JEFFREY S. ZIEGLER** | Docket No.    15 18808 |
| Claim No.  AQ-45982 | **NOTICE OF RECEIPT OF APPEAL**<br>**FROM CLAIMANT (8/14/2015)** |

**This notice is for your information only.  You do not need to take any action at this time.**

A Notice of Appeal has been filed with the Board of Industrial Insurance Appeals regarding the Department of Labor and Industries order dated June 12, 2015.

The Department of Labor and Industries has the right to reconsider or change its decision.

- If L&I reconsiders or changes its decision, we will return the case to L&I.  All parties may appeal further L&I decisions.

- If L&I does not reconsider or change its decision, we will issue an order granting or denying this appeal.

Information about this appeal may be subject to public disclosure.  For additional public disclosure information you can contact:  Public Records Office, Board of Industrial Insurance Appeals, PO Box 42401 Olympia WA 98504-2401 (360) 753-6823.

If you have questions, contact the New Appeals Section at (360) 753-6823.

Dated August 14, 2015.

**(1)**

Visit our website at www.biia.wa.gov for information on the appeal process.  You will find an instructional video, a list of frequently asked questions, and our publications *Your Right to be Heard* and *Rules of Practice and Procedure*.

BEFORE THE BOARD OF INDUSTRIAL INSURANCE APPEALS
STATE OF WASHINGTON

| | | |
|---|---|---|
| IN RE: JEFFREY S. ZIEGLER | ) | DOCKET NO. 15 18808 |
| | ) | |
| CLAIM NO. AQ-45982 | ) | ORDER DENYING APPEAL |

The claimant, Jeffrey S. Ziegler, filed an appeal on August 14, 2015, from an order of the Department of Labor and Industries dated June 12, 2015. In this order, the Department rejected the claim.

Our review of the Department record shows that the claimant has appealed from an order the Department is holding in abeyance. The Department, by an order dated August 21, 2015, stated that it was reconsidering the order dated June 12, 2015. We consider this equivalent to holding the terms of the order in abeyance. By law, we must deny an appeal if the Department, in response to the Notice of Appeal, or within the time limited for an appeal, elects to hold the order in abeyance within the time limits permitted by law. RCW 51.52.060. The order of June 12, 2015, is no longer a final order of the Department. The Department must, however, enter a further appealable decision within the time allowed by RCW 51.52.060.

The appeal is denied. The parties still retain the right to appeal from any further determination or order of the Department.

Dated: August 24, 2015

BOARD OF INDUSTRIAL INSURANCE APPEALS

DAVID E. THREEDY, Chairperson

FRANK E. FENNERTY, JR., Member

JACK S. ENG, Member

(2)

# BEFORE THE BOARD OF INDUSTRIAL INSURANCE APPEALS
## STATE OF WASHINGTON

**2430 Chandler Court SW, P O Box 42401**
**Olympia, Washington 98504-2401 • www.biia.wa.gov**
**(360) 753-6823**

| | |
|---|---|
| In re:   **JEFFREY S. ZIEGLER** | Docket No.    16 20301 |
| Claim No.  AQ-45982 | **NOTICE OF RECEIPT OF APPEAL FROM CLAIMANT (12/6/2016)** |

**This notice is for your information only.  You do not need to take any action at this time.**

A Notice of Appeal has been filed with the Board of Industrial Insurance Appeals regarding the Department of Labor and Industries order dated November 01, 2016.

The Department of Labor and Industries has the right to reconsider or change its decision.

- If L&I reconsiders or changes its decision, we will return the case to L&I.  All parties may appeal further L&I decisions.

- If L&I does not reconsider or change its decision, we will issue an order granting or denying this appeal.

Information about this appeal may be subject to public disclosure.  For additional public disclosure information you can contact:  Public Records Office, Board of Industrial Insurance Appeals, PO Box 42401 Olympia WA 98504-2401 (360) 753-6823.

If you have questions, contact the New Appeals Section at (360) 753-6823.

Dated December 07, 2016.

**(3)**

Visit our website at www.biia.wa.gov for information on the appeal process.  You will find an instructional video, a list of frequently asked questions, and our publications *Your Right to be Heard* and *Rules of Practice and Procedure.*

# BEFORE THE BOARD OF INDUSTRIAL INSURANCE APPEALS
## STATE OF WASHINGTON

**2430 Chandler Court SW, P O Box 42401**
**Olympia, Washington 98504-2401 • www.biia.wa.gov**
**(360) 753-6823**

| | |
|---|---|
| In re:  **JEFFREY S. ZIEGLER** | Docket No.   16 20301 |
| Claim No.  AQ-45982 | **ORDER GRANTING APPEAL** |

The CLAIMANT's appeal from L&I's decision dated November 1, 2016 is granted.

- This order granting appeal does not mean you have won your appeal.  It means our agency agrees to hear your appeal.

- You will be notified of a conference date and time to discuss the appeal.

- You may represent yourself at the conference.  You may also bring an attorney to represent you, or a family member, friend, or union representative to help you.

- In any proceeding, you may ask the judge questions and have the judge explain the procedures.

Dated December 19, 2016.

BOARD OF INDUSTRIAL INSURANCE APPEALS

LINDA L. WILLIAMS, Chairperson

FRANK E. FENNERTY, JR., Member

JACK S. ENG, Member

c:   L&I

(4)

```
STATE OF WASHINGTON                    MAILING DATE  04/19/2016
DEPARTMENT OF LABOR AND INDUSTRIES     CLAIM NUMBER  AQ45982
DIVISION OF INDUSTRIAL INSURANCE       INJURY DATE   10/28/2014
PO BOX 44291                           CLAIMANT      ZIEGLER
OLYMPIA, WA  98504-4291                              JEFFREY S

                                       EMPLOYER      DOC/CORRECTIONA
                                       UBI NUMBER    363 005 963
                                       ACCOUNT ID    439, 048-10
                                       RISK CLASS    4907
                                       SERVICE LOC   Aberdeen
```

JEFFREY ZIEGLER
DOC# 886970
191 CONSTANTINE WAY
ABERDEEN WA 98520-9504


                         NOTICE OF DECISION

The Department of Labor and Industries has canceled the order(s) of
06/12/2015.

This claim for the industrial injury that occurred on 10/28/2014 while
working for DOC/CORRECTIONAL IND-CL 2 IM is allowed. The worker is
entitled to receive medical treatment and other benefits as
appropriate under the industrial insurance laws.

This claim has been assigned to the employer above, and its claim
costs will be used to set premium rates. If this is not your worker,
you must notify the Department in writing within 60 days from the date
this order is communicated to you.

Supervisor of Industrial Insurance
By Bobbi Jo Neumeier
Claim Manager
(360) 902-4306


ATTACHMENT

MAILED TO: WORKER - JEFFREY ZIEGLER
           DOC# 886970, 191 CONSTANTINE WAY, ABERDEEN WA 98520-9504
           EMPLOYER(E) - DOC/CORRECTIONAL IND-CL 2 IM
             PO BOX 41120, OCCUPATIONAL HEALTH UNIT, OLYMPIA WA 98504-11
           PROVIDER - LIGHT SCOTT M PAC
             GRAYS HARBOR ER PHYSICIANS, 915 ANDERSON DR, ABERDEEN WA 98

```
----------------------------------------------------------------
|| THIS ORDER BECOMES FINAL 60 DAYS FROM THE DATE IT IS        ||
|| COMMUNICATED TO YOU UNLESS YOU DO ONE OF THE FOLLOWING: FILE ||
|| A WRITTEN REQUEST FOR RECONSIDERATION WITH THE DEPARTMENT OR ||
|| FILE A WRITTEN APPEAL WITH THE BOARD OF INDUSTRIAL INSURANCE ||
|| APPEALS. IF YOU FILE FOR RECONSIDERATION, YOU SHOULD INCLUDE THE ||
|| REASONS YOU BELIEVE THIS DECISION IS WRONG AND SEND IT TO:   ||
|| DEPARTMENT OF LABOR AND INDUSTRIES, PO BOX 44291,  OLYMPIA, WA ||
|| 98504-4291. WE WILL REVIEW YOUR REQUEST AND ISSUE A NEW ORDER. ||
|| IF YOU FILE AN APPEAL, SEND IT TO: BOARD OF INDUSTRIAL INSURANCE ||
|| APPEALS, PO BOX 42401, OLYMPIA WA 98504-2401 OR SUBMIT IT ON AN ||
|| ELECTRONIC FORM FOUND AT HTTP://WWW.BIIA.WA.GOV/.           ||
----------------------------------------------------------------
```

                                                      (5)
Page 1 of 1              FILE COPY                (U023:AO:UO)

                                              EXHIBIT NO. _B_

PO BOX 44291, OLYMPIA, WASHINGTON  98504-4291

April 19, 2016

JEFFREY ZIEGLER          CLAIM NUMBER   AQ45982
DOC# 886970              INJURY DATE    10/28/2014
191 CONSTANTINE WAY      DATE OF BIRTH  07/24/1969
ABERDEEN WA 98520-9504   CLAIMANT       ZIEGLER
                                        JEFFREY S

Dear Mr. Ziegler:

Under seperate cover, you will receive an allowance order that allows
this claim for lumbar sprain. This is based off the recent independent
medical exam that is attached for your review.

The report states you did have a lumbar sprain but that condition is
resolved and requires no further treatment. Any ongoing symptoms you
have are related to your pre-existing degenerative disc disease.

If you disagree, you can find protest and appeal rights located on the
order.

Sincerely,


Bobbi Jo Neumeier
Claim Manager, Unit O
PHONE: (360) 902-4306
FAX:   (360) 902-4567

                ***** GO PAPERLESS *****
        Receive your claim related information electronically
            Sign up now: www.eCorrespondence.lni.wa.gov
        Translated correspondence will be sent by postal mail
            *************************

ATTACHMENT

ORIG: WORKER - JEFFREY ZIEGLER
  CC: EMPLOYER(E) - DOC/CORRECTIONAL IND-CL 2 IM
      PROVIDER - LIGHT SCOTT M PAC


EXHIBIT NO. _A_

(6)

6-05-15 FX2 F58054:76
JUN/05/2015/FRI 02:42 PM    SCCC                    FAX No. 3605372075                    P. 002/002



# Report of Industrial Injury or Occupational Disease

fax 1-800-941-2976

DOC-88 6990

Claim No. **AQ 45982**

**Worker Information**

Language preference (check one): ☑ English ☐ Spanish ☐ Russian ☐ Korean ☐ Chinese ☐ Vietnamese ☐ Laotian ☐ Cambodian ☐ Other:

1. Name (First-Middle-Last) Jeffery Scott Biegler
2. ☑ Male ☐ Female
3. Birthdate month 12/24/1969
4. Social Security Number 558 35 5463   5. Home phone ( ) N-A-
6. Home address 191 Constantine Way H3-B-50-4
   City Aberdeen   State WA   ZIP Code 98520
7. Height (ft-in) 6-1
8. Weight 250lb
9. Mailing address (if different from home address)
   City   State   ZIP Code
10. Family status: ☐ Married ☐ Widowed ☐ Separated ☑ Single ☐ Divorced ☐ Registered Domestic Partner

**Dependent Information**

Family and dependent eligibility: You may be required to show proof of marriage, domestic partnership registration, or dependent eligibility.

11. Dependent children include unborn/estimate birth date. Benefits will be based in part on number of legally dependent children. If you don't have legal custody, complete Box 13.
12. Name of Spouse or Registered Domestic Partner

| Name | Relationship | Legal Custody | Birthdate |
|---|---|---|---|
| | | ☐ YES ☐ NO | / / |
| | | ☐ YES ☐ NO | / / |
| | | ☐ YES ☐ NO | / / |
| | | ☐ YES ☐ NO | / / |

13. Name & address of children's legal guardian
    Name   Address
    City   State   ZIP Code

**Your Injury Information**

14. Date of injury or last occupational exposure 10/28/14
15. Time of injury 1:30 ☐ AM ☑ PM
16. Shift (check one) ☑ Day ☐ Swing ☐ Night
17. Have you ever been treated for the same or similar condition? ☐ YES ☑ NO
18. Is this condition due to a specific incident? ☑ YES ☐ NO
19a. Body parts injured or exposed: Lower Mid-Back L1eved T11
19b. Describe in detail how your injury or exposure occurred.
    While handling BFT bag by 2ft wide handle (2) Traveling table tables - myself & I (Place box table-s) I lifted up and Twisted I travel very short. Sever Pain
20. Were you doing your regular job? ☐ YES ☐ NO
21. Where did the injury or exposure occur? ☑ Employer Premises ☐ Jobsite ☐ Other:
22. Where did the injury/exposure occur? Name of business:
    C.I. Wood Shop - County Bakshop Area
    Address 191 Constantine Way Aberdeen WA 98520
23. Was the injury caused by a faulty machine or product — or another person's or employer's worker? ☐ YES ☐ NO ☑ POSSIBLY hand by myself
24. List any witnesses:
    I did report back pain told witnesses
25. When will you return to work? 26. When did you last work? 8/20/15
27. Did you report the incident to your employer? ☑ YES ☐ NO   28. Date you reported it: 8/15/15
    If "yes" write name and title:
29. Did you have employer-paid health care benefits on day injured? ☑ YES ☐ NO

**Employer Information**

30. Business name of your employer C.I. Wood Shop
31. Type of business C.I. Industries
32. How long have you worked there? _____ Years 1 Months _____ Weeks _____ Days
33. Employer's phone ( )
34. Your employer's address 191 Constantine Way Bldg "4"
    City Aberdeen   State WA   ZIP Code 98520
35. List your job title and describe your job duties Counted Bakshop Level I
36. Rate of pay at this job (check one) ☑ Hour ☐ Week ☐ Day ☐ Month ☐ More than 1 rate of pay $0.90¢
37. Hours per day _____ 60.60
38. Days per week 5
39. Additional earnings (check all that apply) ☐ Tips ☐ Piecework ☐ Regular overtime ☐ Shift diff. ☐ Commission ☐ Meals $120.00
40. How many paying jobs do you have?
41. I am a: ☐ Owner ☐ Partner ☐ Corp. Officer ☐ Corp. Shareholder ☐ Corp. Director ☐ Optional Coverage ☑ Does not apply to me
42. Signature I declare these statements are true to the best of my knowledge and belief. In signing this form, I permit health care providers, hospitals, or clinics to release relevant medical records, when they or others produce, to the Dept. of Labor & Industries.
    X
    Today's date 6/05/15

**Health Care Provider Information**

1. Diagnosis Back Pain
2. ICD Dx Codes 724.5
3. Date you first saw patient for this condition: 6/5/14
   Patient's ID number, if available:
   Claim No. **AQ 45982**
7. Was the diagnosed condition caused by this injury or exposure? Check one. ☐ YES ☐ PROBABLY (51% or more) ☐ NO ☑ POSSIBLY (Less than 50%)
8. Will the condition cause the patient to miss work? ☑ YES ☐ NO
   If YES: This patient may return to work in 7 days.
4. Is the condition due to a specific incident? ☐ YES ☐ NO Unknown
5. Objective findings supporting your diagnosis (include physical, lab and X-ray findings):
   Paraspinous med Back Pain) to PmP Left Greater than Right
9. Is there any pre-existing impairment of the injured area? ☑ YES ☐ NO If YES, describe briefly or attach report. Chronic Neck + Back Pain
10. Has patient ever been treated for the same or similar condition? ☑ YES ☐ NO Name AMCC 2017 City Spokane WA Year
6. Treatment and diagnostic testing recommended:
   T-Spine x-ray Physical Therapy
11. Are there any conditions that will prevent or slow recovery? ☑ YES ☐ NO If YES, describe briefly or attach report. Chronic Pain
13. Name of attending health care provider (Please print) Scott M Light   Phone 360 537 2062
12. Did you refer the patient to another health care provider for follow-up? ☑ YES ☐ NO If YES, referred to: SCCL Medical
15. Name of hospital or clinic where patient was treated:
    Stafford Creek Correctional Center
    Address 191 Constantine Way   Phone 360537 2062
    City Aberdeen WA   State WA   ZIP 98520
14. IMPORTANT: L&I Provider Number or NPI of provider listed in Box 13.
    1679653745
16. Signature (NOTE: Licensed health care provider must sign and date report.)
    X   S. LIGHT, PA-C   Today's date 6/5/15

```
STATE OF WASHINGTON                    MAILING DATE  04/20/2016
DEPARTMENT OF LABOR AND INDUSTRIES     CLAIM NUMBER  AQ45982
DIVISION OF INDUSTRIAL INSURANCE       INJURY DATE   10/28/2014
PO BOX 44291                           CLAIMANT      ZIEGLER
OLYMPIA, WA  98504-4291                              JEFFREY S
                                       EMPLOYER      DOC/CORRECTIONA
                                       UBI NUMBER    363 005 963
                                       ACCOUNT ID    439, 048-10
                                       RISK CLASS    4907
                                       SERVICE LOC   Aberdeen
```

JEFFREY ZIEGLER
DOC# 886970
191 CONSTANTINE WAY
ABERDEEN WA 98520-9504

NOTICE OF DECISION

The medical record indicates treatment for this claim is concluded.
Bills for treatment after the date of this order will not be paid.

This claim is closed effective 04/20/2016.

Supervisor of Industrial Insurance
By Bobbi Jo Neumeier
Claim Manager
(360) 902-4306

ATTACHMENT

MAILED TO: WORKER - JEFFREY ZIEGLER
           DOC# 886970, 191 CONSTANTINE WAY, ABERDEEN WA 98520-9504
           EMPLOYER(B) - DOC/CORRECTIONAL IND-CL 2 IM
             PO BOX 41120, OCCUPATIONAL HEALTH UNIT, OLYMPIA WA 98504-11
           PROVIDER - LIGHT SCOTT M PAC
             GRAYS HARBOR ER PHYSICIANS, 915 ANDERSON DR, ABERDEEN WA 98

```
-----------------------------------------------------------------
|| THIS ORDER BECOMES FINAL 60 DAYS FROM THE DATE IT IS         ||
|| COMMUNICATED TO YOU UNLESS YOU DO ONE OF THE FOLLOWING: FILE ||
|| A WRITTEN REQUEST FOR RECONSIDERATION WITH THE DEPARTMENT OR ||
|| FILE A WRITTEN APPEAL WITH THE BOARD OF INDUSTRIAL INSURANCE ||
|| APPEALS. IF YOU FILE FOR RECONSIDERATION, YOU SHOULD INCLUDE THE ||
|| REASONS YOU BELIEVE THIS DECISION IS WRONG AND SEND IT TO:   ||
|| DEPARTMENT OF LABOR AND INDUSTRIES, PO BOX 44291,  OLYMPIA, WA ||
|| 98504-4291. WE WILL REVIEW YOUR REQUEST AND ISSUE A NEW ORDER. ||
|| IF YOU FILE AN APPEAL, SEND IT TO: BOARD OF INDUSTRIAL INSURANCE ||
|| APPEALS, PO BOX 42401, OLYMPIA WA 98504-2401 OR SUBMIT IT ON AN ||
|| ELECTRONIC FORM FOUND AT HTTP://WWW.BIIA.WA.GOV/.            ||
-----------------------------------------------------------------
```

                                                              (8)
                                                    EXHIBIT NO. C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**BOARD OF INDUSTRIAL INSURANCE APPEALS**
**OF THE STATE OF WASHINGTON**

In Re:  JEFFREY S. ZIEGLER

Claim No.  AQ-45982

Docket No.  16 20301

NOTICE OF APPEARANCE FOR
THE DEPARTMENT OF LABOR
AND INDUSTRIES

TO:          DAVID E. THREEDY, Executive Secretary, Board of Industrial Insurance Appeals;
AND TO:   JEFFREY S. ZIEGLER, Claimant;
AND TO:   WASHINGTON STATE DEPARTMENT OF CORRECTIONS - CCUPATIONAL
               HEALTH UNI/CLAIMS aka DEPARTMENT OF CORRECTIONS -
               OCCUPATIONAL HEALTH UNIT/CLAIMS, Employer;
AND TO:   ALEX MCGRATH, STAFFORD CREEK CORRECTIONAL CENTER;

        PLEASE TAKE NOTICE that the Washington State Department of Labor and Industries

appears in this action by and through ROBERT W. FERGUSON, Attorney General, and SUSAN

L. PIERINI, Assistant Attorney General, and requests that all further papers and pleadings, except

process service, be served at the address below.

        DATED this ___9th___ day of May, 2017.

                                            ROBERT W. FERGUSON
                                            Attorney General


                                            SUSAN L. PIERINI, wsba #17714
                                            Assistant Attorney General
                                            (360) 586-7767

**(9)**

NOTICE OF APPEARANCE FOR THE
DEPARTMENT OF LABOR AND
INDUSTRIES

1

ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717


ORIGINAL

6-05-2017

Donald Miller
Attorney At Law
900 N. Maple, Suite 2090
Spokane, WA 99201-1807
(509) 624-4922

RE:Official and formal permission to speak to family;
    Or Correspond with Family

Dear Donald Miller,

    I hereby formally and officially give you express permission
to speak to Don & Sharon Ziegler; Reta W. "Sunny" Farr/Walt Farr;
or any other Ziegler or Phelps family member; as well as Robert &
Cindie Berry; Alexander or James French, or any other friend of
mine who desires to speak to you on my behalf.


    The Attorney General is moving for summary judgement against
meme in objection to Judge allowing lat witnesses which were listed
with exception as to what they were testifying about.  Which-I-did-t
o
    The Attorney General's Asst. Susan Perini is also filing motion
for summary dismissal due to no medical witness being present at h
hearing; and the Judge himself (Tom Kalenius for the Board of
Industrial Appeals case#16-20301) said Hebould have to dismiss case
for the same reason, but went a head and allowed witnesses on my
behalf to testify; so what does that mean?


Please help assist me and my family in whatever way possible as th
this case has gone from mid-back C.I. injury to medical deliberate
indifference.          Sincerely,      Signed ~~~~~~~~
                                       Jeffrey S. Ziegler 886970 H3B50L
                                       (10)
Page 1 of 1                            S.C.C.C. 191 Constantine Way
                                       Aberdeen, WA 98520

TO: Judge Tom Kalienus
RE: Claim NO AQ -45982  Docket NO 1620301

Dear Sir,

This is a request for Continuance due to the attached circumstances. Attorney Miller was unable to serve the documents as requested. Since I reside in AZ it has been difficult to find assistance and after spending many days on the phone and online, I finally was able to get a list of Process Servers. Unfortunately because my income on Social Security is limited this was overwhelmingly expensive. One of the many legal agencies I contacted sent me to a site that said with court approval the documents could be served by mail. I can do that and will do that but the deadline is September 15th and because today is the 13th there is very little chance of being able to be on time. If you would be so gracious as to extend the time allowed then it would be done to the courts benefit as those who need to be there would have been served their paperwork. I have tried to contact your office and they have been very kind and helpful. I just need to hear from you as soon as possible so that the amended papers can be served.

Sincerely,
Reta W. Farr
157 North Eagar Street
Eagar AZ 85925
928-321-0110   My email address is sunshinebaby12@msn.com

**925**

**(11)**

Sunny Farr

New | Reply | Delete Archive Junk | Sweep Move to

RE: Jeffrey Ziegler 886970

DM Don Miller <millerdg99@comcast.net> Reply |
Thu 8/31, 6:11 PM
You

Attachments, pictures, and links in this message have been blocked because the sender isn't in your Safe Senders list. I trust content from millerdg99@comcast.net. | Show blocked content

You replied on 8/31/2017 7:54 PM.

Ms. Farr,

I have to let you and Mr. Ziegler know I am unable to serve the documents he sent. I won't be able to get back to SCCC until the 18th of September, which is too late to serve documents for the date the hearing is set. If Mr. Ziegler has another alternative regarding getting the documents served, he should use it. Also, I have not received anything from Sarah Deede. If I need to return the documents to him, I need to know right away. Alternatively, if I need to send them to someone else to serve, I need to know who and when.

D Miller, SCCC Contract Attorney

https://outlook.live.com/owa/?path=/mail/inbox/r

Sunny Farr

New | Reply | Delete Archive Junk | Sweep Move to

RE: Jeffrey Ziegler 886970

DM Don Miller <millerdg99@comcast.net> Reply |
Thu 8/31, 8:57 PM
You

You replied on 9/5/2017 11:16 PM.

As I stated, I can't get to SCCC until the 18th. He will need to ask for a continuance of the hearing until parties can be subpoenaed.
Another alternative would be to contact someone local to serve them. Let me know who that is and I will send them the papers to be served. D. Miller

9/12/2017, 4:17 PM

All my motions for extension and subpoena correction were returned to me as there was a new person in the mail room that returned legal letters mailed on 1st, and 6th...as

T. Matsen said I "couldn't mark postage receipts for "receipt only" on legal mail" to prevent over charging like they have done in the past.

...doc playing games with my legal mail again that was how they caused me to miss my WA Supreme Court ...

921

(12)



A
AFFIDAVIT
Pursuant to 28 U.S.C. § No Notary Required
DECLARATION

I, ___Jeffrey S. Ziegler_____, declare and say:

On May 12th, 2017 Myself and my parents Don Ziegler, and Rata Sunny Farr consulted with Contract Attorney Don Miller by phone, letter and email. I personally gave Don Miller permission to speak with both my parents and Stepparents. On May 23rd, 2017 Don miller said to me and my parents that he could deliver Civil Subpoenas for SCCC Medical Staff for my civil suit against Dep't of Labor and Industries. On or about May 29th, 2017 Don Miller tried to meet with me in person but SCCC did not put me on call-out or notify me that Don Miller was here. I did speak to him personally when he came and taught a class to inmates here at SCCC about civil suits. He again told me He would be able to deliver civil subpoenas once I mailed them to him to SCCC medical staff.  Sometime around Aug. 12th, 2017 I mailed subpoenas for 8 SCCC medical staff and don miller sat on them for over a month and then on Sept. 13th, 2017 approximately a week prior to L & I hearing he sent the subpoenas back to me saying he couldn't serve them in time for hearing and that he was going on vacation. My mother had to pay $200 to first process server who was unable to serve them in time for the hearing. Thank Yahuah, my mother that was able to get Castle Process servers to serve subpoenas after Judge granted a two week extension. But we were unable to get permission for all witnesses to be subpoened due to delay caused by Contract Attorney Don Miller and my case suffered greatly because of these witnesses not being able to be subpoened.

Signed
40% Of  Declaration
GR 13
1

Jeffrey S. Ziegler DOC#886970 H4A-23-L
Stafford Creek Corrections Center 191 Constantine Way
Aberdeen, WA 98520

(13)

0-21-16 FX1 C57035:2

Oct. 21. 2016 8:51AM    GHCH PHY BILLING    No. 3291 p. P. 2/3
Sep. 2. 2016 4:07PM



**STATE OF WASHINGTON**

## DEPARTMENT OF LABOR AND INDUSTRIES
PO BOX 44291, OLYMPIA, WASHINGTON  98504-4291

September  1, 2016

LIGHT SCOTT M PAC              CLAIM NUMBER    AQ45982
GRAYS HARBOR ER PHYSICIANS     INJURY DATE     10/28/2014
915 ANDERSON DR                DATE OF BIRTH   07/24/1969
ABERDEEN WA 98520-1006         CLAIMANT        ZIEGLER
                                               JEFFREY S

Dear Scott Light PAC:

Attached is the recent exam used to close this claim. Since then, Mr.
Ziegler is protesting the closure. He is requesting further treatment
for his lumbar condition, requesting an MRI be done as he feels
further treatment is for his accepted condition and not pre-existing
condition and is mentioning cervical and left shoulder which are not
allowed on this claim.

Please provide a detailed medical treatment plan for his condition and
comment if you feel more treatment is curative. Along with this, state
if the cervical and left shoulder are related to the injury dated
10/28/2014. This will help me resolve this protest.

Please contact me with any questions.

Sincerely,

Bobbi Jo Neumeier
Claim Manager, Unit O
PHONE:  (360) 902-4306
FAX:    (360) 902-4567

               ***** GO PAPERLESS *****
         Receive your claim related information electronically
              Sign up now: www.eCorrespondence.lni.wa.gov
         Translated correspondence will be sent by postal mail
               ***********************

ATTACHMENT

ORIG: PROVIDER - LIGHT SCOTT M PAC
  CC: WORKER - JEFFREY ZIEGLER
      EMPLOYER(E) - DOC/CORRECTIONAL IND-CL 2 IM
      PROVIDER - HSCCBU

**(14)**

Page 1 of 1            PROVIDER COPY            (UO23;AM:UO)

## BEFORE THE BOARD OF INDUSTRIAL INSURANCE APPEALS
## STATE OF WASHINGTON

IN RE: JEFFREY S. ZIEGLER      )    DOCKET NO. 16 20301

                           )

CLAIM NO. AQ-45982         )    ORDER GRANTING REVIEW, IN PART

The Board of Industrial Insurance Appeals received a letter from the claimant on July 20, 2017, objecting to a portion of Judge Kalenius's letter dated July 10, 2017, and a summary decision based upon the Assistant Attorney General's motion to dismiss on May 30, 2017. The Chief Judge has interpreted Mr. Ziegler's letter as an interlocutory review pursuant to WAC 263-12-115(6)(a). It is unclear when Mr. Ziegler received Judge Kalenius's July 10 letter. Judge Kalenius has not issued a decision regarding the motion to dismiss raised at the hearing on May 30.

Pursuant to WAC 263-12-115(6), the undersigned has been designated by the Chief Industrial Appeals Judge to determine this matter. Presuming Mr. Ziegler filed his request for review of the July 10 letter within five business days of his receipt of said letter, I will address the matters as I understand it. After careful consideration of the Claimant's motion, the contents of the Board's file, review of Judge Tom Kalenius's letter dated July 30, 2017, and summary decision, is **GRANTED, IN PART**.

In Mr. Ziegler's "Notice of Appeal per CR 5", received on July 20, 2017, Mr. Ziegler raised objections to Judge Kalenius' letter dated July 10, 2017, which stated that Mr. Ziegler did not confirm witnesses timely. Mr. Ziegler argued his witness lists were timely filed. Further, Mr. Ziegler objected to a "ruling of summary dismissal."

Judge Kalenius's letter dated July 10 lays out a procedural history and status of the case. In the letter, Judge Kalenius indicated that at the May 11 conference he ordered Mr. Ziegler to file a witness list by May 18 and "make all arrangements."[1] Further, that in a letter dated May 18, he informed Mr. Ziegler that he had to call a medical witness and if Mr. Ziegler wanted subpoenas, he was to provide witness name, address, phone, date, time, and location of the testimony.

On May 19, the board received Mr. Ziegler's Motion for Subpoena of Witnesses/Witness List, which was mailed on May 17, which was before the May 18 deadline. Mr. Ziegler's motion listed 15 names under "Initial Tentative Witness List" (sic). The filing requested subpoenas for the named individuals and provided witness addresses and the date and time of the hearing. Technically, the list of names was timely filed. Admittedly, the initial witness list did not list all the information for subpoenas as required by Judge Kalenius's May 18 letter (it lacked phone numbers). Unbeknownst to Mr. Ziegler, he substantially complied with Judge Kalenius's subpoena requirements ordered in Judge Kalenius's May 18 letter. But of primary importance is that the claimant's witness list and subpoena requests were mailed before Judge Kalenius's May 18 letter was sent. So, Mr. Ziegler was not informed of the requirements for subpoenas prior to his deadline or when he mailed his confirmation.

At the hearing on May 30, Judge Kalenius allowed Mr. Ziegler and three lay witnesses to testify. Some testimony was placed into colloquy. At the hearing, Mr. Ziegler indicated he was waiting for subpoenas[2] for his medical witnesses from Judge Kalenius. Judge Kalenius indicated that he

---

[1] 5/11/17 Tr. at 5.
[2] 5/30/17 Tr. at 6.

(15)

**1002**

would not issue a subpoena with regard to those witnesses because arrangements were not made to have the witnesses appear after ample opportunity.[1]  At the hearing, Judge Kalenius did not indicate on the record that the witness lists were untimely, as he did in his July 10 letter.

Mr. Ziegler also appealed a summary decision ruling by Judge Kalenius.  Judge Kalenius has not yet issued a decision on the Department's motion to dismiss.  Mr. Ziegler's appeal or objection is premature at this time.  When a Proposed Decision and Order is sent, Mr. Ziegler may file a petition for review at that time.

For the reasons above, Judge Kalenius's ruling that Mr. Ziegler's witness list was untimely is reversed.  Mr. Ziegler's appeal to summary decision, at this time, is denied.  This matter is remanded to Judge Kalenius because Mr. Ziegler's witness list was timely filed.

Dated: August 4, 2017

Meng Li Che
Assistant Chief Industrial Appeals Judge
Board of Industrial Insurance Appeals

---

[1] 5/30/17 Tr. at 6.

(16)

**1003**

1
2
3
4
5
6
7          BOARD OF INDUSTRIAL INSURANCE APPEALS
              OF THE STATE OF WASHINGTON
8
   In Re: JEFFREY S. ZIEGLER              Docket No. 16 20301
9
   Claim No. AQ-45982                     DECLARATION OF
10                                         SUSAL L. PIERINI

11       I, SUSAN L. PIERINI, declare under penalty of perjury under the laws of the State of

12   Washington that the following is true and correct.

13       I am a Washington State Assistant Attorney General assigned to represent the

14   Department of Labor and Industries (Department) in this matter, and make this declaration in

15   that capacity. Further, I am over the age of eighteen, am a citizen of the United States, am not a

16   party to this matter, and am otherwise competent to testify.

17       Exhibit A is the attached letter from the Department to claimant, dated April 19, 2016. It

18   explains the status of the claim.

19       Exhibit B is the attached Notice of Decision from the Department to claimant dated

20   April 19, 2016. It accepts the claim.

21       Exhibit C is the attached Notice of Decision from the Department to claimant dated

22   April 20, 2016. It closes the claim.

23       DATED this 4th day of December, 2017 in Tumwater, Washington.

24
25                                   SUSAN L. PIERINI, WSBA #17714
                                     Assistant Attorney General
26                                   (360) 586-7767
                                                        **(17)**

DECLARATION OF                          1          ATTORNEY GENERAL OF WASHINGTON
                                                        Labor & Industries Division
                                                         7141 Cleanwater Drive SW
                                                             PO Box 40121
                                                          Olympia, WA 98504-0121
                                                            (360) 586-7707



**STATE OF WASHINGTON**

## BOARD OF INDUSTRIAL INSURANCE APPEALS

*2430 Chandler Ct SW, PO Box 42401 • Olympia, WA 98504-2401 • (360) 753-6823 • www.biia.wa.gov*

September 19, 2017

RETA W. FARR, LAY REP
157 N EAGAR ST
EAGAR AZ 85925

In Re: Jeffrey S. Ziegler
     Claim No.  AQ-45982
     Docket No. 16 20301

We received your Notice of Appearance on behalf of the Claimant. We have amended our records as requested, and you will be informed of further proceedings in this matter.

Enclosed is a copy of the Jurisdictional History for this appeal. Please bring this with you to your conference or hearing.

Please visit our website for electronic filing: www.biia.wa.gov. If filed by facsimile or online, documents received after 5 p.m. will be deemed filed the next business day. WAC 263-12-015(3) and WAC 263-12-01501.

If you have any questions, please call us at (360) 753-6823.

Enclosure (addressee only)

     THE NEXT SCHEDULED EVENT IS A
     HEARING
     BEFORE JUDGE TOM M. KALENIUS

     THURSDAY, NOVEMBER 9, 2017, at 9:00 AM (Pacific
     Time)
     BOARD OF INDUSTRIAL INSURANCE APPEALS
     2430 CHANDLER COURT SW
     OLYMPIA, WASHINGTON

**(18)**



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
PO Box 40121  •  Olympia WA  98504-0121  •  (360) 586-7707

January 10, 2017

Brian Watkins, Executive Secretary
Board of Industrial Insurance Appeals
2430 Chandler Court SW
Olympia, WA  98504-2401

RE:    *Jeffrey S. Ziegler*
       **Claim No.  AQ-45982**
       **Docket No.  16 20301**

Dear Mr. Watkins:

The Office of the Attorney General will be representing the Department of Labor and Industries
in the above appeal.  Under the supervision of Sarah Kortokrax, Assistant Attorney General, I
will be attempting to facilitate a settlement during the mediation process.  *Never P.D.*

If there is any material the Board or the Parties would like the Department to review in
connection with this appeal, please send it to the Attorney General's Office at the address above.

If the Board or the Parties wish to discuss this appeal, please contact me directly at (360) 534-
4872 or by email at jeanett@atg.wa.gov.

Sincerely,

*Jeanette Taylor*
JEANETTE TAYLOR
Paralegal

/dsa

cc:    Jeffrey Ziegler  #886970
       Dept of Corrections - Occupational Health Unit / Claims

**(19)**

**BEFORE THE BOARD OF INDUSTRIAL INSURANCE APPEALS**
**STATE OF WASHINGTON**

| | | |
|---|---|---|
| IN RE: JEFFREY S. ZIEGLER | ) | DOCKET NO. 16 20301 |
| | ) | |
| | ) | ORDER DENYING DEPARTMENT'S MOTION |
| | ) | TO DISMISS AND CLAIMANT'S MOTION TO |
| CLAIM NO. AQ-45982 | ) | RECALL WITNESSES |

**Appearances:**

    Claimant, Jeffrey S. Ziegler, Doc # 886970, per Reta W. Farr, Lay Representative

    Employer, Department of Corrections, by Office of the Attorney General, per Tim Lang

    Department of Labor and Industries, by Office of the Attorney General, per Susan Pierini

    The claimant, Jeffrey S. Ziegler, filed an appeal with the Board of Industrial Insurance Appeals on December 6, 2016, from an order of the Department of Labor and Industries dated November 1, 2016.

    Jeffrey Ziegler was born on July 24, 1969. On October 28, 2014, Mr. Ziegler was injured while lifting cafeteria tables in the course of his employment with Correctional Industries, a unit of the Washington State Department of Corrections.

    Mr. Ziegler testified that as he lifted a table, he felt something in his back and experienced severe pain between C8 and C12. Mr. Ziegler testified that he felt severe mid back pain. Mr. Ziegler participated in physical therapy and returned to light duty work in a kitchen. Mr. Ziegler complained of bilateral arm, shoulder, and neck symptoms. Despite continued physical therapy, Mr. Ziegler continued to complain of sharp mid back pain as of November 1, 2016.

    Mr. Ziegler testified that medications, including Cymbalta and Lodine, caused him to fall off the top bunk, injuring his ribs and twisting his back and neck.

    Mr. Ziegler testified that prior to the industrial injury of October 28, 2014, he experienced symptoms of degenerative disc disease, but was able to work as a gardener at Airway Heights Correctional Center. Mr. Ziegler denied that degenerative disc disease was a cause of restrictions. Mr. Ziegler denied preexisting mid and low back, shoulder, neck, or rib symptoms.

    Alexander Cane McGrath, a counselor employed by the Washington State Department of Corrections, observed Mr. Ziegler walk in a stooped posture, use a wheeled walker, apply ice, and recline in a lower tier bunk since August 1, 2016.

    Michael W. Tarbert, a fellow inmate at the Washington State Department of Corrections center, testified that he has similar back pain issues as Mr. Ziegler, in addition to his cirrhosis and Parkinson's diseases. Mr. Tarbert did not observe Mr. Ziegler before October 28, 2014. Indle Gifford King, Jr., a

**(20)**

fellow inmate at the Washington State Department of Corrections center, testified that Mr. Ziegler's gait was no different between November 2014 and November 2016

At the close of the claimant's case, the Department moved to dismiss. The claimant objected. The claimant moved to recall the medical witnesses. The parties have filed briefing in support of their respective positions.

In deciding whether to grant the Department's CR 41(b)(3) motion, the evidence presented by Mr. Ziegler is required to be accepted as true. I viewed all the evidence in the light most favorable to Mr. Wright; and determined there was evidence or reasonable inference from the evidence establishing a prima facie case. With that in mind, Mr. Ziegler established a prima facie case, albeit marginally, through the testimony of Scott Light, PA-C, his expert witness. Mr. Light examined Mr. Ziegler initially on March 11, 2014, for chronic neck pain. Mr. Light testified that the accepted condition for the October 28, 2014 industrial injury was a back strain. Mr. Light testified that the right arm, shoulder, and neck symptoms were not related to the industrial injury of October 28, 2014, and it was possible that a thoracic spine condition was proximately caused by the industrial injury of October 28, 2014. Mr. Light testified that he created a treatment plan prescribing further physical therapy and if the Department of Labor and Industries ordered an MRI, he would agree to that treatment also.[1]

The claimant's motion to recall witnesses is denied. I will convene a scheduling conference for the Department to present witnesses in Olympia by telephone so that the parties can clearly communicate during the taking of the testimony.

Dated: April 6, 2018

*Tom M. Kalenius*
Tom M. Kalenius
Industrial Appeals Judge
Board of Industrial Insurance Appeals

---

[1] 11/16/17 Tr. at 31

(21)



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116  •  Olympia, WA  98504-0116  •  (360) 586-1445

October 9, 2017

Board of Industrial Insurance Appeals
ATTN:  Judge Tom M. Kalenius
PO Box 42401
Olympia WA  98504-2401

Re:     Jeffrey Ziegler
        Claim No. AQ-45982
        Docket No. 16 20301

Dear Industrial Appeals Judge Kalenius:

Thank you for your September 19, 2017 letter, which included a copy of the Jurisdictional
History for the matter referenced above.

I am writing for two reasons.  First, your letter stated that the Board of Industrial Insurance
Appeals received my "Notice of Appearance on behalf of the Employer."  Please understand that
I have not entered an appearance in this matter on behalf of DOC.  Rather, I was requested to
assist when a DOC witness (PA Scott Light) received a subpoena in the mail on September 19,
2017, purportedly requiring him to testify at a hearing scheduled for later that same day.  You
and I spoke briefly after the hearing had been continued, and I agreed to notify the DOC
witnesses that they would be receiving subpoenas for the new hearing dates.

Second, your September 19, 2017 letter also included courtesy copies of subpoenas for the new
hearing dates, including subpoenas directed to Sara Smith MD, P.A. Sasha Bangs, and "P.A.
Holt."  I have confirmed there is no Physician Assistant Holt at Stafford Creek Corrections

//

//

(22)

ATTORNEY GENERAL OF WASHINGTON

Judge Tom M. Kalenius
October 9, 2017
Page 2


Center (SCCC) and assume that subpoena was issued in error.  If the subpoena was intended to
be directed to another Health Services staff person at SCCC, please re-issue a corrected
subpoena.

Thank you.


Tim Lang
Senior Assistant Attorney General

Cc:    Susan Pierini, AAG
       Jeffrey Ziegler, DOC #886970
       Reta W. Farr, Lay Representative

IN RE: JEFFREY S. ZIEGLER

CLAIM NO: AQ-45982

DOCKET NO: 16 20301

| | |
|---|---|
| **JURISDICTIONAL HISTORY** | |

## Please review this document.

- This is a summary of actions relating to this appeal and does not include every action taken by the Department of Labor and Industries.
- Have it available at your conference.
- The judge will ask you if there are any errors in this document.
- The judge will ask you to <u>agree</u> the Board may use this document to show our authority to hear this appeal (jurisdiction).

| DATE | DOCUMENT NAME: ACTION/RESULT |
|---|---|
| 6-5-15 | **Application for Benefits:** Date of Injury 10-28-14; back - Department of Corrections |
| 6-12-15 | **Department Order:** Claim denied; no proof of specific injury at a definite time and place in the course of employment; bills for services or treatment concerning this claim are rejected, except those authorized by the Department of Labor and Industries for diagnosis (Determinative) |
| 8-14-15 | **Protest:** Claimant (pro-se) Department order dated 6-12-15 |
| 8-14-15 | **Notice of Appeal (15 18808)** Claimant (pro-se) Department order dated 6-12-15 |
| 8-21-15 | **Department Order:** We are reconsidering Department order dated 6-12-15 and will issue a new order after further review. |
| 8-24-15 | **Board Order Denying Appeal (15 18808)** Department order dated 6-12-15 is being reconsidered |
| 4-19-16 | **Department Order:** Department of Labor and Industries has canceled Department order dated 6-12-15; his claim for the industrial injury that occurred on 10/28/2014 while working for DOC/ CORRECTIONAL IND- claim is allowed. The worker is entitled to receive medical treatment and other benefits as appropriate under the industrial insurance laws. |

**(23)**

4-20-16       **Department Order:** Medical record indicates treatment for this claim is concluded; bills for treatment after the date of this order will not be paid; claim closed effective 4-20-16

6-22-16       **Protest:** Claimant (pro-se) Department order dated 4-20-16

7-6-16        **Department Order:** We are reconsidering Department order dated 4-20-16 and will issue a new order after further review.

11-1-16       **Department Order:** The Department of Labor and Industries has reconsidered the order of 04/20/2016 which closed the claim. The department has determined the order is correct and it is affirmed. (APPEALABLE ONLY)

12-6-16       **Notice of Appeal (16 20301):** Claimant (pro-se) Department order dated 11-1-16

12-19-16      **Board Order Granting Appeal (16 20301):** Department order dated 11-1-16

**(24)**

**SUPERIOR COURT OF WASHINGTON
FOR GRAYS HARBOR COUNTY**

ZIEGLER, JEFFREY S.,

              PLAINTIFF,

V.

DEP'T OF LABOR & INDUS.,

              DEFENDANT.

No. 19-2-00108-14

DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTIONS

TO:      CLERK OF THE COURT;
AND TO:   JEFFREY S. ZIEGLER, Plaintiff, *Pro Se:*

## I.    INTRODUCTION

Mr. Zeigler has appealed a decision of the Board of Industrial Insurance Appeals to this court for review. In addition to his request for a jury trial, the Department has received Mr. Ziegler's *Motion for Appointment of Counsel, Motion for Expenditure of Funds to Hire an Expert Witness,* and supplemental exhibits. The Department of Labor & Industries responds as follows:

## II.    RESPONSE

Mr. Ziegler's appeal arises under the Industrial Insurance Act. RCW 51.04.010. As noted in the Department's trial brief, when a decision of the Board is appealed to the superior courts, the superior court sits in an appellate capacity. See *Boeing Co. v. Heidy*, 147 Wn.2d 78, 87; 51 P.3d 793 (2002). The superior court reviews the decision of the Board *de novo* based on the Certified Appeal Board Record. RCW 51.52.115; *Shufeldt v. Dep't of Labor & Indus.*, 57 Wn.2d 758, 760; 359 P.2d 495

DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTIONS

1

**(25)**



ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717

(1961). Review is limited to those issues mentioned in the appeal to the Board or properly included in its proceeds, and the evidence presented to the Board. RCW 51.52.115; *Shufeldt*, 57 Wn.2d at 760; *Sepich v. Dep't of Labor & Indus.*, 75 Wn.2d 312, 316; 450 P.2d 940 (1969). The burden is on the appealing party to demonstrate by a preponderance of the evidence that the Board decision was incorrect based on the evidence contained in the Board record. See *McClelland v. ITT Rayonier*, 65 Wn. App. 386, 390; 828 P.2d 1138 (1992). Absent allegations of procedural misconduct, the superior court is not permitted to receive evidence or testimony other then what is included in the Board record. RCW 51.52.115.

First, Mr. Ziegler has requested the appointment of counsel to assist in this appeal. As Mr. Ziegler himself notes, there is no right to counsel in civil cases. See *Petitioner's Motion for Appointment of Counsel*, p. 1.

Second, Mr. Ziegler has requested funds to hire an expert witness for the purpose of "eliminating medial misdiagnosis and lending clarity without bias to true medical conditions of Petitioner. . ." See *Petitioner's Motion for Expenditure of Funds*, p. 2. Mr. Ziegler's request is inappropriate given the posture of this appeal. The superior court's review is appellate in nature. See *Boeing*, 147 Wn.2d at 87. Mr. Ziegler's opportunity to present evidence in support of his appeal was provided at the Board, where he presented the testimony of three medical professionals familiar with his case. See *Board Record* generally. Absent allegations of procedural misconduct, the superior court is prohibited from reviewing evidence not presented at the Board. RCW 51.52.115. Therefore, Mr. Ziegler's request should be denied.

Third, Mr. Ziegler's has supplied the court with supplemental exhibits including correspondence from the Department of Labor and Industries, records from the Department of Corrections, and an affidavit from Michael Tarbert. The court should disregard these exhibits because they are not contained in the Board record and may not be considered in reviewing the Board's decision.

DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTIONS

2

ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717

1    Mr. Zeigler's appeal of the Board's decision is limited to the issue of whether the Board

2   properly determined that Mr. Ziegler's only condition caused by his industrial injury was a lumbar

3   sprain and that he was not in need of additional medical treatment for that condition. This courts

4   review is limited to the evidence received at the Board and contained within the Certified Appeal

5   Board Record.

6    DATED this ___4___ day of July 2019.

7

8                                   ROBERT W. FERGUSON
                                    Attorney General
9

10

11                                  JORDYN JONES, WSBA #52648
                                    Assistant Attorney General
12                                  Attorney for Defendant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S RESPONSE                    3              **(27)**
TO PLAINTIFF'S MOTIONS                          ATTORNEY GENERAL OF WASHINGTON
                                                    Labor & Industries Division
                                                    7141 Cleanwater Drive SW
                                                         PO Box 40121
                                                    Olympia, WA 98504-0121
                                                       (360) 586-7707
                                                    FAX: (360) 586-7717

**PROOF OF SERVICE**

I certify that I served a copy of this document on all parties or their counsel of record on the date below as follows:

☒ US Mail Postage Prepaid via Consolidated Mail Service

> Jeffrey S. Ziegler, DOC #886970
> Stafford Creek Corrections Center
> 191 Constantine Way
> Aberdeen, WA 98520

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this _8H_ day of July 2019, at Tumwater, Washington.

JULIE A. NELSON
Legal Assistant 3

**(28)**

DEPARTMENT'S RESPONSE TO
PETITIONER'S MOTIONS

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**SUPERIOR COURT OF WASHINGTON**
**FOR GRAYS HARBOR COUNTY**

ZIEGLER, JEFFREY S.,

          PLAINTIFF,

v.

DEP'T OF LABOR & INDUS.,

          DEFENDANT.

No. 19-2-00108-14

DEPARTMENT'S TRIAL BRIEF

## I.    INTRODUCTION

This as an appeal from a decision from the Board of Industrial Insurance Appeals (The Board). Jeffrey Ziegler is an inmate at Stafford Creek Correctional Center. On October 28, 2014 he was injured while moving tables during the course of his employment with Correctional Industries. Mr. Ziegler applied for benefits under the Industrial Insurance Act and the Department allowed his claim.

The Department closed Mr. Ziegler's claim and Mr. Ziegler appealed to the Board of Industrial Insurance Appeals. At the Board, Mr. Ziegler argued that the claim should remain open for treatment and that additional medical conditions should be included under the claim. Mr. Ziegler presented the testimony of several inmates and three medical professionals. The Department presented the testimony of S. Daniel Seltzer, MD, a board certified orthopedic surgeon. Upon review of the evidence, the Board affirmed the Department's order closing Mr. Ziegler's claim finding that Mr. Ziegler's conditions, proximately caused by the industrial

(29)

ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717

injury, were fixed and stable and not in need of additional treatment. Mr. Ziegler has appealed the

decision of the Board.

## II.    ISSUES

1.    **Did the Board of Industrial Insurance Appeals correctly determine that as of**
**November 1, 2016, Mr. Ziegler's conditions, proximately caused by an**
**October 24, 2014 industrial injury, were fixed and stable and not in need of**
**further proper and necessary treatment.**

### III.    EVIDENCE RELIED UPON

The Department relies upon the testimony and exhibits in the Certified Appeal Board

Record from the Board of Industrial Insurance Appeals.

### IV.    FACTS

Mr. Ziegler is an inmate at the Stafford Creek Correctional facility in Aberdeen,

Washington. On October 28, 2014 while employed at the correctional facility, Mr. Ziegler hurt his

back lifting a table. AR 1177. Mr. Ziegler filed an application for benefits under the Industrial

Insurance Act. AR 1052. The Department allowed his claim for the condition diagnosed as a

lumbar strain and closed the claim effective April 20, 2016. AR 1053. Mr. Ziegler appealed the

Department order closing his claim to the Board of Industrial Insurance Appeals. AR 1052.

At the Board, Mr. Ziegler argued that he had a cervical (neck), shoulder, arm, and middle

back condition that were related to the October 2014 industrial event and that he was in need of

additional treatment, namely a diagnostic MRI. Hearings for Mr. Ziegler's presentation of

evidence were held on May 30, September 19, November 9, and November 16 of 2017. *See* Board

Record generally. Mr. Ziegler presented the testimony of himself, fellow inmates Alexander

McGrath, Michael Tarbert, and Idle King, Jr., as well as the testimony of medical professionals

Sarah Smith, M.D., Scott Light, PA, and Sasha Bangs, PA. Ms. Retta Farr, Mr. Ziegler's mother,

participated in the proceedings and acted as Mr. Ziegler's lay representative. The Department

presented the testimony of S. Daniel Seltzer, M.D. at hearing on August 7, 2018.

**( 30 )**

DEPARTMENT'S TRIAL BRIEF                2                ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717

1    Sarah Smith MD, testified on November 9, 2017. She was the medical director for Stafford

2  Creek Correctional Facility for the relevant times. AR 1299. Dr. Smith testified about the processes

3  for requesting tests, such as an MRI, through the facility's patient care committee. AR. 1278-1279.

4  Dr. Smith testified that a request for an MRI for Mr. Ziegler was made and the Care Review

5  Committee determined it was not medically necessary. AR 1292. Dr. Smith testified that she did

6  not have an opinion as to whether Mr. Ziegler's medical conditions were proximately caused by

7  the industrial event of October 28, 2014. AR 1264 and 1301.

8    Sasha Bangs is a physician's assistant employed at Stafford Creek. AR 1355-1356.

9  PA Bangs met with Mr. Ziegler to decrease his prescription strength NSAID that he was taking

10  for injured ribs. AR 1356. PA Bangs testified that she did not have an opinion as to whether

11  Mr. Ziegler's health issues were related to the industrial injury of October 28, 2014. AR 1367.

12    Physician's Assistant Scott Light testified about his treatment of Mr. Ziegler. AB 1319.

13  PA Light testified that he assisted Mr. Ziegler in filing a report of accident for his claim. AR 1336.

14  PA Light testified that the report was filed eight months following the claimed injury for mid-back,

15  mid-thoracic pain. AR 1336. PA Light testified that he had seen Mr. Ziegler for a variety of health

16  issues, and had requested that an MRI be performed. AR 1326. The Care Review Committee

17  denied the request for an MRI. AR 1340. PA Light testified that he thought Mr. Ziegler's lack of

18  consistency in exams and complaints was the reason for the denial. AR 1340. PA Light was unable

19  to relate Mr. Ziegler's health issues to the industrial event of October 28, 2014 on a more probable

20  that not basis. AR. 1347-1348. He testified that there was no connection with any arm or shoulder

21  symptoms and only a possible connection regarding the neck conditions. AR. 1348.

22    On cross-examination, Mr. Light was asked if he agreed with an Independent Medical

23  Examination (IME) report authored by Dr. Rogge. AR. 1350. He stated that he did. AR. 1350.

24  PA Light affirmed that his opinion regarding the relationship between Mr. Ziegler's cervical

25  conditions and the October 28, 2014 injury was made on a possible basis and not a more probable

26  than not basis. AR. 1351.

27

**(31)**

ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717

The Department presented the testimony of S. Daniel Seltzer, MD, a board certified orthopedic surgeon who performed a forensic review of Mr. Ziegler's medical records. AR 1610 and 1619. Dr. Seltzer reviewed Mr. Ziegler's medical records from 2015 and 2016 as well as Dr. Rogge's IME report and other treatment records. AR 1620. After a thorough records review and physical examination, Dr. Rogge opined that Mr. Ziegler may have strained his back from lifting on October 28, 2014 but that a strain would have resolved in six months' time. AR. 1633. Dr. Rogge opined that Mr. Ziegler was not in need of further treatment. AR. 1633. Dr. Seltzer testified that he concurred with Dr. Rogge's opinion that Mr. Ziegler sustained only a sprain as a result of the October 28, 2014 industrial event and that no further treatment was necessary. AR 1634.

## V.    STANDARD OF REVIEW

The superior court reviews the Board of Industrial Insurance Appeals' decision de novo, based on the Certified Appeal Board Record. Review is limited to those issues mentioned in the appeal to the Board, or properly included in its proceedings, and the evidence presented to the Board. RCW 51.52.115; *Shufeldt v. Dep't of Labor & Indus.*, 57 Wn.2d 758, 760, 359 P.2d 495 (1961); *Sepich v. Dep't of Labor & Indus.*, 75 Wn.2d 312, 316, 450 P.2d 940 (1969) ("The trial court is not permitted to receive evidence or testimony other than, or in addition to, that offered before the Board or included in the record filed by the Board."). The Department order on appeal determines the issues on appeal. *Kingery v. Dep't of Labor & Indus.*, 132 Wn.2d 162, 171, 937 P.2d 565 (1997). The Administrative Procedures Act does not apply to workers' compensation cases—the normal civil practices does. RCW 51.52.140; *Hill v. Dep't of Labor & Indus.*, 161 Wn. App. 286, 292, 253 P.3d 430 (2011).

The Board's findings and decision are presumed to be correct. RCW 51.52.115; *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999). The plaintiff bears the burden of proving, by "a fair preponderance of credible evidence," that the decision of the Board is incorrect. *McClelland v. ITT Rayonier*, 65 Wn. App. 386, 390, 828 P.2d 1138 (1992). The plaintiff must produce "sufficient, substantial, facts, as distinguished from a mere scintilla of evidence" which overcome the

**(32)**
ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717

presumption of correctness enjoyed by the Board's decision and warrant reversing that decision. *Cyr v. Dep't of Labor & Indus.*, 47 Wn.2d 92, 96, 286 P.2d 1038 (1955).

The rule of 'liberal construction' does not apply to questions of fact. *Ehman v. Dep't of Labor & Indus.*, 33 Wn.2d 584, 595, 206 P.2d 787 (1949). While the court should liberally construe the Industrial Insurance Act in favor of "those who come within its terms, persons who claim rights thereunder should be held to *strict proof* of their right to receive benefits provided by the act." *Cyr*, 47 Wn.2d at 97 (emphasis added). Nor does the rule mean that a plaintiff does not have to produce competent evidence to prove the facts upon which he or she relies to substantiate eligibility for the benefits sought. *Ehman*, 33 Wn.2d at 595.

The superior court may resolve questions relating to the admissibility of evidence, but it can only reconsider the evidentiary issues on the grounds stated and preserved in the Board record.[1] *Sepich*, 75 Wn.2d at 316. This requirement ensures that the party offering the evidence has a meaningful opportunity to cure any defects with respect to admissibility at the time it is offered. *Carnation Co., Inc. v. Hill,* 54 Wn. App. 806, 810, 776 P.2d 158 (1989). Were the trial court to permit new objections, it would be too late for the opponent to correct or complete the record. *Carnation Co.* 54 Wn. App. at 810. It ensures that the appellate tribunal, here the superior court, has a record that permits resolution of all issues.

## VI.    ARGUMENT

**A.    The Board correctly determined that Mr. Ziegler sustained only a back sprain as a result of his October 28, 2014 industrial injury.**

To qualify for benefits under the Industrial Insurance Act, a worker must prove that he was injured in the course of employment and demonstrate that a causal relationship exists between the injury and the condition(s) for which benefits are sought. *Goyne v. Quincy-Columbia Basin Irr. Dist.*, 80 Wn. App. 676, 682, 910 P.2d 1321 (1996). The casual relationship between a claimed

---

[1] Any party aggrieved by the Board's decision must petition for review of the decision, or those portions of the decision by which he or she is aggrieved. Failure to petition for review constitutes a waiver "of any objections or irregularities disclosed by the record." WAC 263-12-145(1); *Homemakers Upjohn v. Russell*, 33 Wn. App. 777, 780, 658 P.2d 27 (1983).

**(33)**

DEPARTMENT'S TRIAL BRIEF                    5                    ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717

1    condition and the worker's industrial injury must be established by medical testimony. *Parr v.*

2    *Dep't of Labor & Indus.*, 46 Wn.2d 144, 278 P.2d 666 (1955). Medical testimony must establish

3    causation on a more *probable* than not basis; testimony that the industrial injury *possibly* caused

4    the condition is not sufficient. *Chalmers v. Dep't of Labor & Indus.*, 72 Wn.2d 595, 602, 434 P.2d

5    720 (1967).[2]

6        When a worker has a medical condition that preexists the industrial injury, a worker may

7    be entitled to benefits when the industrial injury causes an aggravation of the preexisting condition.

8    When the preexisting condition is "dormant, latent or quiescent," the worker must prove that the

9    condition was lit up, or made symptomatic, by the industrial injury. *Zavala v. Twin City Foods*,

10   185 Wn. App. 838, 860, 343 P.3d 761 (2015). Where the preexisting condition is symptomatic

11   prior to the industrial injury, the worker must prove that the industrial injury caused the condition

12   to worsen based on objective findings. *Favor v. Dep't of Labor & Indus.*, 53 Wn.2d 698, 703, 53

13   Wn.2d 698336 P.2d 382 (1959).

14       Though Mr. Ziegler seeks treatment for an arm, neck, shoulder and spine condition under

15   his industrial insurance claim, medical testimony does not support that any condition other than a

16   strain was proximately caused by the October 28, 2014 industrial event. Four medical professionals

17   testified in this matter; none of whom relates Mr. Ziegler's preexisting conditions to the industrial

18   event. S. Daniel Seltzer, MD, testified that after a thorough review of the relevant medical records,

19   Mr. Ziegler may have sustained a lumbar strain as a result of his industrial event. AR. 1633.

20   Dr. Seltzer testified that in his opinion, any other symptoms experienced by Mr. Ziegler were the

21   result of preexisting degenerative disc disease and not the industrial event. AR. 1634. Both

22   Dr. Sarah Smith and PA Sasha Bangs were unable to render an expert opinion on the causation of

23   any of Mr. Ziegler's conditions. AR. 1264. PA Scott Light diagnosed Mr. Ziegler with mid-back

24   pain related to the industrial event. AR. 1346. PA Light was unsure if the industrial event caused

25   an aggravation of a preexisting arm and neck condition and opined that the shoulder condition was

26

27       [2] If this matter were to proceed in front of a jury, the Department would be entitled to a jury instruction on
         this distinction. *See, Safeway, Inc. v. Martin*, 76 Wn. App. 329, 885 P.2d 842 (1994). **( 34 )**

ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717





1  not related. AR 1347-1348. PA Light further opined that is was possible that the industrial injury

2  aggravated a preexisting thoracic spine condition but PA Light would not say that the condition

3  was aggravated on a more probable than not. AR 1348 and 1351. The Board correctly determined

4  that that only condition caused by the October 28, 2014 industrial event was a lumbar sprain

5  because there is no medical testimony relating any other condition to the event on a more probable

6  than not basis.

7  Mr. Ziegler appears to argue in the alternative that his preexisting conditions were

8  aggravated by a fall from his top bunk that resulted in broken ribs. AR 1358. Mr. Ziegler argues

9  that the fall was caused as a result of the side effects of a medication he was taking to treat his back

10  pain caused by his industrial injury. AR 1358. However, Mr. Ziegler has not supported his theory

11  with medical testimony. PA Bangs testified that she saw Mr. Ziegler on one occasion to decrease

12  his dose of Etodolac – a prescription-strength NSAID. AR 1360. PA Bangs also testified that

13  trouble sleeping is a common side effect of Cymbalta, an anti-depressant medication. AR 1359.

14  But there is no testimony in the record from a competent medical professional relating

15  Mr. Ziegler's fall to any medication. There is also no testimony in the record supporting that either

16  medication was prescribed to treat the effects of his industrial injury. Because there is no competent

17  medical evidence relating Mr. Ziegler's fall to his industrial injury, any conditions resulting from

18  his fall are not appropriately covered by his industrial insurance claim.

19  The Board correctly determined that the only condition caused by Mr. Ziegler's

20  October 28, 2014 industrial event was a back sprain because Mr. Ziegler did not present any

21  competent medical evidence that any other condition was related to the industrial event on a more

22  probable than not basis. Though PA Light testified that is was possible that Mr. Ziegler aggravated

23  a preexisting lumbar spine condition, he could not and did not opine that it was aggravated on a

24  more probable than not basis. Causation of a medical condition must be supported by medical

25  testimony given on a more probable than not basis. *Chalmers,* 72 Wn.2d at 602. Because this

26

27

(35)

DEPARTMENT'S TRIAL BRIEF                    7                    ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717

1    record does not support that any other condition was related to the industrial event, the Board's

2    decision should be affirmed.

3    **B.    The Board correctly determined that Mr. Ziegler's conditions, proximately caused by**
4    **his industrial injury, were fixed and stable and not in need of further treatment.**

5    A worker who is injured at work is entitled to proper and necessary medical and surgical

6    services for those conditions proximately caused by the industrial injury. RCW 51.36.010(2)(a).

7    Proper and necessary treatments for an accepted condition are treatments that are curative or

8    rehabilitative. WAC 296-20-01002. Treatment that results only in temporary or transient changes

9    is not considered proper and necessary. WAC 296-20-01002. When the issue on appeal is whether

10   a claim should remain open for treatment, following a determination that the underlying condition has

11   reached maximum medical improvement, the worker bears the burden of presenting evidence

12   sufficient to support a finding that the condition is not fixed and that the treatment sought is necessary

13   and proper. *Chalmers,* 72 Wn.2d at, 602.

14   The mere fact that a physician testifies as to a need for treatment and a worker wishes to avail

15   himself of it, does not, without more, provide a legal basis for allowing a claim to remain open. The

16   worker bears the burden of proving, by competent medical testimony, that his condition will be cured

17   or his disability lessened by the treatment sought. *Ravsten v. Dep't of Labor & Indus.,* 108 Wn.2d 143,

18   153-54, 736 P.2d 265 (1987) (medical testimony is required to prove those matters beyond the ken of

19   lay people such as diagnosis and prognosis). The Board correctly determined that Mr. Ziegler was not

20   in need of additional medical treatment for his conditions proximately caused by the industrial event

21   because there is no competent medical testimony in the record that any additional treatment would be

22   necessary and proper for Mr. Ziegler's back sprain

23   Dr. Seltzer testified that Mr. Ziegler's conditions proximately caused by the industrial injury

24   were resolved. AR. 1633. In forming his opinion, Dr. Seltzer relied on the results of an independent

25   medical examination performed by Dr. Rogge. AR. 1633. Dr. Rogge opined that as a result of the

26   industrial event of October 28, 2014, Mr. Ziegler had sustained an acute sprain that had resolved.

27   AR. 1633. Dr. Rogge opined that Mr. Ziegler's current complaints were the result of preexisting

(36)

DEPARTMENT'S TRIAL BRIEF                8                ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717



degenerative disc disease. AR. 1633. Dr. Seltzer testified that the recommendations made by Dr. Rogge for Mr. Ziegler's symptoms including over the counter medication, conditions, and stretching are all palliative treatments meaning that they will not cure the problem but will mitigate the symptoms until the next episode occurs. AR 1634. Dr. Seltzer did not have recommendations for treatment for Mr. Ziegler's continuing symptoms beyond these palliative measures. AR 1634.

Mr. Ziegler has identified that he would like an MRI performed but there is no evidence in the record that a diagnostic MRI would be necessary and proper treatment for Mr. Ziegler. PA Light testified that he had requested several diagnostic tests for Mr. Ziegler including an MRI and a neurological consultation. AR 1340. PA Light testified that an MRI may be necessary when there is persistent or clear neurological issues that correlate with the history and exam findings. AR 1323. Mr. Light further testified that he requested an MRI for Mr. Ziegler and the Department of Corrections Care Review Committee denied the request finding an MRI was not necessary treatment. AR 1326. In his opinion, the committee denied the request because Mr. Ziegler's complaints were not consistent over time. AR 1326. PA Light agreed that Mr. Ziegler's complaints were not consistent over time. AR 1340. Though PA Light testified that he would be in favor of an MRI if Labor and Industries felt it was necessary, he did not express an ultimate opinion as to whether an MRI was necessary treatment for Mr. Ziegler's conditions caused by the industrial event. AR 1333.

Because there is no medical testimony in the records supporting additional treatment is necessary for Mr. Ziegler's conditions caused by his industrial injury, the Board's decision should be affirmed.

## VII.    CONCLUSION

The Board correctly determined that as of November 1, 2016, Mr. Ziegler's conditions proximately caused by the industrial injury were fixed and stable and not entitled to further necessary and proper treatment. The medical testimony in the record supports that Mr. Ziegler sustained a back sprain as a result of his industrial event on October 28, 2014 and that his back sprain has resolved. Any other symptoms experienced by Mr. Ziegler are not related to his

(37)

ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717

1    industrial event and therefore, not entitled to treatment under his claim. As such, this court should

2    affirm the decision of the Board.

3         DATED this _20_ day of June, 2019.

4

5                                    ROBERT W. FERGUSON
                                     Attorney General
6

7                                    JORDYN JONES, WSBA #52648
                                     Assistant Attorney General
8                                    (360) 586-3435

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                    **(38)**

ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717

1

**PROOF OF SERVICE**

2

I certify that I served a copy of this document on all parties or their counsel of record on

3

the date below as follows:

4

5    ☒ US Mail Postage Prepaid via Consolidated Mail Service

6        Jeffrey Ziegler
         DOC 886970
7        Stafford Creek Correctional Center
         191 Constantine Way
8        Aberdeen WA  98520-9504

9        I certify under penalty of perjury under the laws of the state of Washington that the

10   foregoing is true and correct.

11       DATED this 21st day of June, 2019, at Tumwater, Washington.

12

13

14       KAREN STRATFORD
         Legal Assistant 4

15

16

17

18

19

20

21

22

23

24

25

26

27

**(39)**
ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717

```
                    SUPERIOR COURT
                 STATE OF WASHINGTON
                COUNTY OF GRAYS HARBOR

     ------------------------------------------
     JEFFREY ZIEGLER,           )
                                )
               Petitioner,  )
                                )
          and                   )  19-2-108-14
                                )
     DEPARTMENT OF L&I,         )
                                )
               Respondent.  )
     ------------------------------------------

        VERBATIM REPORT OF PROCEEDINGS

     BEFORE THE HONORABLE DAVID EDWARDS

     ------------------------------------------

               - July 26, 2019 -

          Grays Harbor County Courthouse
              Montesano, Washington

             A P P E A R A N C E S


     FOR THE RESPONDENT: MS. JORDYN JONES
                         ASST. ATTORNEY GENERAL




     REPORTED BY:  CARMAN PRANTE, CCR (#2513)
                   OFFICIAL COURT REPORTER
                   GRAYS HARBOR SUPERIOR COURT
                   102 W. BROADWAY, #203
                   MONTESANO, WA  98563 (40)
```

1

```
 1              P R O C E E D I N G S

 2

 3              - July 26, 2019 -

 4         MS. JONES:  So 360-537-1800.  And I believe

 5    that's the number for Counselor Jody Wright.

 6         THE CLERK: Okay.

 7

 8                        (Brief pause in proceedings.)

 9

10         THE COURT: Okay.  We're going to proceed.

11         Okay.  We're in open court in the matter of

12    Jeffrey Ziegler versus the Department of Labor and

13    Industries.

14         This was an appeal from an administrative

15    proceeding in which Mr. Ziegler was denied benefits.

16    There are some motions Mr. Ziegler filed, two of

17    which have already been denied by written order of

18    the Court.  Mr. Ziegler filed a motion for

19    appointment of counsel at public expense and for

20    public funds to hire a medical expert witness.  And

21    the Court, by written order on May 22nd, denied both

22    of those motions.  There's no authority which would

23    allow the Court to appoint counsel for       Mr.

24    Ziegler in this type of case.  It's a civil

25    proceeding.  And there's also no authority for
```

                                                **(41)**

1    expending public funds to hire an expert witness in

2    this type of proceeding, nor is he even entitled to

3    bring in an expert witness at this point due to the

4    posture of this case.  It's an appeal that is limited

5    to the record that was generated during the

6    administrative trial of this proceeding.  So those -

7    those motions have already been ruled upon.

8         Mr. Ziegler also is requesting an extension

9    of time to file his brief.  He's received that

10   extension of time, if for no other reason, just by

11   the fact that this case has not gotten before this

12   Court for a ruling upon that motion.  His brief was

13   due I think back in early June.  It's now July 26th.

14   I see that the State of Washington has already filed

15   its trial brief.

16        Correct, Counsel?

17        MS. JONES:  Yes.

18        THE COURT:  I - I'm going to grant

19   Mr. Ziegler's request and I will give him until four

20   weeks from today to get his brief filed, which

21   should -- let's see here -- get us to August 23rd.

22   So he must have his brief filed with the Court and

23   served upon counsel for the attorney general's office

24   not later than 5:00 p.m. on August 23rd.  And I'm

25   going to instruct the clerk to schedule this matter

                                        (42)

1    for trial. . .

2              Is it Ms. Jones?

3         MS. JONES:  It is.

4         THE COURT: Ms. Jones, have you seen any

5    document from Mr. Ziegler where he, in a timely and -

6    and appropriate manner, requested a jury?

7         MS. JONES:  His request for a jury trial was

8    contained in his notice of appeal, at least the copy

9    that was served on my office.  And that would have

10   been timely by my standards, though maybe not in

11   appropriate form for this Court.

12        THE COURT: Okay.  Was it accompanied by a

13   jury fee?

14        MS. JONES:  No, it was not.

15        THE COURT: Did he seek an order waiving the

16   fee?

17        MS. JONES:  He has made requests in his

18   briefing for a waiver due to his status as an

19   incarcerated individual.

20        THE COURT: Okay.  I'm going to at this time

21   direct the court administrator to schedule this for a

22   one day bench trial.  And I will send a letter to you

23   and to Mr. Ziegler informing Mr. Ziegler that if he

24   wishes a jury trial, that we're going to need to

25   conduct a hearing to determine whether he has made a

                                    (43)

1    valid request for that and whether in fact that's

2    what he wants to do, given his status not only as pro

3    se, but as a pro se incarcerated at a state

4    correctional facility he may not be able to

5    adequately represent himself before a jury.  I - I

6    just don't know.  It doesn't entitle him to counsel,

7    but we're going to need to have a discussion about

8    whether he can have a jury trial that's going to make

9    any sense.

10           MS. JONES:  Right.

11           THE COURT: And I want him to understand that

12    the role of the jury in such a trial is going to be

13    limited to hearing the testimony from the

14    administrative hearing --

15           MS. JONES:  Right.

16           THE COURT: -- and that his presence to the

17    jury would essentially be limited to argument and

18    we'll see what he wants to do about it.

19           MS. JONES:  Okay.

20           THE COURT: All right.  Anything else for

21    today?

22           MS. JONES:  May I assume that the bench

23    trial currently scheduled for August 9th is going to

24    be reset?

25           THE COURT: Yeah.  That - that's - that

                                         (44)

1    setting -- I haven't had a chance to talk to the

2    court administrator about it -- appears to me to be a

3    mistake.  I think - I think the court administrator

4    thought that the appeal of this case would be

5    scheduled in the same manner as an appeal from a

6    court of limited jurisdiction where there's briefing

7    and oral argument presented to the Court --

8            MS. JONES:  Right.

9            THE COURT: -- as opposed to a trial de novo

10    based on the record.  So - so it wasn't correctly

11    set.  So yes, that trial - that trial date is

12    stricken --

13            MS. JONES:  Okay.

14            THE COURT: -- and we will set a new trial

15    date for sometime or within 30 days of August 23rd.

16    And if you could prepare an order regarding today's

17    hearing essentially granting his motion for an

18    extension of time and then I will take care of the

19    rest of it --

20            MS. JONES:  Okay.

21            THE COURT: -- in terms of communicating with

22    the court administrator.

23            MS. JONES:  Can do.

24            THE COURT:  All right.  That's all for

25    today's hearing.

                                    (45)

SUPERIOR COURT OF WASHINGTON
FOR GRAYS HARBOR COUNTY

---

JEFFREY S. ZIEGLER,

        Plaintiff,

                                No. 19-2-00108-14

ALVIN HEGGE,

        Lay Advocate,

vs.

DEPARTMENT OF LABOR & INDUSTRIES,

        Defendant.

---

LAY ADVOCATE'S COMMENTS IN SUPPORT OF
MOTION FOR LAY ADVOCACY AS PER WAC 263-12-020

---

## CERTIFICATE OF MAILING

I, Jeffrey Ziegler, do hereby swear, being aware of penalties for perjury, that I have placed in the prison United States mail, a copy of the above captioned legal pleading, with postage thereon, which constitutes a filing with the Clerk of Court at the time placed in the prison mail, see Washington Mail Box Rule GR 3.1, <u>Houston v. Lack</u>, 487 U.S. 265, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), addressed to: Assistant Attorney General Jordyn Jones, Labor & Industries Division, Olympia, Washington 98504-0121; and Grays Harbor Superior Court, 102 W. Broadway Ave., #203, Montesano, Washington 98563; and WA Attorney General Robert Ferguson, P.O. Box 40116, Olympia, Washington 98504.

        Dated this 20th day of January, 2020.

                            Respectfully submitted,

                            By: _____
                                JEFFREY ZIEGLER

(46)

SUPERIOR COURT OF WASHINGTON
FOR GRAYS HARBOR COUNTY

---

JEFFREY S. ZIEGLER,

                Plaintiff,

vs.                                        No. 19-2-00108-14

DEPARTMENT OF LABOR & INDUSTRIES,

                Defendant.

---

LAY ADVOCATE'S COMMENTS IN SUPPORT OF
MOTION FOR LAY ADVOCACY AS PER WAC 263-12-020

---

Comes Now, Alvin Hegge providing "Lay Advocate's Comments in support of Plaintiff Jeffrey Ziegler's Motion For Lay Advocacy As Per WAC 263-12-020, supported by the facts, law, and Declaration of Alvin Hegge, based primarily on the complexities of the legal issues involved.

As will be clearly and conclusively evidenced below, this writer, Alvin Hegge, believes Attorney Jones is attempting to perpetrate fraud upon this Grays Harbor Superior Court, inter alia, by pretending Correctional Industries has prescribed, applied for, and obtained a "Certificate of Coverage" as required by RCW 51.04.120; and by Attorney Jones filing a fraudulent "DEPARTMENT'S MOTION FOR SUMMARY JUDGMENT," in which Attorney Jones attempts to mislead Mr. Ziegler, who suffers from ADA disabilities and who lacks the requisite degree of legal competence to recognize the fraudulent nature of said motion for summary judgment as will be explained and argued below; along with the jurisdictional questions at issue.

(47)

THIS COURT LACKS COMPETENT JURISDICTION OVER SUBJECT MATTER

Washington State has enacted RCW 51.04.010 "Declaration of police power - Jurisdiction of courts abolished," which functionally prohibits this Superior Court from exercising jurisdiction over the subject matter of Mr. Ziegler's claims, except as provided for in Chapter 51.04 RCW; thereby unlawfully and unconstitutionally slamming the Washington State Court house doors to Mr. Ziegler, unless he has standing to file a Labor and Industries claim, see RCW 51.04.090, along with compliance with the Certificate of coverage requirement of RCW 51.04.120.

Alvin Hegge has conducted as extensive research as possible under the being incarcerated status, and found that Chapter 51.04 RCW requires the employer, in this case Correctional Industries, to pay into the Labor and Industry program, see RCW 51.04.020 "The director shall (1) Establish and adopt rules governing the administration of this title; (2) Ascertain and establish the amounts to be paid into and out of the accident fund." See also RCW 51.04.063 "(2)(b)(i) For a state fund claim, the worker, the employer, and the department. The employer will not be a party if the costs of the claim or claims are no longer included in the calculation of the employer's experience factor used to determine premiums...."

Attorney Jones must identify the legal basis for such coverage, and explain why Correctional Industries has not complied with RCW 51.04.120.

·(2)

(48)

## BASIS FOR ALVIN HEGGE AS LAY ADVOCATE

The issues in this case are extremely complicated, to the point where even the Assistant Attorney General Jones either does not adequately understand the legal complications, or has intentionally turned a blind eye to them; and it appears that the Grays Harbor Superior Court Judge has not been sufficiently informed of the jurisdictional questions present in this case.

Alvin Hegge is a SCCC Jailhouse Lawyer who provides legal assistance to Inmates that are lack the legal competence to adequate advance their litigation, when as here, Plaintiff Ziegler has requested and been denied legal assistance from the contract attorney, cf., <u>Johnson v. Avery</u>, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969):

> State prison regulation barring inmates from assisting other prisoners in preparation for petitions for postconviction relief was invalid as in conflict with federal right of habeas corpus, despite State's claim that requirement was necessary to maintain prison discipline, where State did not provide available alternative to assistance provided by other inmates. Power of States to control practice of law cannot be exercises so as to abrogate federally protected rights.

Although Plaintiff Ziegler has a valid basis to have Alvin Hegge provide legal assistance as a Lay Advocate, there are significant questions regarding the representation by Washington Attorney Generals Office, inter alia: Correctional Industries is licensed as a "municipality" and is not entitled to AG representation under the purview of RCW 43.10.030 or any other State statute; (2) Washington Attorney Generals Office may have valid representative

(3)

(49)

authority to represent the Department of Labor and Industries, however, if as Plaintiff alleges, Correctional Industries did not obtain a Certificate of Coverage, then the Department of Labor and Industries is not a party and Attorney Jones has no representative authority.

Lay Advocate Alvin Hegge has prepared a seventeen page "MOTION TO STAY PROCEEDINGS UNTIL JURISDICTIONAL QUESTIONS PRESENTED BELOW HAVE BEEN ADJUDICATED," with attached thereto a two page "Declaration of Jeffrey Ziegler," requiring Alvin Hegge to argue it at upcoming hearing, with a "CONCLUSION" and "RELIEF SOUGHT," stating:

<u>CONCLUSION</u>

As clearly and conclusively evidenced above, there are numerous existing genuine material facts at issue, however, several standing, subject matter jurisdiction and lack of competency to exercise jurisdiction over the subject matter questions have been presented, and as matter of law, this Court must address said jurisdictional questions before proceeding on the merits, <u>Capron v. Van Noordan</u>, 6 U.S. (2 Cranch) 126, 127, 2 L.Ed. 229 (1804)("Here it was the duty of the court to see that they had jurisdiction, for the consent of the parties could not give it"); <u>Lexecon v. Milberg Weiss Bershad Rynes & Lerach</u>, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998)("The mandatory 'shall' ... normally creates an obligation impervious to judicial discretion").

<u>RELIEF SOUGHT</u>

Plaintiff Jeffrey Ziegler prays this Grays Harbor County Superior Court will order a briefing schedule to address the herein presented jurisdictional questions; and then make a comprehensive finding of fact and conclusions of law so that adequate appellate review can be had, if necessary.

Plaintiff further prays this Court will stay Motion for Summary Judgment proceedings until herein presented jurisdictional questions have been adjudicated.

Dated this 20th day of January, 2020.

Respectfully submitted,                    Respectfully submitted,

By: _____                      By: _____
    JEFEREY ZIEGLER                             ALVIN HEGGE

(50)

SUPERIOR COURT OF WASHINGTON
FOR GRAYS HARBOR COUNTY

JEFFREY S. ZIEGLER,

            Plaintiff,

ALVIN HEGGE,                  No. 19-2-00108-14

            Lay Advocate,

vs.

DEPARTMENT OF LABOR & INDUSTRIES,

            Defendant.

## MOTION TO STAY PROCEEDINGS UNTIL JURISDICTIONAL QUESTIONS PRESENTED BELOW HAVE BEEN ADJUDICATED

### CERTIFICATE OF MAILING

I, Jeffrey Ziegler, do hereby swear, being aware of penalties for perjury, that I have placed in the prison United States mail, a copy of the above captioned legal pleading, with postage thereon, which constitutes a filing with the Clerk of Court at the time placed in the prison mail, see Washington Mail Box Rule GR 3.1, Houston v. Lack, 487 U.S. 265, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), addressed to: Assistant Attorney General Jordyn Jones, Labor & Industries Division, Olympia, Washington 98504-0121; and Grays Harbor Superior Court, 102 W. Broadway Ave., #203, Montesano, Washington 98563; and WA Attorney General Robert Ferguson, P.O. Box 40116, Olympia, Washington 98504.

Dated this 20th day of January, 2020.

Respectfully submitted,

By: _____

       JEFFREY ZIEGLER

(51)

SUPERIOR COURT OF WASHINGTON
FOR GRAYS HARBOR COUNTY

JEFFREY S. ZIEGLER,

         Plaintiff,

                                  No. 19-2-00108-14

vs.

DEPARTMENT OF LABOR & INDUSTRIES,

         Defendant.

MOTION TO STAY PROCEEDINGS UNTIL JURISDICTIONAL
QUESTIONS PRESENTED BELOW HAVE BEEN ADJUDICATED

Comes Now, Plaintiff Jeffrey Ziegler with the legal assistance of Lay Advocate Alvin Hegge moving this Grays Harbor County Superior Court to stay Summary Judgment proceedings until the jurisdictional questions presented have been adjudicated.

As will be clearly and conclusively evidenced below, this writer, Alvin Hegge, believes Attorney Jones is attempting to perpetrate fraud upon this Grays Harbor Superior Court, inter alia, by pretending Correctional Industries has prescribed, applied for, and obtained a "Certificate of Coverage" as required by RCW 51.04.120; and by Attorney Jones filing a fraudulent "DEPARTMENT'S MOTION FOR SUMMARY JUDGMENT," in which Attorney Jones attempts to mislead Mr. Ziegler, who suffers from ADA disabilities and who lacks the requisite degree of legal competence to recognize the fraudulent nature of said motion for summary judgment as will be explained and argued below.

(52)

STATUS OF CASE RELEVANT TO THIS PLEADING

Washington Assistant Attorney General Jordyn Jones has filed a fraudulent "DEPARTMENTS MOTION FOR SUMMARY JUDGMENT," dated 12/10/19, stating, inter alia:

> Jeffrey Ziegler is an Inmate at Stafford Creek Correctional Center. On October 28, 2014, he was injured while moving tables during the course of his employment with Correctional Industries. Mr. Ziegler applied for benefits under the Industrial Insurance Act and the Department allowed his claim.

Attorney Jones has failed to make this Superior Court aware of the fact that Correctional Industries is licensed in the State of Washington as a "Municipality" who does not self insure or pay Labor and Industry Premiums that would give this Superior Court competent jurisdiction over the subject matter of Jeffrey Ziegler's claims under the purview of Labor and Industry Insurance.

THIS COURT LACKS COMPETENT JURISDICTION OVER SUBJECT MATTER

Washington State has enacted RCW 51.04.010 "Declaration of police power - Jurisdiction of courts abolished," which functionally prohibits this Superior Court from exercising jurisdiction over the subject matter of Mr. Ziegler's claims, except as provided for in Chapter 51.04 RCW; thereby unlawfully and unconstitutionally slamming the Washington State Court house doors to Mr. Ziegler, unless he has standing to file a Labor and Industries claim, see RCW 51.04.090, along with compliance with the Certificate of coverage requirement of RCW 51.04.120.

Alvin Hegge has conducted as extensive research as possible under the being incarcerated status, and found that

(2)

**(53)**

Chapter 51.04 RCW requires the employer, in this case Correctional Industries, to pay into the Labor and Industry program, see RCW 51.04.020 "The director shall (1) Establish and adopt rules governing the administration of this title; (2) Ascertain and establish the amounts to be paid into and out of the accident fund." See also RCW 51.04.063 "(2)(b)(i) For a state fund claim, the worker, the employer, and the department. The employer will not be a party if the costs of the claim or claims are no longer included in the calculation of the employer's experience factor used to determine premiums...."

If Attorney Jones believes that Jeffrey Ziegler is lawfully covered under Labor and Industries Insurance, then it is incumbent upon Attorney Jones to identify the legal basis for such coverage, and explain why Correctional Industries has not complied with RCW 51.04.120 "Certificate of coverage required."

ATTORNEY JONES' FRAUDULENT MOTION FOR SUMMARY JUDGMENT

Washington Assistant Attorney General Jones is either confused, incompetent, or corrupt, none of which is acceptable, based on the fact that Attorney Jones requests summary judgment which requires the absence of genuine material facts at issue, based on burden of proof facts, which are solely for the province of the jury, when as here a jury trial was requested, and granted by this court.

However, Attorney Jones Motion for Summary Judgment identifies the genuine material facts at issue, and attempts

(3)

(54)

to prey on Plaintiff Jeffrey Ziegler's ADA legal competence
related disabilities to invite Mr. Ziegler to believe in
order to defeat said motion for summary judgment, Mr.
Ziegler must meet the preponderance of evidence standard,
more likely than not, which in and of itself is a genuine
material burden of proof fact for the sole province of the
jury, not subject to summary judgment, see:

    (Page 1) On October 28, 2014, he (Jeffrey Ziegler)
was injured while moving tables during the course of
his employment with Correctional Industries. Mr.
Ziegler applied for benefits under the Industrial
Insurance Act and the Department allowed his claim. The
Department closed Mr. Ziegler's claim and Mr. Ziegler
appealed to the Board of Industrial Insurance Appeals.
At the Board, Mr. Ziegler argued that the claim should
remain open for treatment and that additional medical
conditions should be included under the claim. Mr.
Ziegler presented the testimony of several inmates and
three medical professionals.... (Page 2) At the Board,
Mr. Zieger argued  that he had a cervical (neck),
shoulder, arm, and middle back condition that were
related to the October 2014 industrial event and that
he was in need of additional treatment, namely a
diagnostic MRI. Hearings for Mr. Ziegler's presentation
of evidence were held on May 30, September 19, November
9, and November 16 of 2017. See Board Record generally.
Mr. Ziegler presented the testimony of himself, fellow
inmates Alexander McGrath, Michael Tarbert, and Idle
King, Jr., as well as the testimony of medical
professionals Sarah Smith, M.D., Scott Light, PA, and
Sasha Bangs, PA. Ms. Retta Farr, Mr. Ziegler's mother,
participated in the proceedings and acted as Mr.
Ziegler's lay representative.... Dr. Smith testified
that she did not have an opinion as to whether Mr.
Ziegler's medical conditions were proximately caused by
the industrial event of October 28, 2014.... (page 3)
Sasha Bangs is a physician's assistant employed at
Stafford Creek. PA Bangs met with Mr. Ziegler to
decrease his prescription strength NSAID that he was
taking for injured ribs. PA Bangs testified that she
did not have an opinion as to whether Mr. Ziegler's
health issues were related to the industrial injury of
October 28, 2014.... The Care Review Committee denied
the request for an MRI.... PA Light was unable to
relate Mr. Ziegler's health issues to the industrial
event of October 28, 2014, on a more probable that not
basis.... Dr. Rogge opined that Mr. Ziegler may have

(4)

(55)

strained his back from lifting on October 28, 2014 but
that a strain would have resolved in six months'
time.... (page 6) Though Mr. Ziegler seeks treatment
for an arm, neck, shoulder and spine condition under
his industrial insurance claim, medical testimony does
not support that any condition other than a strain was
proximately caused by the October 28, 2014 industrial
event.... Mr. Ziegler may have sustained a lumbar
strain as a result of his industrial event. S. Daniel
Seltzer, M.D., testified that after a thorough review
of the relevant medical records, Mr. Ziegler may have
sustained a lumbar strain as a result of his industrial
event.... PA Light was unsure if the industrial event
caused an aggravation of a pre-existing arm and neck
condition and opined that the shoulder condition was
not related. PA Light further opined that it was
possible that the industrial injury aggravated a pre-
existing thoracic spine condition but PA Light would
not say that the condition was aggravated on a more
probable than not basis.... (page 7) Mr. Ziegler
appears to argue in the alternative that his pre-
existing conditions were aggravated by a fall from his
top bunk that resulted in broken ribs. Mr. Ziegler
argues that the fall was caused as a result of the side
effects of a medication he was taking to treat his back
pain caused by his industrial injury.... (page 8) Dr.
Seltzer testified that Mr. Ziegler's conditions
proximately caused by the industrial injury were
resolved. In forming his opinion, Dr. Seltzer relied on
the results of an independent medical examination
performed by Dr. Rogge. Dr. Rogge opined that as a
result of the industrial event of October 28, 2014, Mr.
Ziegler had sustained an acute sprain that had
resolved. Dr. Rogge opined that Mr. Ziegler's current
complaints were the result of pre-existing degenerative
disc disease.... Mr. Ziegler has identified that he
would like an MRI performed but there is no evidence in
the record that a diagnostic MRI would be necessary and
proper treatment for Mr. Ziegler. PA Light testified
that he had requested several diagnostic tests for Mr.
Ziegler including an MRI and a neurological
consultation. PA Light testified that an MRI may be
necessary when there is persistent or clear
neurological issues that correlate with the history and
exam findings.... Though PA Light testified that he
would be in favor of an MRI if Labor and Industries
felt it was necessary, he did not express an ultimate
opinion as to whether an MRI was necessary treatment
for Mr. Ziegler's conditions caused by the industrial
event. The Board correctly determined that as of
November 1, 2016, Mr. Ziegler's conditions proximately
caused by the industrial injury were fixed and stable
and not entitled in further necessary and proper
treatment.

(5)

(56)

SUMMARY JUDGMENT STANDARDS AND APPLICATION

Anderson v. Liberty Lobby, Inc., 466 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986):

> At the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.

Before summary judgment can be properly entered the court is required to examine entire existing record and be able to conclude as a matter of law, "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party" and that "there is no genuine issue of fact for trial," Matsushita Electric Industrial Co. v. Zenith Radko Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356-57, 89 L.Ed.2d 538 (1986); cf., Newark Morning Ledger Co. v. U.S., 507 U.S. 546, 113 S.Ct. 1670, 123 L.Ed.2d 288 (1993)("Whether depreciable intangible assets can be separated from nondepreciable goodwill is question of fact"); Wagner v. State DHSS, 163 Wis.2d 269, 471 N.W.2d 269 (Wis. App. 1991)("Reasonable fact finder could find that lack of collectively closing day room door was substantial factor in causing jailer's injuries").

The scope of material facts at issue is diverse in nature, including but not limited to, questions concerning: negligence; scope of employment personage; liability through authorization; surrounding circumstances third party invitation; collective causation; depreciable intangible assets separation from nondepreciable goodwill; intent; credibility; discretion; all of which are questions for a

jury, when as here, jury trial has been demanded, precluding determination through summary judgment, and clearly Plaintiff has constitutional right to jury trial on the subject matter of this action and equitable interests interwoven interwoven therewith, cf., Tull v. United States, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 265 (1987).

A Court may not invade the province of the jury on question such as: McCormick v. U.S., 500 U.S. 257, 111 S.Ct. 1807, 114 L.Ed.2d 307 (1991)(Jury questions concerning intent); Goreger v. Hardtke, 156 Wis.2d 584, 482 N.W.2d 84 (Wis. 1992)(Jury questions concerning credibility); Westfall v. Erwin, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988)(Jury questions involving discretion); O'Connor v. Orgega, 480 U.S. 709, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987)(Matters concerning reasonableness of actor or moving force, in light of the surrounding circumstances); Brower v. Inyo County, 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989)(Questions for jury whether or not Defendant's conduct was a substantial factor in causing the complained of result); Waters v. Churchill, 511 U.S. 661, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994)(Jury questions concerning motivation behind complained of conduct, carried out by Defendants); Harris v. Fleming, 839 F.2d 1232 (7th Cir. 1988)(Jury questions whether or not retaliation was the moving force behind complained of conduct); Reeves v. Ernst & Young, 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993)(Questions concerning participation in complained of conduct, either

directly or indirectly); <u>Nationwide Mut. Ins. Co. v. Darden</u>, 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)(Jury questions concerning whether or not agency employee relationship exists in regard to complained of conduct alleged); <u>Crandon v. U.S.</u>, 494 U.S. 152, 110 S.Ct. 997, 108 L.Ed.2d 132 (1990)(Jury question concerning whether or not defendant was acting in employment status); <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)(Jury questions regarding whether or not defendant was acting within scope of employment); <u>Southwest Marine Inc. v. Cizoni</u>, 502 U.S. 81, 112 S.Ct. 486, 116 L.Ed.2d 2d 405 (1991)(Questions concerning whether or not defendant was acting in a type of "dual legal personage").

When as in this case, the genuine issues of material fact are intertwined with and are interdependent on other genuine issues of material facts and circumstances, in addition to the various material facts at issue regarding the legal personage of the involved individuals, "in determining whether material factual dispute exists on summary judgment motion, court views evidence through prism of the controlling legal standard," <u>Nebraska v. Wyoming</u>, 507 U.S. 584, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993)("Fact issues as to whether Wyoming's proposed construction of new storage reservoir on tributary of North Platte River qualified as ordinary and usual municipal use within meaning of prior decree apportioning North Platte waters and whether Wyoming would operate reservoir out of priority with rights granted

in decree precluded summary judgment in Nebraska's action challenging construction of reservoir"); McDermott Int'l., Inc. v. Wilander, 498 U.S. 337, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991)("If reasonable person, applying the proper legal standard, could differ as to whether the employee was member of a crew, it is a question for the jury"); Wooddell v. Intern. Broth. of Elec. Workers, 502 U.S. 93, 112 S.Ct. 484, 116 L.Ed.2d (1991)("Member of union was entitled to jury trial on his claim that local and it's officers discriminated against him to job referrals because of his opposition to proposed union policy"); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)("Tier of fact's rejection of employer's asserted legitimate, nondiscriminatory reasons for its challenged actions does not entitle employee to judgment as matter of law"); Teamsters v. Terry, 494 U.S. 558, 110 S.Ct. 1339, 109 L.Ed.2d 519 (1990)(Constitutional right to jury trial on all material facts at issue under the Seventh Amendment of the United States Constitution); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 476 U.S. 574, 106 S.Ct. 1348, 1356-57, 89 L.Ed.2d 538 (1986)(The court must view the facts in the light most favorable to the opposing party and must give that party the benefit of all reasonable inferences to be drawn from the facts and circumstances presented); Hewitt v. Helms, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)(The principle is that "in all civil litigation, the judicial decree is not the end but the means").

## IDENTIFICATION OF GENUINE MATERIAL FACTS AT ISSUE

(1) Defendant Department Labor and Industries has conceded that Plaintiff Jeffrey Ziegler was injured while working at SCCC Correctional Industries on 10/28/14; and that said work related injury is covered by Department of Labor and Industries; however Defendant claims that the injury sustained by Plaintiff on 10/28/14 is not causing any ongoing injury, raising three primary genuine material facts at issue of which must be resolved by a jury, when as here, jury trial has been requested by Plaintiff and granted by the Court, to wit:

    (A) The jury will have to determine whether or not Defendant complied with the requirements of Chapter 51.04 RCW such as whether or not Defendant prescribed, applied for and obtained a "Certificate of Coverage."

    (B) There is a material fact at issue regarding the extent and seriousness of Plaintiff's injury which is for the sole province of the jury.

    (C) Plaintiff claims ongoing substantial injury as identified and claimed in attached Declaration of Jeffrey Ziegler.

(2) Plaintiff has alleged that DOC medical staff compounded his 10/18/14 industrial injury by prescribing him medication for his 10/28/14 injury that caused him to sleep walk off his top bunk after DOC officials refused to provide Plaintiff a bottom bunk so that he did not injury himself worse by having to climb to a top bunk with his injured back; resulting in Plaintiff being injured further after they placed him in the SCCC Hospital as described in attached Declaration of Jeffrey Ziegler; raising numerous material facts at issue, including but not limited to:

    (D) Were DOC medical personnel acting in concert with Correctional Industries in attempting to minimize and/or conceal the extent of Plaintiff's injuries, possibly at the direction of their DOC superiors because DOC superiors knew that Correctional Industries had not complied with insurance coverage mandates of the Department of Labor and Industries.

    (E) Did the Washington Attorney Generals Office knowingly pretend that Plaintiffs work injuries on 10/28/14 were lawfully covered by the Department of Labor and Industries to protect Correctional Industries from civil lawsuit because being licensed as a "municipality" deprives Correctional Industries of Eleventh Amendment Immunity and valid representation by the Washington Attorney Generals Office.

Page 1            (10)

(F) Does Assistant Attorney General Jones' have an inherent conflict of interest by defending the Department of Labor and Industries while seeking to protect the DOC medical staff at SCCC.

(G) Genuine material facts at issue exist as to whether or not Plaintiff's 10/18/14 back injury was a proximate cause in Plaintiff sustaining aggravating injuries to his back; and what portion of Plaintiff's current substantial injuries, pain and suffering, should be attributed to Correctional Industries, the Department of Labor and Industries, DOC policies and/or DOC-SCCC employee's conduct.

(3) Several material facts are at issue regarding the proximate causation implications of the procedural irregularities such as failure to appoint counsel, refusal to allow lay advocate communication at crucial times during the Department of Labor and Industries proceedings orchestrated by Defendant Labor and Industries' lawyer which was and is Assistant Attorney General Jones, when as here, the "declaration of police power," RCW 51.04.010, prevented Plaintiff Ziegler from filing a customary lawsuit and forced him to proceed against Defendant Department of Labor and Industries in spite of his ADA legal disabilities; raising additional material facts at issue, including but not limited to:

(H) Genuine material facts at issue regarding "legal personage" of various involved medical prison officials concerning their functionary conduct along with whether or not they properly sought representation by Attorney General under DOC 130.200 and whether or not challenged conduct is attributed to conflicting interests.

(I) Whether or not the procedural irregularities identified above were part of an agreement to violate Plaintiff's clearly established statutory and constitutional rights, inter alia, involved persons knew Plaintiff had ADA legal competence disabilities and preyed thereon.

(J) Genuine material facts at issue exist based on whether or not RCW 51.04.010 deprived Plaintiff of his First, Fifth, and Fourteenth Amendment rights to file a lawsuit against Correctional Industries.

(K) Genuine material facts at issue exist regarding whether or not Plaintiff suffered injury as a result of the Washington Attorney Generals Office representing Defendant violating the spirit and intent of RCW 51.04.010, "sure and certain relief for workers, injured in their work ... regardless of questions of fault and to the exclusion of every other remedy....

Page 2                        (11)

                                      (62)

CHALLENGES TO LABOR AND INDUSTRY JURISDICTION

RCW 51.04.010 is unconstitutional on its face under the overbreadth doctrine and unconstitutional as applied in this case, because it mandates exclusive jurisdiction to the Department of Labor and Industries, even when an employer has not prescribed, applied for, and obtained a Certificate of Coverage, adversely affecting the standing of an employee, see RCW 51.04.010 Declaration of police power -Jurisdiction of courts abolished.

> The welfare of the state depends upon its industries, and even more upon the welfare of its wage worker. The State of Washington, therefor, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.

The Director of the Department of Labor and Industries has established "the amounts to be paid into and out of the accident fund," however, SCCC Correctional Industries does not pay into said accident fund for CI Class II workers who only receive gratuities for their labor, see RCW 51.04.020 Powers and duties.

> The director shall:
> (1) Establish and adopt rules governing the administration of this title;
> (2) Ascertain and establish the amounts to be paid into and out of the accident fund;
> (3) Regulate the proof of accident and extent thereof, the proof of death and the proof of relationship and the extent of dependency.

Page 1                    (12)                    (63)

Because Correctional Industries does not pay into the RCW 51.04.020 and did not obtain the required RCW 51.04.120 Certificate of Coverage, the Department of Labor and Industries is not implicated and has no jurisdiction over Correctional Industries Class II Inmate claims, see RCW 51.04.090 Effect of adjudication of applicability.

> If any employer shall be adjudicated to be outside the lawful scope of this title, the title shall not apply to him or her or his or her worker, or if any worker shall be adjudicated to be outside the lawful scope of this title because of remoteness of his or her work from the hazard of his or her employer's work, any such adjudication shall not impair the validity of this title in other respects, and in every such case an accounting in accordance with the justice of the case shall be had of moneys received. If the provisions of the creation of the accident fund, or the provisions of the title making the compensation to the worker provided in it exclusive of any other remedy on the part of the worker shall be held invalid the entire title shall be thereby invalidated. In other respects an adjudication of invalidity of any part of this title shall not affect the validity of the title as a whole or any other part thereof.

SCCC Correctional Industries failure to comply with RCW 51.04.120, simply renders any employee claims of injury at work not cognizable under the jurisdiction of the Department of Labor and Industries, see RCW 51.04.120 Certificate of coverage required - Contents.

> Any employer other than a self-insurer subject to this title shall, under such rules as the department shall prescribe, apply for and obtain from the department a certificate of coverage. The certificate shall be personal and nontrasferable and shall be valid as long as the employer continues in business and pays the taxes due the state. In case the employer maintains more than one place of business, a separate certificate of coverage for each place at which business is transacted shall be required. Each certificate shall be numbered and shall show the name, residence, and place and character of business of the employer and such other information as the department deems necessary and

Page 2                      (13)

shall be posted conspicuously at the place of business for which it is issued. Where a place of business of the employer is changed, the employer must notify the department within thirty days of the new address and a new certificate shall be issued for the new place of business. No employer may engage in any business for which taxes are due under this title without having a certificate of coverage in compliance with this section, except that the department, by general rule, may provide for the issuance of a certificate of coverage to employers with temporary places of business.

In this case, it appears that the Attorney Generals Office is attempting to use the exclusivity of RCW 51.04.010 "Declaration of Police power," to defend against the resulting unconstitutional conduct by prison officials such as proximately caused resulting injury in a chain of actionable events, a portion of which may be impaired resulting from the dictates of RCW 51.04.010, potentially rasing res judicata ramifications, see:

In Windsor v. McVeigh, 93 U.S. 274, ___ S.Ct. ___, 23 L.Ed. 914 (1876):

Wherever one assailed in his person or his property, there he may defend, for the liability and the right are inseparable. This is a principle of natural justice, recognized as such by the common intelligence and conscience of all nations.

Daniels v. Williams, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986):

The Fourteenth Amendment confers both substantive and procedural rights ... the words "by the law of the Land" from the magna Carta were intended to secure the individual from arbitrary exercise of powers of government.

Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988):

Question of inherent prejudice arise when it is contended that a procedure employed by the State involves such a probability that prejudice will result that it is deemed inherently lacking in due process.

Although a determination as to whether or not RCW 51.04.120 "Certificate of Coverage required," was complied with by Correctional Industries, i.e., "shall prescribe, apply for and obtain from the department a certificate of coverage ... and shall be posted conspicuously," is a genuine material of fact to be resolved by the jury, see: Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979):

> The question whether a litigant has a cause of action is analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive.

the legal consequence of failing to comply with RCW 51.04.120 is a legal question, that gives rise as to whether or not subject matter jurisdiction exists, a legal question that must be resolved before the Court proceeds, that depends initially on the mandatory term of "shall" found in RCW 51.04.120, which is a procedural due process jurisdictional fact at issue, see: Finch v. United States, 433 U.S. 676, 97 S.Ct. 2909, 52 L.Ed.2d 1048 (1977):

> Here, as in Wilson, it is easy to separate factual resolutions from determinations of law. No additional fact must be found.... the only determination to be made is a legal one.

Hallstrom v. Tillamook County, 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989)(The term "shall" is mandatory)

Keene Corp. v. U.S., 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993)("Shall is mandatory and jurisdictional")

Miller v. French, 530 U.S. 327, 337, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000):

> Holding a contrary interpretation of "shall" would subvert the plain meaning of the statute making its mandatory language merely permissive.

(15)

(66)

The unavoidable legal consequence of non-compliance with RCW 51.04.120 or other mandatory provision of Chapter 51.04 RCW, is that this Court lacks subject matter jurisdiction to proceed, a legal question that cannot be waived and can be raised at any point in the proceedings, see:

Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974):

> It is the Constitution of the United States that mandates both to federal and state courts, that when as here, the jurisdiction of a court is challenged, it must be proven.

State v. Brennan, 76 Wn.App. 347, 884 P.2d 1343 (1994):

> It is well established that a party may challenge a court's subject matter jurisdiction at any time. See, e.g., Boeing Co. v. Sierracin Corp., 108 Wn.2d 38, 49, 738 P.2d 662 (1987); McIntosh v. Nafzinger, 69 Wn.App. 906 n. 4, 851 P.2d 713 (1993). Moreover a judgment rendered by a court lacking jurisdiction is void ab initio and is legally no judgment at all. Wesley v. Schneckloth, 55 Wn.2d 90, 93-94, 346 P.2d 658 (1959).

Jackson v. Consolidated Rail Corp., 717 F.2d 1045 (1983) cert. denied, 104 S.Ct. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976):

> The general rule is that subject matter jurisdiction may be challenged by a party or raised sua sponte by the court at any point in the proceedings.... Though neither party has questioned the jurisdiction of the Court of Appeals to entertain the appeal, we are obliged to do so on our own motion, if a question thereto exists. Mansfield Coldwater & Lake Michigan R. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884).

Gonzalez v. Thaler, 565 U.S. 134, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012):

> When a requirement goes to subject-matter jurisdiction courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented. Subject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety, many months of work on the part of the attorneys and the court may be wasted.

(16)

(67)

## CONCLUSION

As clearly and conclusively evidenced above, there are numerous existing genuine material facts at issue, however, several standing, subject matter jurisdiction and lack of competency to exercise jurisdiction over the subject matter questions have been presented, and as matter of law, this Court must address said jurisdictional questions before proceeding on the merits, Capron v. Van Noordan, 6 U.S. (2 Cranch) 126, 127, 2 L.Ed. 229 (1804)("Here it was the duty of the court to see that they had jurisdiction, for the consent of the parties could not give it"); Lexecon v. Milberg Weiss Bershad Rynes & Lerach, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998)("The mandatory 'shall' ... normally creates an obligation impervious to judicial discretion").

## RELIEF SOUGHT

Plaintiff Jeffrey Ziegler prays this Grays Harbor County Superior Court will order a briefing schedule to address the herein presented jurisdictional questions; and then make a comprehensive finding of fact and conclusions of law so that adequate appellate review can be had, if necessary.

Plaintiff Ziegler further prays this Court will stay Motion for Summary Judgment proceedings until the herein presented jurisdictional questions have been adjudicated.

Dated this 20th day of January, 2020.

Respectfully submitted,

By: _____

JEFFREY ZIEGLER

(68)

STATE OF WASHINGTON )
                     )ss:    DECLARATION OF JEFFREY ZIEGLER
GRAYS HARBOR COUNTY )

I, Jeffrey Ziegler, hereby declare being aware of penalties for perjury and the laws of the State of Washington, that the following is true and correct, based on my personal knowledge and/or information and belief.

(1) Prior to Plaintiff Jeffrey Ziegler's Correctional Industries mid-back injuries and proximately caused neck and lower back injuries, Plaintiff Ziegler was able to work heavy duty jobs on snow crew at AHCC, was able to work on heavy duty job as sidewalk porter/master gardener at AHCC, and also prior to said Correctional Industries injury on 10/28/14 Plaintiff Ziegler was able to work at SCCC Correctional Industries doing a very heavy duty job, but now, due to all injuries related to said 10/28/14 injury, Plaintiff Ziegler is only able to work in ADA limited mobility jobs and only with assistance of medical equipment.

(2) Due to medical deliberate indifference by P.A. Light who refused Plaintiff's request to issue a lower bunk Health Service Request, and the medication that was prescribed for said industrial injury, Plaintiff sleep walked off the top bunk into a chair which resulted in further aggravation of injuries as verifiable by Grays Harbor Hospital medical reports and continued treatment by SCCC medical providers; culminating in P.A. Bangs placing Plaintiff on renewed Oxycodone, and other medication.

(3) WA State Employees (i.e., WA DOC Medical, WA Dep't of L&I, WA State Attorney Generals Office) have all acted in concert to prevent Plaintiff from receiving proper diagnostics through MRI and outside medical providers, playing this game of well "if the Dep't wants to pay for it then it will be provided."

(4) The Departments medical expert Dr. Seltzer testified he relied on "results of ... Dr. Rogge," and Dr. Seltzer was limited by A.G. Pierini's not providing him with all the necessary MRI procedure, x-rays, extensive medical reports thereby handicapping Dr. Seltzer's ability to ascertain my medical condition.

(5) Irregularities in the proceedings include, but are not limited to: (1) not providing/allowing mediation; (2) blocking and disallowing available and crucial witnesses; (3) refusing to allow consultation with lay counsel during depositions resulting in facts and testimonials to be misconstrued erroneously and/or flat wrong causing substantial prejudice; (4) refusal to consider all of the evidence and exhibits as is required by due process and equal protection under the law.

Page 1                                                            (69)

(6) SCCC Correctional Industries, Washington Labor and Industries, Washington Attorney Generals Office, and all other involved individuals have caused me unnecessary protracted suffering by leaving me in daily intractable pain for several years now. Prior to 10/28/14 back injury misdiagnosis and resulting aggravation resulting in neck and lower back injury I was able to accept work as full time on sidewalk/snow crew worker and master gardener for complete courtyard, law library/education/infirmary/front entrance gardens at Airway Heights in Washington which receives several feet of snow a year, and is extremely hard labor intensive work. Since the 10/28/18 Correctional Industries injury and resulting aggravation of sustained back injury, I now suffer pinched nerve pain with tingling, burning, numbness from below neck through shoulder, through arms in hands and fingers, as well as burning, numbness, tingling from lower thoracics through hips down legs into feet and toes permanently preventing me from being able to get any jobs except for ADA limited mobility jobs.

(7) Stafford Creek Corrections Center medical providers in addition to all involved Washington State Employees, in attempt to save money and avoid responsibility, at my expense, did not put me on proper nerve pain medications but instead increased current medication of Cymbalta against Dr. Furst's observations; which did in fact cause sleep walking off top bunk and DOC medical provider refused to issue me a lower bunk HSR as as celly Oliver Weaver had caught me sleep walking off bunk twice previous to my request; culminating in a chain of connected events where certified nursing assistant Tammy Schooley-Eskotee broke my ribs 5-10 on top of busted rib 11 by not reading medical records prior to her taking issued walker away, by putting a strap across clearly bruised chest and dragging me around the infirmary despite being told by me that she was causing excruciating intractable pain.

(8) I am now only able to work very light duty sedentary jobs instead of such higher paying Correctional Industries jobs and I have to have assistance of medical devices equipment such as a cane and sometimes a walker to be able to walk, get up, sit down, and am in intractable pain daily impacting my activities of daily living. If I had been given the normal standard of care, such as a standard MRI, and treated like an actual person, I would not have been prematurely released back into medium duty work industry resulting in aggravating my injuries causing burning numbness, tingling through shoulders down through my arms into my hands and fingers from, caused by involved person trying to protect against me obtaining adequate care, relief and redress for my back injuries suffered on 10/28/14.

Dated this 17th day of January, 2020.

SWORN TO BY: _JEFFREY ZIEGLER_

(70)



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
PO Box 40121 • Olympia WA  98504-0121 • (360) 586-7707

February 27, 2020

Jeffrey Ziegler
Department of Corrections 886970
Stafford Creek Correctional Center
191 Constantine Way
Aberdeen, WA  98520-9504

RE:    ***Ziegler, Jeffrey S. vs. Dep't Of Labor & Indus.***
       **Claim No. AQ-45982**
       **Superior Court Case No.  19-2-00108-14**

Dear Mr. Ziegler:

Enclosed please find copies of the Department's Reply to Mr. Ziegler's Response to the Motion for Summary Judgment, and the Department's Response to Plaintiff's Motion for a Lay Advocate. Both of these documents have been sent to Grays Harbor Clerk's office for filing with the court.

If you should have any questions, please do not hesitate to call.

Sincerely,

MARY L. STREET
Legal Assistant
(360) 586-7756

Enclosures

(71)



1

2

3

4

5

6                                    The Honorable David L. Mistachkin
                                          Hearing Date: 3/9/2020
                                          Hearing Time: 1:30 PM
                                    Hearing Location: Superior Court

7            SUPERIOR COURT OF WASHINGTON
                FOR GRAYS HARBOR COUNTY

8    ZIEGLER, JEFFREY S.,                    No. 19-2-00108-14

9              Plaintiff,                    DEPARTMENT'S REPLY TO
                                             MR. ZIEGLER'S RESPONSE TO
10       v.                                  THE MOTION FOR SUMMARY
                                             JUDGMENT
11   DEP'T OF LABOR & INDUS.,

12             Defendant.

13

14                 I.    INTRODUCTION

15       This court should grant the Department's motion and affirm the decision of the Board.

16   A motion for summary judgment should be granted if, after looking at all the evidence,

17   reasonable persons could only reach one conclusion. *Nationwide Mutual Fire insurance co., v.*

18   *Watson*, 120 Wn.2d 178, 840 P.2d 851 (1992). Here, the Board order should be affirmed because

19   the only competent medical evidence in this case supports that Mr. Ziegler's industrial injury

20   caused only a back sprain and that he is not in need of additional treatment. Additionally, no

21   prejudicial procedural defects occurred at the Board.

22                 II.    ARGUMENT

23   **A.    There is No Issue of Material Fact**

24       Under the Industrial Insurance act, a party may be eligible for benefits for conditions

25   proximately caused by the industrial injury. Both the causal relationship and the need for

26   necessary treatment for an industrially related condition must be established by medical

27   DEPARTMENT'S REPLY TO                      1        ATTORNEY GENERAL OF WASHINGTON
     MR. ZIEGLER'S RESPONSE TO THE                              Labor & Industries Division
     MOTION FOR SUMMARY JUDGMENT                                      PO Box 40121
                                                                Olympia, WA  98504-0121
                                                                     (360) 586-7707
                                                                 Fax No (360) 586-7717

(72)

1  testimony. *Parr v. Dep't of Labor & Indus.*, 46 Wn.2d 144, 278 P.2d 666 (1955). *Chalmers v.*

2  *Dep't of Labor & Indus.*, 72 Wn.2d 595, 602, 434 P.2d 720 (1967). Medical testimony must

3  establish causation on a more *probable* than not basis; testimony that the industrial injury

4  *possibly* caused the condition is not sufficient. *Chalmers v. Dep't of Labor & Indus.*, 72 Wn.2d

5  595, 602, 434 P.2d 720 (1967). No issue of material fact exists because there is no evidence on a

6  more probable than not basis that Mr. Ziegler sustained more than a back sprain or is in need of

7  additional treatment. Though Mr. Ziegler makes many assertions about his medical needs and the

8  testimony of his own witnesses, these assertions are not supported by the Board Record and

9  should be disregarded. RCW 51.52.115.

10  **B.    There Were No Prejudicial Procedural Defects During the Board Hearing**

11       Mr. Ziegler alleges several structural errors occurred at the Board hearings including that

12  he was denied: (1) mediation, (2) subpoenaed witnesses, (3) consultation with a lay advocate and

13  (4) appointment of an attorney under GR 33. These claims are without merit.

14       First, there is no right to meditation. Second, the IAJ issued several subpoenas to a

15  multitude of witnesses at the request of Mr. Ziegler. In addition to his own testimony,

16  Mr. Ziegler was permitted to present the testimony of three lay witness and three medical

17  witnesses with the assistance of subpoenas issued by the Industrial Appeals Judge (IAJ). Indeed,

18  Mr. Ziegler agreed to limit his medical witnesses to three in an agreement with the Department.

19  AR 1247. Third, Mr. Ziegler was permitted to have his mother, Retta Farr, represent him as a lay

20  representative pursuant to the Board's rules. Mr. Ziegler then asked to have Ms. Farr withdrawn

21  from representation and she was. While Ms. Farr was acting as representative, Mr. Ziegler was

22  permitted to confer with her during the hearing. The IAJ did require Mr. Ziegler to wait to confer

23  with Ms. Farr to facilitate the presentation of evidence. Fourth, there is no right to an attorney in

24  civil matters. Other accommodations were made by the Board to facilitate the presentation of

25  Mr. Ziegler's case.

26                                                                      **( 73 )**

27

DEPARTMENT'S REPLY TO                    2                    ATTORNEY GENERAL OF WASHINGTON
MR. ZIEGLER'S RESPONSE TO THE                                        Labor & Industries Division
MOTION FOR SUMMARY JUDGMENT                                              PO Box 40121
                                                                    Olympia, WA  98504-0121
                                                                          (360) 586-7707
                                                                       Fax No (360) 586-7717

1    Even if Mr. Ziegler were denied the things he claims he was denied, the denials did not

2   result in prejudice to Mr. Ziegler. Mr. Ziegler was permitted to present evidence across four

3   separate days of hearing. In addition to presenting his own testimony, Mr. Ziegler was permitted

4   to present the testimony of three lay witnesses and three medical professionals. Any failure to

5   effectively present a case was not the result of errors in the proceedings.

6                              **III.    CONCLUSION**

7       The Department's motion should be granted as there is no issue of material fact in this

8   case. No prejudicial procedural defects occurred at the Board warranting a remand.

9

10      DATED this 26 day of February, 2020.

11                                      ROBERT W. FERGUSON
                                        Attorney General
12

13
                                        JORDYN JONES, WSBA No. 52648
14                                      Assistant Attorney General
                                        Attorneys for Department
15                                      (360) 586-3435

16

17

18

19

20

21

22

23

24

25

26                                                          **(74)**

DEPARTMENT'S REPLY TO                        3                ATTORNEY GENERAL OF WASHINGTON
MR. ZIEGLER'S RESPONSE TO THE                                      Labor & Industries Division
MOTION FOR SUMMARY JUDGMENT                                              PO Box 40121
                                                                   Olympia, WA  98504-0121
                                                                        (360) 586-7707
                                                                     Fax: (360) 586-7717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document on all parties or their counsel of record on the date below as follows:

☒ Via Federal Express, Priority Overnight,

    Court Clerk
    Grays Harbor County Superior Court
    102 West Broadway Suite 203
    Montesano, WA 98563

☒ Via U.S. Certified Mail, Return Receipt Requested, and postage prepaid, to:

    Jeffrey Ziegler
    Department of Corrections 886970
    Stafford Creek Correctional Center
    191 Constantine Way
    Aberdeen, WA  98520-9504

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 27th day of February, 2020, at Tumwater, Washington.

                                  _MARY L. STREET_
                                  MARY L. STREET
                                  Legal Assistant 3
                                  (360) 586-7756

**(75)**

DEPARTMENT'S REPLY TO
MR. ZIEGLER'S RESPONSE TO THE
MOTION FOR SUMMARY JUDGMENT

4

ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
PO Box 40121
Olympia, WA  98504-0121
(360) 586-7707
Fax No (360) 586-7717

COPY

1
2
3
4
5
6

<div align="right">
The Honorable David L. Mistachkin<br>
Hearing Date: 3/9/2020<br>
Hearing Time: 1:30 PM<br>
Hearing Location: Superior Court
</div>

7

**SUPERIOR COURT OF WASHINGTON**
**FOR GRAYS HARBOR COUNTY**

8

ZIEGLER, JEFFREY S.,

9                    Plaintiff,

10      v.

11   DEP'T OF LABOR & INDUS.,

12                    Defendant.

No. 19-2-00108-14

DEPARTMENT'S RESPONSE TO
PLAINTIFF'S MOTION FOR A LAY
ADVOCATE

13

14      On January 13, 2020, the Department received Mr. Ziegler's *Motion for Lay Advocacy As*

15   *Per WAC 263-12-020*, a *Lay Advocate's Comments in Support of Motion for Lay Advocacy*,

16   *Motion to Stay Proceedings Until Jurisdictional Questions Have Been Adjudicated* and

17   accompanying *Declaration of Jeffery Ziegler*. These motions have not been noted for hearing.

18      The Department objects to Mr. Ziegler's request for a lay advocate. There is no authority

19   for the Court to permit lay advocate representation. WAC 263-12-020 controls the appearances

20   of parties before the Board of Industrial Insurance Appeals. This Court has already denied

21   Mr. Ziegler's request for an appointed attorney in this matter because there is no right to counsel

22   in civil matters. Indeed, what Mr. Ziegler seeks is illegal. RCW 2.48.180 defines the crime of

23   unlawful practice of law for the State of Washington.

24      The Department asks the court to reject the *Lay Advocate's Comment in Support of*

25   *Motion for Lay Advocacy* authored by Alvin Hegge. Mr. Hegge is not a party to this appeal.

26   Mr. Hegge is also not an attorney barred in Washington State and authorized to practice law in

27   the State Superior Courts. No authority exists to allow Mr. Hegge to participate in this action as a

DEPARTMENT'S RESPONSE TO                    1
PLAINTIFF'S MOTION FOR A LAY
ADVOCATE

<div align="right">
ATTORNEY GENERAL OF WASHINGTON<br>
Labor & Industries Division (76)<br>
PO Box 40121<br>
Olympia, WA 98504-0121<br>
(360) 586-7707<br>
Fax No (360) 586-7717
</div>

1  lay representative nor has the court recognized him as such. Therefore this pleading should be

2  rejected.

3

4       DATED this ___26___ day of February, 2020.

5                                   ROBERT W. FERGUSON

6                                   Attorney General

7

8                                   JORDYN JONES, WSBA No. 52648

                                 Assistant Attorney General

9                                   Attorneys for Department

                                 (360) 586-3435

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                 **(77)**

27

DEPARTMENT'S RESPONSE TO        2        ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S MOTION FOR A LAY                     Labor & Industries Division
ADVOCATE                                 PO Box 40121
                                      Olympia, WA  98504-0121
                                      (360) 586-7707
                                     Fax No (360) 586-7717

LOG I.D. NUMBER/NUM. DE REGISTRO
**17629884**



Department of
**Corrections**
WASHINGTON STATE

**LEVEL I - INITIAL GRIEVANCE**
***NIVEL 1 - QUEJA INICIAL***

| Name:<br>*NOMBRE:* | Last<br>*APELLIDO* | First<br>*PRIMERO NOMBRE* | Middle<br>*2DO NOMBRE* | DOC Number<br>*NUMERO DOC* | Facility/Office<br>*FACILIDAD* | Unit/Cell<br>*UNIDAD/CELDA* |
|---|---|---|---|---|---|---|
| | Ziegler | Jeffrey | S. | 886970 | SCCC | H3-50 |

| PART A - INITIAL GRIEVANCE/*PARTE A - QUEJA INICIAL* | Date Typed 4/10/17 | Date Due |
|---|---|---|

**I WANT TO GRIEVE / *QUIERO QUEJARME DE:*** Mr. Dahne is incorrect: I specifically told him in the SCCC infirmary that, "This is not resolved" just because PA Light arrived and approved walker use." This grievance is specifically about the actions of infirmary staff who did no re medical file and become familiar with my limitations in regards to neck, arms, back and recent injury which turned out to be multiple broken or fractured ribs. I told nurse that I has twisted my back and badly bruised hip and had previous C.I. mid-bac injury. She stated, "you can walk without walker, you only have 1 broken rib near waist." She prohibited me from using walker, placed a thick straparound my chest and under my armpit across bruised broken ribs and proceeded to drag me down hall by ribs as witnessed by both infirmary C.O.'s. Previous to all this, she came into my room screaming at me and telling me I was going to be doing laps around infirmary as "H3 was a far place to walk to and from." And she took my bible cover, qrtrly package food items, my spork, and cervical pillow cvr.
**SUGGESTED REMEDY / *REMEDIO SUGERIDO:*** SCCC infirmary staff should be sent for retraining and taught the standards for treatment of incarcerated persons; as when I said, "you are not an officer." You don't have the right to drag me mr ribs, she repeatedly states yes, I am. I am a yellow badge"

| /s/ D. Dahne | 4/10/17 | /s/ Jeffrey Ziegler | 4/10/17 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*FIRMA DE COORDINADOR DE QUEJAS* | Date<br>*FECHA* | Grievant Signature<br>*FIRMA DE QUEJANTE* | Date<br>*FECHA* |

| PART B - LEVEL I RESPONSE / *PARTE B RESPUESTA PRIMER NIVEL* |
|---|

You were interviewed by GC Dahne HSM1 Parris investigated & reviewed your medical file, OMNI-HS, RN Roberts, CNA Schooley, and C/O Downey. The following are facts regarding your claim that you did not receive proper medical care while in the Stafford Creek Corrections Center (SCCC) In Patient Unit (IPU). You were transported to Grays Harbor Community Hospital (GHCH) Emergency Department (ED) on March 24, 2017, arriving at 0650. At 0722 a Radiographic Image of your right ribs were taken and it was reported that you had a fracture of the right lateral 11th rib. You were discharged from GHCH ED and admitted to the SCCC IPU on March 24, 2017, at 1410. The admitting diagnosis was: Rib fracture secondary to fall. The orders included Activity: Up ad lib. In addition to the incentive spirometer activities, such as walking within the unit, are encouraged to help prevent pneumonia and blood clots.

It was documented that on March 27, 2017 at 2030 you walked slowly with assistance for 1 lap. At 0830 on March 28, 2017, CNA Schooley provided assistance with you walking in the unit. As it had been documented by the hospital that you had a single rib fracture at #11, and per her nursing discretion for your safety as you were unsteady on your feet, a gait belt was placed around your upper chest/directly under the arm pits as a preventative measure to provide assistance in the event of a fall. Two hours later at 1030 CNA Schooley again used the gait belt to provide assistance with you walking and after 1 lap you refused to walk any further. At 1225 you were seen by your medical provider and who discussed instead using a walker to provide assistance moving forward with walking activities. It was not until April 3, 2017, when new radiographic images were taken at SCCC, that it was identified that ribs #5 through #11 were fractured. Based on the information available at the time care was being provided to you and based on your collaboration it was adjusted by the medical provider to promote rehabilitation.

You are on a Gluten Free Diet. After patients have completed eating their meals, any remaining food that was not consumed will be removed from the cell and disposed of. You are able to retain your spork for future use. C/O Downey has denied removing any property from your room as she would have completed a property disposition form and search report. Please continue to work with your unit provider as they are in the best position to assist you with your medical needs.

| D Dahne | 4/21/17 |
|---|---|
| Grievance Coordinator Signature<br>*COORDINADOR DE QUEJAS* | Date<br>*FECHA* |

You may appeal this response by submitting a written appeal to the Coordinator within five (5) working days from date this response was received. *Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.*

**1820**

Distribution: Grievance Program Manager/*Gerente del Programa de Quejas,* Grievance Coordinator/*Coordinador de Queja,* Grievant/*Quejante*
DOC 05-166 E/S (Rev. 04/01/14)
DOC 560.100

(78)



*Confidential Offender Copy*

**Department of Corrections**
WASHINGTON STATE

| LOG I.D. NUMBER |
| --- |
| 17629884 |

**APPEAL TO LEVEL II**
**APELACIÓN AL 2DO NIVEL**

| Name: NOMBRE: | Last APELLIDO | First PRIMERO NOMBRE | Middle 2DO NOMBRE | DOC Number NUMERO DOC | Facility/FACILIDAD Office | Unit/Cell UNIDAD/CELDA |
| --- | --- | --- | --- | --- | --- | --- |
| | Ziegler | Jeffrey | S. | 886970 | SCCC | H3-50 |

| PART A – INITIAL GRIEVANCE/PARTE A - QUEJA INICIAL | Date Typed 5/2/17 | Date Due |
| --- | --- | --- |

**I WANT TO APPEAL:** (1) This is an official Misconduct report against CAN Schooley, whom was the perpetrator in physical abuse and verbal abuse beginning March 28th, 2017 @ apprx 8:30pm thru 10:30pm by use of "unauthorized" use of gait belt across fractured ribs which was clear obvious by extreme bruising in shape of chair from right hip to right underarm; which I showed her; and told her; CAN Schooley, about; she "didn't care!" (2) CAN Schooley "did not" have prior approval to take away use of walker, as again CAN Schooley "did not" read medical records showing current treatment of C.I. Injury to Mid-back throaslc T8-T12 which CAN Schooley was again verbally informed of; to which she responded, "you don't need a walker to walk, and you are not using a walker." Upon which time she took away walker saying, "you are not getting walker upon release." (3) I repeated told CAN Schooley to "not" pull strap across my severely bruised ribs you are severely hurting me." Schooley responded, "you are walking, and stop with the tears." P.A. light never authozied "forced walking." RN3 did not authorize either. (4) C/O Downy did not take personal property, CAN Schooley did; C/O Downey is "not" a party to complaint; nor is other infirmary staff except RN3 Supr Newton who, specifically told me, "Schooley did not have authorization to use strap." (5) Keith Parris also said, "I will look into this." As did Superintendent, I & I, etc. (6) CAN Schooley; "I left infirmary due to her actions; but then had to medical emergency come back in; due to severe chest pain on 4-4-17 (6) CAN Schooley displayed complete deliberate indifference to clear & obvious pain!
**SUGGESTED REMEDY:**

| /s/ D. Dahne | 5/2/17 | /s/ Jeffrey Ziegler | 5/2/17 |
| --- | --- | --- | --- |
| Grievance Coordinator Signature FIRMA DE COORDINADOR DE QUEJAS | Date FECHA | Grievant Signature FIRMA DE QUEJANTE | Date FECHA |

| PART B –LEVEL II RESPONSE/PARTE B RESPUESTA 2DO NIVEL |
| --- |

The level 2 grievance was completed by Shane L. Evans HSM 2 at SCCC, Mr. Evans reports he reviewed the medical chart, discussed issue with IPU staff and provider, and interviewed you on 5/18/17. He reports the level 1 response was exact and accurate in its findings. He also states the comments that IPU staff did not have authorization to use necessary safety precautions to include a gait belt or the need to move frequently to avoid blood clots could not be corroborated. In fact, these are the core recommendations for the particular injury you sustained. He reports it was determined due to other issues, a walker would be more appropriate for your particular case to ensure you remained mobile. Mr. Evans reports no access to care issues nor could inappropriate actions on the part of IPU medical staff be supported. With these findings in mind, Mr. Evans supports the level 1 response and recommends you continue to work with provider to ensure overall health.

Superintendent Margaret Gilbert    *Margaret Gilbert*    5/23/17
Superintendent, Work Release Supervisor, Field Administrator Signature    Date
SUPERINTENDENTE    FECHA

You may appeal this response by submitting a written appeal to the coordinator within five (5) working days from date this response was received. Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.

Distribution    Grievance Program Manager-Gerente del Programa de Quejas,  Grievance Coordinator-Coordinador de Queja,  Grievant-Quejante
DOC 05-166 E/S (Rev. 02/23/16)    DOC 550.100

(79)

LOG I.D. NUMBER/*NUM. DE REGISTRO*
**17630353**



Department of
**Corrections**
WASHINGTON STATE

*Confidential*
*Offender Copy*

**LEVEL I - INITIAL GRIEVANCE**
*NIVEL 1 - QUEJA INICIAL*

| Name:<br>*NOMBRE:* | Last<br>*APELLIDO* | First<br>*PRIMERO NOMBRE* | Middle<br>*2DO NOMBRE* | DOC Number<br>*NUMERO DOC* | Facility/Office<br>*FACILIDAD* | Unit/Cell<br>*UNIDAD/CELDA* |
|---|---|---|---|---|---|---|
| | Ziegler | Jeffrey | S. | 886970 | SCCC | H3-50 |

**PART A - INITIAL GRIEVANCE/*PARTE A - QUEJA INICIAL***    Date Typed   4/17/17    Date Due

**I WANT TO GRIEVE / *QUIERO QUEJARME DE:*** Nurse Schooley threatening me abusively, verbally & to infract me for speaking against ??? 6AM Nurse Schooley came into 2013b whole I am again after leaving infirmary because of her behavior previously in which she vileally and physically ?? assaulted me with strap across my chest and broken ribs. Nurse Schooley yelling at me telling I am going to do exactly everything she told me to do despite my alleged limitations. She and her companion Nurse (short, brunette) said they were going to force me to walk several times – PA Light's orders. 6:45 Nurse Supervisor Newton talked with me – she said she would address nurses behavior. That viobal & physical threats would stop. Schooley & Newton escorted me to x-ray professionally. After Newton's assurance I withdrew emerg grieve to initial and placed in box – used phone & walked to ?? chest hurt so laid down – 10:40 Nurse Schooley came in said stool sample and urine ??? was professional 10:38 Schooley stated aloud  laugh & threats ... ?? 10:45 Schooley lost her cool when I told her chest was hurting walking at lunch

**SUGGESTED REMEDY / *REMEDIO SUGERIDO:***

| /s/ D. Dahne | 4/17/17 | /s/ Jeffrey Ziegler | 4/17/17 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*FIRMA DE COORDINADOR DE QUEJAS* | Date<br>*FECHA* | Grievant Signature<br>*FIRMA DE QUEJANTE* | Date<br>*FECHA* |

**PART B - LEVEL I RESPONSE/*PARTE B RESPUESTA PRIMER NIVEL***

GC Dahne interviewed you and HSM1 Parris investigated and reviewed your medical file, OMNI-HS, interviewed CNA Schooley, RN2 Roberts, and RN3 Newton. The following are ~~facts~~ regarding your claim that you were verbally and physically abused by staff. On March 24, 2017, a radiographic image of your right ribs was taken and it was reported that you had a fracture of the right lateral 11th rib. Another radiographic image was taken on April 3, 2017, and it was reported that there were "multiple minimally displaced to nondisplaced right lateral rib fractures extending from the fifth – 11th ribs." You were admitted to the In Patient Unit (IPU) at 1630 on April 4, 2017. ~~The admitting diagnosis was Rib Fractures 5-11. The orders included Activity Up ad lib.~~ PA-C Light ~~also hand~~ wrote to Ambulate Frequently *ONCE by Sched* ~~from AM/IPI~~ *From 3-28-2017 thru April 6. Camera shows standing* ~~From AM/IPI~~ At 0715 on March 5, 2017, you used a walker to go to the X-Ray room. ~~It is documented you did so without difficulties.~~ Shortly thereafter at 0800 it was noted that you walked to the dayroom without difficulties. At 0900 it was noted that you were at the kiosk for 25 minutes then picked up a chair and carried it to the phone where you talked for 35 minutes. At 1040 CNA Schooley asked if you were going to walk again but you stated, "not not now after lunch I'm having chest pain." CNA Schooley also noted ~~asking clarifying questions regarding your statement~~ of having chest pains. During this conversation CNA Schooley admits to speaking sternly ~~to~~ in a professional manner. At 1045 it is noted that RN2 Roberts followed up with you regarding your statement of pain in your chest. *Never Spec Pain Loca* ~~But Refused Exam and Investigation~~ *This is a Quick & Blunt* ~~in Vioomed~~ RN3 Newton spoke with you shortly thereafter regarding the orders and importance of Ambulating Frequently. ~~Orders such as walking within the unit are encouraged to help prevent pneumonia and blood clots.~~ RN3 Newton spoke with ARNP Lokken who later evaluated you while on her rounds of the IPU at 1145. She wrote the following orders, "Patient to ambulate with walker independently 2 laps every 2 hours while awake." RN3 Newton ~~denies~~ speaking to nursing staff about behavior but rather addressed the parameters of the order to allow you to walk independently with a walker. It was ~~your choice to walk within the unit but it would be documented as a refusal if you were not~~ witnessed walking every 2 hours. This is corroborated by CNA Schooley and RN2 Roberts. You were discharged from the IPU at 1215 on April 6, 2017. Please continue to work with your unit provider ~~as they are in the best position to assist you with your medical needs.~~ *Clos & con-ups for Psychological & Psychical Abuso*

| D. Dahne | 4/26/17 |
|---|---|
| Grievance Coordinator Signature<br>*COORDINADOR DE QUEJAS* | Date<br>*FECHA* |

You may appeal this response by submitting a written appeal to the Coordinator within five (5) working days from date this response was received.
*Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.*

Distribution: Grievance Program Manager/*Gerente del Programa de Quejas*, Grievance Coordinator/*Coordinador de Queja*, Grievant/*Quejante*
DOC 05-166 E/S (Rev. 04/01/14)     DOC 550.100

**1833**
**(80)**



**Department of**
**Corrections**
WASHINGTON STATE

Confidential
Offender Copy

| LOG I.D. NUMBER |
| --- |
| 17630353 |

**APPEAL TO LEVEL II**
**APELACIÓN AL 2DO NIVEL**

| Name: NOMBRE: | Last APELLIDO Ziegler | First PRIMERO NOMBRE Jeffrey | Middle 2DO NOMBRE S. | DOC Number NUMERO DOC 886970 | Facility/FACILIDAD Office SCCC | Unit/Cell UNIDAD/CELDA H3-50 |
| --- | --- | --- | --- | --- | --- | --- |

| PART A – INITIAL GRIEVANCE/PARTE A · QUEJA INICIAL | Date Typed 5/8/17 | Date Due |
| --- | --- | --- |

**I WANT TO APPEAL** This is an official misconduct complaint for 2nd incident by CNA Schooley which, RN3 Nurse Supervisor Newton assured me she would take care of; then after CNA Schooley's unprofessional behavior continued o the point of a perjuriously retaliatory infraction being filed by CNA Schooley against me; RN3 suddenly changes her position and aligns with CNA Schooley; approving of Schooley's outrageous, unprofessional cruel & unusual treatment of SCCC infirmary patients; by her & RN2 Roberts. 6AM RN2 Roberts, & Schooley started in hollering "everybody up", flipped on lights, yelled "you are doing laps today around infirmary" "I will be forcing you to walk several times today, H3 is a long ways away from here" then rudely commented, "You can't hoard any food in here" taking CI food I couldn't eat due to psychological stress and physical pain of being back in CNA Schooley's demeaning and belittling treatment. She then took commissary items/quarterly food package items: vanilla Café, Mocha Café, ugly fritter. Only spork, Latin vulgate bible cover, cervical pillow cover – stormed out of room slamming door. I requested socks prior to her leaving... she returned snidely stating "here are you socks" and with a big smile handed me bright pink socks in an attempt to de-maculate me. I was up till 9:40am walking with walker, using phone, using kiosk, I laid down when having severe chest pain... 40 mins later Schooley rudely returned harassing me saying " you need to be walking" "your not having chest pain" "I'm trying to educate you" I requested she stop these behaviors. She responded, by threatening me with retaliatory infraction for filing grievance against her, having RN3 Newton read medical report to her and request that she behave professionally; and for kiosking about her ignoring RN3 Newton's directions; to Superintendent Gilbert and I & I . I also reported these behaviors to ARNP Lokken & Medical General manager Keith Parrs for this to stop.

| /s/ D. Dahne | 5/5/17 | /s/ Jeffrey Ziegler | 5/5/17 |
| --- | --- | --- | --- |
| Grievance Coordinator Signature FIRMA DE COORDINADOR DE QUEJAS | Date Fecha | Grievant Signature FIRMA DE QUEJANTE | Date Fecha |

| PART B – LEVEL II RESPONSE/PARTE B RESPUESTA 2DO NIVEL |
| --- |

*Professional Diaz B Eleanor or CNA's Abuse*

The level 2 investigation was completed by Shane L. Evans HSM2 at SCCC. Mr. Evans reports he reviewed the medical record, the information and recount of events provided in the level 1 investigation, and conducted interview with you on 5/18/17. Upon review of all the ~~encounter notes~~ of your stay in IPU from 4/4/17 to 4/6/17, you appeared to be extremely confrontational with all nursing staff. Nursing were attempting to follow orders provided to them from the attending provider, specifically you were up and moving every two hours. In several cases you refused for various reasons and reported you would do it as you pleased. In the specific case in this matter where the nursing staff used a strap that is placed under your arm pits to ensure a nurse could control a potential fall was well within protocol. Once it was determined your fracture tears were more significant a new method was employed to reduce any discomfort. Mr. Evans states you were seen moving and standing for long periods as detailed in the level 1 response. He reports he could not find any support for access to care, inappropriate care or failures on the part of clinical team. It did appear the overall communication by you with clinical staff was strained. With these findings, Mr. Evans supports the level 1 findings and suggests you continue to work with provider if any additional issues arise.

*Actions Against CNA Schooley*
*w. RN3 Newton*
*B RN2 Roberts*

**Superintendent Margaret** ~~Gilbert~~ *Newton for M Gilbert* 6/1/17

| Superintendent, Work Release Supervisor, Field Administrator Signature SUPERINTENDENTE | Date FECHA |
| --- | --- |

*also corroborating*
*Lying to staff & ect*
*Superintendents & investigation staff*  *(Absolutely Appallable if Cottonard*
*condons & certifies CNA's Abuse.)*

You may appeal this response by submitting a written appeal to the coordinator within five (5) working days from date this response was received.
Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.

Distribution    Grievance Program Manager-Gerente del Programa de Quejas, Grievance Coordinator-Coordinador de Queja, Grievant-Quejante
DOC 05-168 E/S (Rev. 02/23/16)

**1834**
(81)
DOC 550.100

1/8/18 RR 28                                              5



Confidential
Offender Copy

| | LOG I.D. NUMBER/NUM. DE REGISTRO |
|---|---|
| | 17630353 |



Department of
**Corrections**
WASHINGTON STATE

H4-19

**APPEAL TO LEVEL III**
*APELACIÓN AL 3ER NIVEL*

| Name:<br>*Nombre:* | Last<br>*Apellido*<br>Ziegler | First<br>*Nombre*<br>Jeffrey | Middle<br>*2do Nombre*<br>S | DOC Number<br>*Número DOC*<br>886970 | Facility/Office<br>*Institución/Oficina*<br>SCCC | Unit/Cell<br>*Unidad/Celda*<br>H3-50 |
|---|---|---|---|---|---|---|
| PART A - APPEAL TO LEVEL III<br>*PARTE A - APELACIÓN 3ER NIVEL* | | Date Typed / *Fecha escrita a mano*<br>06/16/17 | | | Due Date / *Fecha de vencimiento*<br>07/14/17 | |

**I WANT TO GRIEVE / *QUIERO QUEJARME DE*:** Investigation by HSM2 Shane Evans is simply a cover up for the abuses of CNA Tammy Schooley. HSM2 Evans is not fair and impartial; he was clearly & obviously biased. Witness proves CNA Schooley was the one harassing, belittling, slamming door, acting hormonal, was not acting professional in any way shape or form. CNA Schooley was the only infirmary staff I had issues or disagreements with as she was rude, snide, forceful, bullying, and was physically abusive prior to this 2nd act of misconduct. CNA Schooley; after 2 emergency grievances about her behavior, 2 official complains to her supervisors -- HSM1 Keith Parris, RN3 Newton -- RN3 admits she read x-ray report to CNA Schooley after physical abuse proving now multiple broken ribs 5-10 by CNA Schooley's own admissions she "put gait strap across bruised ribs twice" at point I had no choice but to kiosk Superintendent Gilbert & I &I Blumberg who HSM2 Evans conveniently avoided talking to during his alleged investigation. H.O. Johansen also refused to include Supt. Gilbert and I&I Blumberg in my request for witnesses, M.H.O L'Heureux (Continued on Page 2)

**Page 1 of 3**

| /s/ Kerri S. McTarsney | 06/16/17 | /s/ Jeffrey Ziegler | 06/16/17 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*Firma del Coordinador de quejas* | Date<br>*Fecha* | Grievant Signature<br>*Firma del agraviado* | Date<br>*Fecha* |

| PART B - LEVEL III RESPONSE/*PARTE B - RESPUESTA 3ER NIVEL* |
|---|

I reviewed your initial grievance as well as all appeals and responses.

Clinical Nurse Specialist J. Rogers also reviewed this grievance and provided this response:

I have reviewed your Offender Complaint, Level I grievance and response, as well as your Level II grievance and response. I have also reviewed your medical health record, applicable policies and procedures, DOC's Core Competencies, and communication with your practitioners. I will try and address your concerns based on all of the above facts and information provided, to include an in person interview with you by Shane Evans, Health Services Manager II, at SCCC on May 18, 2017.

In looking at your medical health record from SCCC, your assigned practitioner is Scott Light, (PA-C), Physician Assistant Certified. As I understand your concern, you perceive that you were physically and emotionally abused by a Certified Nursing Assistant named Tammy Schooley, who works at SCCC, (Stafford Creek Corrections Center). This involved the care that you received while you were recuperating in the Infirmary for multiple fractured ribs. These fractures were confirmed after a second series of X-Rays on April 3, 2017.

Continued on Page 2

**Page 1 of 3**

| Assistant Secretary/Deputy Director/designee<br>*Subsecretario/designado* | | Date<br>*Fecha* |
|---|---|---|

Distribution: Grievance Program Manager/*Gerente del Programa de Quejas*, Grievance Coordinator/*Coordinador de Queja*, Grievant/*Quejante*
DOC 05-169 E/S (Rev. 02/23/16)

**1829**
(82)

LOG I.D. NUMBER/NUM. DE REGISTRO
17630353



**Department of**
**Corrections**
WASHINGTON STATE

**APPEAL TO LEVEL III**
*APELACIÓN AL 3ER NIVEL*

| Name:<br>*Nombre:* | Last<br>*Apellido*<br>Ziegler | First<br>*Nombre*<br>Jeffrey | Middle<br>*2do Nombre*<br>S | DOC Number<br>*Número DOC*<br>886970 | Facility/Office<br>*Institución/Oficina*<br>SCCC | Unit/Cell<br>*Unidad/Celda*<br>H3-50 |
|---|---|---|---|---|---|---|

| PART A - APPEAL TO LEVEL III<br>*PARTE A - APELACIÓN 3ER NIVEL* | Date Typed / *Fecha escrita a mano*<br>06/16/17 | Due Date / *Fecha de vencimiento*<br>07/14/17 |
|---|---|---|

**I WANT TO GRIEVE / *QUIERO QUEJARME DE*:** (Continued from Page ) refused fair and impartial hearing – I repeatedly requested advocate and told him; " I don't understand" how CNA Schooley can file an attempted 663, 552, 558 retaliatory infraction(s) and get L'Heureux/Van Ogle to say that is "ok" clearly reviewing Lt, recognized this and scratched 552 & 558. Van Ogle in a conflict of interest agreed with himself on my appeal.

**SUGGESTED REMEDY / *REMEDIO SUGERIDO*:** CNA Schooley clearly failed duty of care/ADA standards/chart review protocol/common sense /visual emergency care protocols; RN2 Roberts clearly * obviously perjured herself with fictional chart notes as I never had noted conversations with her regarding when I would be walking, etc., Nor did she and I have any actual adversarial conversations; RN3 Newton was supportive and tried to advice CANA to change behaviors and was ignored, then she changed her facts.

**Page 2 of 3**

| /s/ Kerri S. McTarsney | 06/16/17 | /s/ Jeffrey Ziegler | 06/16/17 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*Firma del Coordinador de quejas* | Date<br>*Fecha* | Grievant Signature<br>*Firma del agraviado* | Date<br>*Fecha* |

| PART B - LEVEL III RESPONSE/*PARTE B - RESPUESTA 3ER NIVEL* |
|---|

Continued from Page 1

The medical orders written by your practitioner, S. Light, PA-C, upon your Infirmary admission on April 4, 2017, were for you to ambulate, (walk), frequently. While doing patient rounds, the practitioner, ARNP, (Advanced Registered Nurse Practitioner), Lokken, evaluated your condition and ordered, "Patient to ambulate with walker independently two laps around the Infirmary every two hours while awake." I do realize that fractured ribs can cause significant discomfort at times, especially when coughing, straining, or constricting of movement. That being said, it appears that one of your main concerns involving Nursing Assistant T. Schooley, was in the way she used a gait belt to assist you in walking. It is very important when assisting someone with fractured ribs to walk, that you only place pressure on the rib area if it will prevent you from a sudden fall to the ground. There are several ways to use a gait belt effectively without causing undo discomfort. This criteria will be relayed to the Nursing Supervisors as well as the nursing staff who report to them. This is a training issue.

The unprofessional conduct you have alluded to by the Nursing Assistant, T. Schooley is a little more challenging to verify and validate. Please remember that unprofessional behavior is a two way street. Respect is not a given, it is earned by ones action. Ms. Schooley was interviewed regarding your concerns and did state that she was "stern" in her verbal delivery as she was trying to follow the physician orders and do the right thing, but was getting frustrated due to your refusal to walk with assistance when (Continued on page 3)

**Page 2 of 3**

| Assistant Secretary/Deputy Director/designee<br>*Subsecretario/designado* | Date<br>*Fecha* |
|---|---|

Distribution: Grievance Program Manager/*Gerente del Programa de Quejas*, Grievance Coordinator/*Coordinador de Queja*, Grievant/*Quejante*
DOC 05-169 E/S (Rev. 02/23/16)

DOC **1830**

(83)

LOG I.D. NUMBER/*NUM. DE REGISTRO*
17630353



Department of
**Corrections**
WASHINGTON STATE

APPEAL TO LEVEL III
*APELACIÓN AL 3ER NIVEL*

| Name:<br>*Nombre:* | Last<br>*Apellido*<br>**Ziegler** | First<br>*Nombre*<br>**Jeffrey** | Middle<br>*2do Nombre*<br>S | DOC Number<br>*Número DOC*<br>**886970** | Facility/Office<br>*Institución/Oficina*<br>**SCCC** | Unit/Cell<br>*Unidad/Celda*<br>**H3-50** |
|---|---|---|---|---|---|---|
| PART A - APPEAL TO LEVEL III<br>*PARTE A - APELACIÓN 3ER NIVEL* | | | Date Typed / *Fecha escrita a mano*<br>06/16/17 | | Due Date / *Fecha de vencimiento*<br>07/14/17 | |

I WANT TO GRIEVE / *QUIERO QUEJARME DE:*

SUGGESTED REMEDY / *REMEDIO SUGERIDO:*

| /s/ Kerri S. McTarsney | 06/16/17 | /s/ Jeffrey Ziegler | 06/16/17 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*Firma del Coordinador de quejas* | Date<br>*Fecha* | Grievant Signature<br>*Firma del agraviado* | Date<br>*Fecha* |

PART B - LEVEL III RESPONSE/*PARTE B - RESPUESTA 3ER NIVEL*

(Continued from page 2)

she was available. Her perception was that she was being "stern", however, your perception was that she was "abusive." I think in this case, nursing staff should re-familiarize themselves with the DOC's Core Competencies to include: Treat others with respect and courtesy, Ethics, Integrity, and Accountability, I would highly recommend that you also think about your own reactions to Health services staff and their responsibilities, which include making sure that incarcerated patients are receiving the best medically necessary treatment that they are entitled to.

Last, I will concur with the Level I and Level II responses and state that your grievance is not supported. Please reach out to medical staff when you have concerns, as they do have your best health care interests in mind.

Page 3 of 3

| *Kevin Bovenkamp* (signature) | 8/16/17 |
|---|---|
| Assistant Secretary/Deputy Director/designee<br>*Subsecretario/designado* | Kevin Bovenkamp | Date<br>*Fecha* |

Distribution:  Grievance Program Manager/*Gerente del Programa de Quejas*, Grievance Coordinator/*Coordinador de Queja*, Grievant/*Quejante*
DOC 05-169 E/S (Rev. 02/23/16)

DOC 550-100
**1831**
(84)

*Review/Appeal 6-16-17*

*Confidential Offender Copy*

| | LOG I.D. NUMBER/NUM. DE REGISTRO |
|---|---|
| | **17633877** |

**Department of Corrections**
WASHINGTON STATE

**LEVEL I - INITIAL GRIEVANCE**
**NIVEL 1 - QUEJA INICIAL**

| Name: NOMBRE: | Last APELLIDO | First PRIMERO NOMBRE | Middle 2DO NOMBRE | DOC Number NUMERO DOC | Facility/Office FACILIDAD | Unit/Cell UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| | **Ziegler** | **Jeffrey** | **S.** | **886970** | **SCCC** | **H3-50** |

| PART A - INITIAL GRIEVANCE/PARTE A - QUEJA INICIAL | Date Typed 6/8/17 | Date Due |
|---|---|---|

**I WANT TO GRIEVE / QUIERO QUEJARME DE:** Care review committees denial of "neurological exam for" upper & lower extremities", as presented to them by alleged medical provider on 5-4-17

**SUGGESTED REMEDY / REMEDIO SUGERIDO:** Several inmates have been granted neurological exams for "neck space narrowing" numbness and tingling in R & L hands several inmates have lower extremity issues and have been granted neurological exams- treat me the same standard.

| /s/ D. Dahne | 6/8/17 | /s/ Jeffrey Ziegler | 6/8/17 |
|---|---|---|---|
| Grievance Coordinator Signature FIRMA DE COORDINADOR DE QUEJAS | Date FECHA | Grievant Signature FIRMA DE QUEJANTE | Date FECHA |

| PART B - LEVEL I RESPONSE / PARTE B RESPUESTA PRIMER NIVEL |
|---|

GC Dahne interviewed you & HSM1 Parris investigated your claim that you should receive a neurological examination. The following are facts after review of your medical file and OMNI-HS. On April 26, 2017, a Consultation Request for "Neurology for EMG and electro diagnostic studies of bilateral upper and lower extremities" was presented to the CRC, which is a group of DOC primary care physicians, physician assistants and advanced registered nurse practitioners, organized in discipline-or condition-specific committees, appointed by the Chief Medical Officer (CMO) to review the medical necessity of proposed health care, and at that time the request was deemed by the committee, which consisted of all the people listed above, as a level III meaning not medically necessary at this time. If your signs and symptoms worsen, I encourage you to work with your unit provider as they are in the best position to assist you with your medical needs.

| D. Dahne | 6/9/17 |
|---|---|
| Grievance Coordinator Signature COORDINADOR DE QUEJAS | Date FECHA |

You may appeal this response by submitting a written appeal to the Coordinator within five (5) working days from date this response was received.
Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.

Distribution:   Grievance Program Manager/Gerente del Programa de Quejas, Grievance Coordinator/Coordinador de Queja, Grievant/Quejante
DOC 05-166 E/S (Rev. 04/01/14)

**1821**
DOC 550.100

(85)



 **Department of
Corrections**
WASHINGTON STATE

**Confidential
Offender Copy**

| LOG I.D. NUMBER |
| --- |
| 17633877 |

**APPEAL TO LEVEL II
APELACIÓN AL 2DO NIVEL**

| NOMBRE: | Last APELLIDO | First PRIMERO NOMBRE | Middle 2DO NOMBRE | DOC Number NUMERO DOC | Facility/FACILIDAD Office | Unit/Cell UNIDAD/CELDA |
| --- | --- | --- | --- | --- | --- | --- |
| | Ziegler | Jeffrey | S. | 886970 | SCCC | FB-10 |

| PART A – INITIAL GRIEVANCE/PARTE A · QUEJA INICIAL | Date Typed 6/22/17 | Date Due |
| --- | --- | --- |

**I WANT TO APPEAL:** If my signs and symptoms get any worse I will be completely crippled or confined to a wheel chair. This does not meet the proper standard of care as has been established by the OHP; proper duty of care of "humans/persons of the United States of America and the United States Constitution; specifically 8th U.S.C.A. It is clear and obvious to any lay person that something is wrong and needs medical treatment. The failure to provide even the least minimal standards of care and treatment in the form of "neurological exam for (spine)" after extreme and severe fall from bunk due to medications causing sleep walking/acting out in dreams from medications; at the very least, a neurological exam and modern scans are appropriate; a standard form of treatment meeting the duty of care that the Department of Corrections, CRC & PA Light are supposed to meet for the treatment of incarcerated persons.

**SUGGESTED REMEDY:** Stop violating 8th U.S.C.A clear & obvious duty and standards of health care.

| /s/ Kerri S. McTarsney | 6/22/17 | /s/ Jeffrey Ziegler | 6/22/17 |
| --- | --- | --- | --- |
| Grievance Coordinator Signature FIRMA DE COORDINADOR DE QUEJAS | Date FECHA | Grievant Signature FIRMA DE QUEJANTE | Date FECHA |

| PART B – LEVEL II RESPONSE/PARTE B RESPUESTA 2DO NIVEL |
| --- |

The level 2 investigation was completed by Shane L. Evans HSM2 at SCCC. Mr. Evans reports he has reviewed the medical file, all electronic medical records (OMNI), discussed case with provider PA-C Light and interviewed Mr. Ziegler on 7/11/17 at SCCC. Mr. Evans reports the Consultation request submitted on April 26, 2017 was reviewed and it was determined the request was not medically necessary. The group considers all information presented by the provider, medical file, and any recommendations provided by consulting practitioners. He reports the totality of the information and the collective experience of the CRC group of licensed practitioners determined at this time the request was not appropriate. Further, the CRC committee did request further clinical monitoring and if any changes were indicated additional consideration may take place. With these findings, Mr. Evans supports the level 1 response and no access to care issues were present and recommends you continue to work closely with provider to ensure monitoring continues and if any changes occur our condition worsens, please report to health services.

Superintendent Margaret Gilbert    _Margaret Gilbert_    7/13/17
Superintendent, Work Release Supervisor, Field Administrator Signature    Date FECHA
SUPERINTENDENTE

_Received 7/8-17_

You may appeal this response by submitting a written appeal to the coordinator within five (5) working days from date this response was received. Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.

_Sonk 7-20-17_

Distribution    Grievance Program Manager-Gerente del Programa de Quejas, Grievance Coordinator-Coordinador de Queja, Grievant File
DOC 05-168 E/S (Rev. 02/23/16)    1823    DOC 65

(86)

H4-32-L



| | | LOG I.D. NUMBER/*NUM. DE REGISTRO* |
|---|---|---|
| | | 17630350 |

**Department of Corrections**
WASHINGTON STATE

*Confidential*
*Offender Copy*

**APPEAL TO LEVEL III**
*APELACIÓN AL 3ER NIVEL*

| Name: *Nombre:* | Last *Apellido* | First *Nombre* | Middle *2do Nombre* | DOC Number *Número DOC* | Facility/Office *Institución/Oficina* | Unit/Cell *Unidad/Celda* |
|---|---|---|---|---|---|---|
| | Ziegler | Jeffrey | S | 886970 | SCCC | H3-50 |

| PART A - APPEAL TO LEVEL III *PARTE A - APELACIÓN 3ER NIVEL* | Date Typed / *Fecha escrita a mano* 06/16/17 | Due Date / *Fecha de vencimiento* 07/13/17 |
|---|---|---|

**I WANT TO GRIEVE / *QUIERO QUEJARME DE:*** Shane L. Evans HSM2 pays no attention to actual "medical facts" which pyovo instability is more likely than not; in thoracic spine to "exist in T9-12; which is exactly where my soft tissue damage to discs; more likely than not" is! X-ray tech Ms. Riddel swears "no arthritis" "thoracic bones look excellent" which only leaves "soft tissue" which can only be seen on MRI/Cat scan, "which is normal std. procedure! PAC Light refers case to others and CRC to try to elevate liability off himself but again no e-ray scans do not show minor disc ??? 1st year med students know this? I also studied emergency medicine  in boy scouts & college. As well as biology. I have more than enough credits for a Dr. Degree. Does Evans? It is clear & obvious to lay witness's counselors, previous work employer's who give no "excellent work ethics" It is clear & obvious to judges excellent nurses, RN's PA's, MD's outside medical, proper educated & professional staff such methods "meds & physical therapy" have only agitated chronic issues; and now more severe med-back, neck..?? issues with numbness, tingling..?? 3 years or PA light alleged medical resulted in ...??

**SUGGESTED REMEDY / *REMEDIO SUGERIDO:***

| /s/ Kerri S. McTarsney | 06/15/17 | /s/ Jeffrey Ziegler | 06/15/17 |
|---|---|---|---|
| Grievance Coordinator Signature *Firma del Coordinador de quejas* | Date *Fecha* | Grievant Signature *Firma del agraviado* | Date *Fecha* |

**PART B - LEVEL III RESPONSE/*PARTE B - RESPUESTA 3ER NIVEL***

I reviewed your initial grievance as well as all appeals and responses.

Deputy Chief Medical Officer S. Smith also reviewed this grievance and provided this response:

I reviewed your Level I and II grievance, the investigation, and the responses and find them to be adequately investigated. I have read your Level III appeal and reviewed the report of the Care Review Committee involving multiple requests, including:  Neurology for EMG studies (determined not to be medically necessary on 04/26/17; Radiology for MRI (determined not to be medically necessary on 1/09/2017); Neurosurgical or orthopedic consultation (determined not to be medically necessary on 1/04/17). You grieve the care you have received for your chronic medical conditions. You claim medical negligence and deliberate indifference by your primary care provider.

You have had a great deal of medical attention by DOC providers. You have had at least 8 visits by your primary care provider since the beginning of 2017. You have also been seen and evaluated by physical therapy and have additional follow-up appointments scheduled. Your care has been in consultation with the DOC orthopedist, who has reviewed your x-rays and has discussed your case with your primary provider. In addition, you have been seen by an orthopedic surgeon during an Independent Medical Exam (IME) in March 2016. At that visit you were diagnosed with chronic degenerative disc disease, and an anti-inflammatory medication and flexion exercises were recommended. There is no current indication for additional diagnostic studies or orthopedic evaluation at this time.

There is no evidence that you have been denied care that is medically necessary as defined in the DOC Offender Health Plan.  Your grievance is not supported and I concur with the Level I and II grievance responses.  I encourage you to work with your healthcare providers to attain the best medically necessary care for your health conditions.

You remain free to pursue additional care under the terms of DOC Policy 600.020, Offender Paid Health Care.

| Kevin Bovenkamp | 7/24/17 |
|---|---|
| Assistant Secretary/Deputy Director/designee *Subsecretario/designado* Kevin Bovenkamp | Date *Fecha* |

1
2
3
4
5
6
7        **BOARD OF INDUSTRIAL INSURANCE APPEALS**
            **OF THE STATE OF WASHINGTON**
8
    In Re: JEFFREY S. ZIEGLER                    Docket No. 16 20301
9
    Claim No. AQ-45982                           DEPARTMENT'S RESPONSE TO
10                                               MOTIONS
11

12                  **I.    INTRODUCTION**

13        Claimant Ziegler, through his lay representative Reta Farr has served Department's

14   counsel with four motions and two requests. The motions are: 1) a motion drafted by claimant

15   Ziegler requesting GR 33 accommodations for claimant; 2) a motion to compel drafted by

16   claimant Ziegler requesting the Department file; 3) A repeat of motion No. 1 in a different format;

17   4) a motion drafted by Ms. Farr requesting accommodations for herself; 5) a request for a

18   "Docket of Motions"; and 6) a request for a new subpoena for a PA Light. The Department

19   responds to these motions and requests below.

20

21                  **II.    RESPONSE TO MOTIONS**

22   **A.    Motions One & Three- A motion for GR 33 accommodations drafted by claimant
            Ziegler for claimant Ziegler**
23
          Ms. Farr is the appointed lay representative for claimant Ziegler. She is the appropriate

24   person to address the tribunal. Claimant Ziegler is not the appropriate person to draft motions and

25   requests to the Board. Ms. Farr is the proper person to do that. In addition, GR 33(a)(2) defines

26

DEPARTMENT'S RESPONSE TO              1              ATTORNEY GENERAL OF WASHING**881**
MOTIONS                                                 Labor & Industries Division
                                                        7141 Cleanwater Drive SW
                                                        PO Box 40121          **(88)**
                                                        Olympia, WA 98504-0121
                                                        (360) 586-7707
                                                        FAX: (360) 586-7717

1  "Person with a disability" as a person with a sensory, mental, or physical disability as defined by

2  the American with Disabilities Act of 1990 (§ 42 U.S.C. 12101et seq.), the Washington State Law

3  Against Discrimination (RCW 49.60 et eq.), or other similar local, state or federal laws.

4      Mr. Ziegler has not made a showing that he qualifies under these statutes regarding his

5  perceived physical impairments. In addition, Mr. Ziegler states that he has a special disability by

6  virtue of being incarcerated. Mr. Ziegler cites to case law but none of the cases stand for the

7  proposition that there is a special disability by virtue of being incarcerated. For example *Rand v.*

8  *Rowland,* 154 F.3d 952 (9th Cir. 1986) involves a pro se 1983 action in which the plaintiff was not

9  provided adequate information regarding his case. It does not create a "special incarceration

10  disability". Mr. Ziegler also cites to *Jacobsen v. Filler,* 790 F.2d 1362 (9th Cir. 1986) which

11  involved a dispute over the placement of newspaper racks. This case addresses a court's duty to

12  pro se litigants. It does not forward Mr. Ziegler's position.

13

14      Mr. Ziegler addresses issues that are universal to hearings: that the litigants and judge be

15  audible, that the hearing proceed at a pace such that the testimony is clear, and conducted in a

16  language understandable to all. All of these things are required for any hearing; and fairness

17  demands them.

18

19  **B.    Motion No. Two: Motion to Compel**

20      Motion number Two is a motion to compel discovery. Again Mr. Ziegler has drafted this

21  motion, and since he is represented by a lay representative, this is improper. It is also procedurally

22  incorrect. Neither Mr. Ziegler nor his lay representative has made a discovery request to the

23  Department. This is a prerequisite to a motion to compel. In addition, a conference must be held

24  between parties under CR 26(i) before a court or other tribunal may rule on a motion.

25

26

DEPARTMENT'S RESPONSE TO            2            ATTORNEY GENERAL OF WASHINGTON    **882**
MOTIONS                                            Labor & Industries Division
                                                   7141 Cleanwater Drive SW
                                                   PO Box 40121                    **(89)**
                                                   Olympia, WA 98504-0121
                                                   (360) 586-7707
                                                   FAX: (360) 586-7717

1    Nevertheless, the Department has prepared a copy of Mr. Ziegler's claim file and has served it on

2    Ms. Farr, the lay representative, with this pleading.

3    **C.    Motion No. Four: motion for accommodation under GR 33 for Ms. Farr, the lay representative**

4

5    Ms. Farr has made a request for accommodation for herself. She does not state how she

6    technically qualifies as an ADA disabled individual, or what assistive device she requires. She

7    states that she is an elder person with diminished hearing and limited or no legal training. First,

8    being an elder in and of itself is not a disability. As to her hearing, Ms. Farr would have to

9    document what degree her hearing is diminished. Finally, a lack of legal training is not a

10   disability. In fact, as a lay representative, Ms. Farr specifically is held to the same standard as an

11

12   attorney, *Edwards v. LeDuc,* 157 Wn. App. 455, 460, 238 P.3d 1187 (2010).

13   Again it appears that Ms. Farr is requesting what any litigant before the Board would want

14   and be required to have: an audible hearing in a language she can understand at a reasonable pace

15   of proceeding. This is a standard in hearings and can be provided without formal GR 33

16   measures.

17   **D.    Request for Docket of Motions**

18

19   Ms. Farr has made a request for a "Docket of Motions". This request is not clear to

20   counsel for the Department. It would be helpful if Ms. Farr would explain in more detail what this

21   is, such that opposing counsel might understand to what she is referring.

22   **E.    Request for PA Light**

23   This request for a subpoena for a Physician's Assistant with the surname of "Light" is best

24   directed to the Board per its subpoena issuing power under RCW 5.56. and Civil Rule 45.

25

26

DEPARTMENT'S RESPONSE TO           3           ATTORNEY GENERAL OF WASHING**883**
MOTIONS                                         Labor & Industries Division
                                                7141 Cleanwater Drive SW
                                                PO Box 40121
                                                Olympia, WA 98504-0121           **(90)**
                                                (360) 586-7707
                                                FAX: (360) 586-7717

### III.    CONCLUSION

The Department respectfully requests that Claimant's motions be denied as they are procedurally inaccurate and generally not well taken. Claimant has not responded with the specificity and proof necessary to satisfy GR 33 requirements. In addition a lay representative is held to the same standard as an attorney. A copy of Claimant's claim file is being sent to his lay representative, as if a proper discovery request had been made.

Denial of a GR 33 motion is not to state that claimant will be denied a proper and fair trial. The conditions requested: an audible hearing conducted at a reasonable pace in a language that is understandable to all is something that will occur whether or not specific aids or other assistive devices are requested.

DATED this ____ day of October, 2017.

ROBERT W. FERGUSON
Attorney General

SUSAN L. PIERINI, WSBA #17714
Assistant Attorney General
(360) 586-7767

DEPARTMENT'S RESPONSE TO
MOTIONS

4

ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717

884

(91)

**PROOF OF SERVICE**

I certify that I served a copy of this document on all parties or their counsel of record on the date below as follows:

☒ US Mail Postage Prepaid via Consolidated Mail Service and e-mail

    Reta Farr
    157 North Eagar St
    Eagar AZ  85925
    sunshinebaby12@msn.com

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this _____ day of October, 2017, at Tumwater, Washington.

KAREN STRATFORD
Legal Assistant 4

DEPARTMENT'S RESPONSE TO
MOTIONS

5

ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
7141 Cleanwater Drive SW
PO Box 40121
Olympia, WA 98504-0121
(360) 586-7707
FAX: (360) 586-7717

885

(92)



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
PO Box 40121  •  Olympia WA  98504-0121  •  (360) 586-7707

April 13, 2020

Jeffrey Ziegler
Department of Corrections 886970
Stafford Creek Correctional Center
191 Constantine Way
Aberdeen, WA  98520-9504

RE:     ***Ziegler, Jeffrey S. vs. Dep't Of Labor & Indus.***
        **Claim No. AQ-45982**
        **Superior Court Case No. 19-2-00108-14**

Dear Mr. Ziegler:

Enclosed please find a copy for your review and signature of the Proposed Judgment that has been
noted up for May 12, 2020 at 1:30 p.m. in the above matter. If you agree with the terms set out in
the Proposed Judgement please sign and mail back to me for filing with the court. If you do not
agree with the terms as set out in the Proposed Judgement, you can appear at the presentment
hearing on May 12, 2020 at 1:30 p.m. and express your concerns to the Judge.

In light of the current spread of COVID-19, Washington's Supreme Court has issued an order
continuing all non-emergent civil matters until early May. In the event that the Court extends that
order beyond May 12, 2020, the hearing will be canceled without notice from the Court and I will
send you notice of the new date and time for presentment.

The Proposed Judgement and note for motion hearing have been sent to Grays Harbor Clerk's office
for filing with the court.

If you should have any questions, please do not hesitate to call.

Sincerely,

JORDYN JONES
Assistant Attorney General
(360) 586-3435

Enclosures

**(93)**

1
2
3
4
5
6

**STATE OF WASHINGTON**
**GRAYS HARBOR COUNTY SUPERIOR COURT**

7

ZIEGLER, JEFFREY S.,

8
                  Plaintiff,

9
      v.

10
DEPARTMENT OF LABOR AND

11
INDUSTRIES OF THE STATE OF
WASHINGTON,

12
               Defendant.

NO. 19-2-00108-14

[PROPOSED] JUDGMENT

13

JUDGMENT SUMMARY (RCW 4.64.030)

14

15
1. Judgment Creditor:          State of Washington Department of Labor and Industries

16
2. Judgment Debtor:           Jeffery Ziegler

17
3. Principal Amount of Judgment:    - 0 -

18
4. Interest to Date of Judgment:    - 0 -

19
5. Attorney Fees:             $200.00

20
6. Costs:                   $0

21
7. Other Recovery Amounts:      $0

22
8. Principal Judgment Amount shall bear interest at 0% per annum.

23
9. Attorney Fees, Costs and Other Recovery Amounts shall bear Interest at 12% per annum.

24
10. Attorney for Judgment Creditor:   Jordyn Jones

25
11. Judgment Debtor:           Jeffery Ziegler, *Pro Se*

26

ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
PO Box 40121
Olympia, WA  98504-0121
(360) 586-7707
Fax No (360) 586-7717

**(94)**

1      This matter came before the Court for hearing on the Department's motion for

2 summary judgment seeking the following relief: affirm the Board of Industrial Insurance

3 Appeal's January 3, 2019 order adopting the Proposed Decision and Order dated October 2,

4 2018 that affirmed the Department's order dated November 1, 2016 and dismissed the appeal.

5      The Court heard the oral argument of counsel for the Department, Jordyn Jones, and

6 the Plaintiff, Jeffery Ziegler. The Court considered the pleadings filed in the action. The Court

7 also considered the following documents and evidence which was brought to the Court's

8 attention before the order on summary judgment was entered: the Certified Appellate Board

9 Record.

10      Based on the argument of counsel and the evidence presented, the Court finds:

11    1.    The Court has jurisdiction over the parties to, and the subject matter of, this

12 appeal.

13    2.    The undisputed factual record establishes that no genuine issue of material fact

14 exists with respect to the conditions proximately caused by Mr. Ziegler's industrial injury or

15 the need for additional necessary and proper treatment for conditions proximately caused by

16 the industrial injury. The Department, therefore, is entitled to judgment as a matter of law.

17    4. The court also finds:

18        a. Mr. Ziegler did not present sufficient medical testimony to meet his burden

19    of proof.

20        b. Mr. Zeigler's request at the Board for appointed counsel was properly

21    denied.

22        c. The Attorney General's Office can represent the Department of Labor and

23    Industries in this case and is the representative for all state agencies.

24        d. The Department of Corrections is an employer for worker's compensation

25    purposes.

26

[PROPOSED] [PROPOSED] JUDGMENT      2

ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
PO Box 40121
Olympia, WA  98504-0121
(360) 586-7707
Fax No (360) 586-7717

1          e. Mr. Ziegler failed to properly admit evidence to support his aggravation

2     theory of causation.

3     Based on the above findings, IT IS ORDERED:

4          1.    The Department's motion is granted.

5          2.    Judgement shall be entered in favor of the Department. The Board of Industrial

6                Instance Appeal's order dated January 3, 2019 is affirmed.

7          2.    The Department is awarded statutory attorney fees of $200.00.

8          3.    The Department is awarded interest from the date of entry of this judgment as

9     provided by RCW 4.56.110.

10          DATED this _____ day of April, 2020

11

12                                                    _____

13                                                    J U D G E

      Presented by:
14    ROBERT W. FERGUSON
      Attorney General
15

16    _____
17    JORDYN JONES
      Assistant Attorney General
      WSBA No. 52648
18

19

20    Copy received,
      approved as to form and
21    notice of presentation waived:

22

23    _____
      JEFFERY ZIEGLER
24    Plaintiff, Pro Se.

25

26

**(96)**

[PROPOSED] [PROPOSED] JUDGMENT        3        ATTORNEY GENERAL OF WASHINGTON
                                               Labor & Industries Division
                                               PO Box 40121
                                               Olympia, WA  98504-0121
                                               (360) 586-7707
                                               Fax No (360) 586-7717

**CERTIFICATE OF SERVICE**

1

2       I certify that I caused a copy of this document to be served or placed in the mail for

3  service to all parties or their counsel of record on the date below as follows:

4       ☒ Via U.S. Certified Mail, Return Receipt Requested, and postage prepaid, to:

5

        Jeffrey Ziegler
6        Department of Corrections 886970
        Stafford Creek Correctional Center
7        191 Constantine Way
        Aberdeen, WA  98520-9504
8

9       I certify under penalty of perjury under the laws of the state of Washington that the

  foregoing is true and correct.
10

11       DATED this _13th_ day of February, 2020, at Tumwater, Washington.

12

13             _Zelma Hammer_
             ZELMA HAMMER
14             Legal Assistant 4
             (360) 586-7727
15

16

17

18

19

20

21

22

23

24

25

26

**(97)**

[PROPOSED] [PROPOSED] JUDGMENT      4

ATTORNEY GENERAL OF WASHINGTON
Labor & Industries Division
PO Box 40121
Olympia, WA  98504-0121
(360) 586-7707
Fax No (360) 586-7717

SUPERIOR COURT OF WASHINGTON
FOR GRAYS HARBOR COUNTY

---

JEFFREY S. ZIEGLER,

        Plaintiff,

ALVIN HEGGE,

        Lay Advocate,

vs.

DEPARTMENT OF LABOR & INDUSTRIES,

        Defendant.

No. 19-2-00108-14

---

NOTE FOR MOTION DOCKET
OBJECTION TO ATTORNEY GENERAL'S PROPOSED JUDGMENT
AND
MOTION FOR RECUSAL OF JUDGE DAVID MISTACHKIN
AND
MOTION TO DISQUALIFY ATTORNEY GENERAL'S OFFICE
FOR ACTUAL CONFLICT OF INTEREST IN REPRESENTATION

---

## CERTIFICATE OF MAILING

I, Jeffrey Ziegler, do hereby swear, being aware of penalties for perjury, that I have placed in the prison United States Mail, a copy of the above captioned legal pleading, with postage thereon, which constitutes a filing with the Clerk of Court at the time placed in the prison mail, see Washington Mail Box Rule GR 3.1, Houston v. Lack, 487 U.S. 265, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), addressed to: Assistant Attorney General Jordyn Jones, Labor & Industries Division, Olympia, Washington 98504-0121; and Grays Harbor Superior Court, 102 W. Broadway Ave., #203, Montesano, Washington 98563; and WA Attorney General Robert Ferguson, P.O. Box 40116, Olympia, Washington 98504.

Dated this 27th day of April, 2020.

Respectfully submitted,

By: _____
    JEFFREY ZIEGLER

(98)

SUPERIOR COURT OF WASHINGTON
FOR GRAYS HARBOR COUNTY

JEFFREY S. ZIEGLER,

                    Plaintiff,

                                              No. 19-2-00108-14

ALVIN HEGGE,

          Lay Advocate,

vs.

DEPARTMENT OF LABOR & INDUSTRIES,

          Defendant.

OBJECTION TO ATTORNEY GENERAL'S PROPOSED JUDGMENT
AND
MOTION FOR RECUSAL OF JUDGE DAVID MISTACHKIN
AND
MOTION TO DISQUALIFY ATTORNEY GENERAL'S OFFICE
FOR ACTUAL CONFLICT OF INTEREST IN REPRESENTATION

CERTIFICATE OF MAILING

   I, Jeffrey Ziegler, do hereby swear, being aware of
penalties for perjury, that I have placed in the prison
United States Mail, a copy of the above captioned legal
pleading, with postage thereon, which constitutes a filing
with the Clerk of Court at the time placed in the prison
mail, see Washington Mail Box Rule GR 3.1, Houston v. Lack,
487 U.S. 265, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988),
addressed to: Assistant Attorney General Jordyn Jones, Labor
& Industries Division, Olympia, Washington 98504-0121; and
Grays Harbor Superior Court, 102 W. Broadway Ave., #203,
Montesano, Washington 98563; and WA Attorney General Robert
Ferguson, P.O. Box 40116, Olympia, Washington 98504.

          Dated this 27th day of April, 2020.

                         Respectfully submitted,

                         By: _____
                              JEFFREY ZIEGLER

**(99)**

SUPERIOR COURT OF WASHINGTON
FOR GRAYS HARBOR COUNTY

---

JEFFREY S. ZIEGLER,

        Plaintiff,

                         No. 19-2-00108-14

ALVIN HEGGE,

      Lay Advocate,

vs.

DEPARTMENT OF LABOR & INDUSTRIES,

        Defendant.

---

OBJECTION TO ATTORNEY GENERAL'S PROPOSED JUDGMENT
AND
MOTION FOR RECUSAL OF JUDGE DAVID MISTACHKIN
AND
MOTION TO DISQUALIFY ATTORNEY GENERAL'S OFFICE
FOR ACTUAL CONFLICT OF INTEREST IN REPRESENTATION

---

Plaintiff Jeffrey Ziegler and Next Friend Lay Advocate Alvin Hegge have received AAG Joydyn Jones' "Proposed Judgment and Order" dated 4/13/20, set for hearing on 5/12/20 before Honorable David Mistachkin.

Plaintiff(s) hereby file an "OBJECTION TO ATTORNEY GENERAL'S PROPOSED JUDGMENT AND MOTION FOR RECUSAL OF JUDGE DAVID MISTACHKIN AND MOTION TO DISQUALIFY ATTORNEY GENERAL'S OFFICE FOR ACTUAL CONFLICT OF INTEREST IN REPRESENTATION" and attach hereto a "WASHINGTON STATE TORT CLAIM PURSUANT TO CHAPTER 4.92 RCW OFFICIAL CAPACITY POLICIES VIOLATE INMATE'S CONSTITUTIONAL AND AMERICAN DISABILITY ACT RIGHTS," as Appendix (A), and an eleven page federal "CIVIL RIGHTS COMPLAINT WITH JURY TRIAL DEMAND UNDER PROVISIONS OF TITLE

**(100)**

42 U.S.C. §§ 1983 and 1985," naming as Plaintiff(s) Jeffrey Ziegler and Alvin Hegge with Judge David Mistachkin and AAG Jordyn Jones et al. named Defendants, as Appendix (B); both of which are hereby incorporated herein by reference.

## I. OBJECTION TO ATTORNEY GENERAL'S PROPOSED JUDGMENT

AAG Jordon Jones states on page 2 of said Proposed Judgment that "the Court considered the pleadings filed in the action," which includes the pleading filed by Plaintiff Jeffrey Ziegler and Lay Advocate Alvin Hegge entitled "MOTION TO STAY PROCEEDINGS UNTIL JURISDICTIONAL QUESTIONS PRESENTED BELOW HAVE BEEN ADJUDICATED," encompassing inter alia, (page 2) STATUS OF CASE RELEVANT TO THIS PLEADING; (pages 2-3) THIS COURT LACKS COMPETENT JURISDICTION OVER SUBJECT MATTER; (pages 3-5) ATTORNEY JONES' FRAUDULENT MOTION FOR SUMMARY JUDGMENT; (pages 6-9) SUMMARY JUDGMENT STANDARDS AND APPLICATION; (pages 10-11) IDENTIFICATION OF GENUINE MATERIAL FACTS AT ISSUE; (pages 12-16) CHALLENGES TO LABOR AND INDUSTRY JURISDICTION; with page 17 entitled "CONCLUSION" and "RELIEF SOUGHT," stating:

### CONCLUSION

As clearly and conclusively evidenced above, there are numerous existing genuine material facts at issue, however, several standing, subject matter jurisdiction and lack of competency to exercise jurisdiction over the subject matter questions have been presented, and as matter of law, this Court must address said jurisdictional questions before proceeding on the merits, Capron v. Van Noordan, 6 U.S. (21 Cranch) 126, 127, 2 L.Ed. 229 (1804)("Here it was the duty of the court to see that they had jurisdiction, for the consent of the parties could not give it"); Lexecon v. Milberg Weiss Bershad Rynes & Lerach, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998)("The mandatory 'shall' ... normally creates an obligation impervious to judicial discretion").

(2)

(101)

RELIEF SOUGHT

Plaintiff Jeffrey Ziegler prays this Grays Harbor County Superior Court will order a briefing schedule to address the herein presented jurisdictional question; and then make a comprehensive finding of fact and conclusions of law so that adequate appellate review can be had, if necessary.

Plaintiff Ziegler further prays this Court will stay Motion for Summary Judgment proceedings until the herein presented jurisdictional questions have been adjudicated.

Dated this 20th day of January, 2020.

Respectfully submitted,

By:  Jeffrey Ziegler

AAG Jones states on page 2 that "Based on the argument of counsel and the evidence presented, the Court finds: 1. The Court has jurisdiction over the parties to, and the subject matter of, this appeal. 2. The undisputed factual record establishes that no genuine issue of material fact exists...." both of which are challenged in said "MOTION TO STAY PROCEEDINGS UNTIL JURISDICTIONAL QUESTIONS PRESENTED BELOW HAVE BEEN ADJUDICATED," and to date no adjudication thereof has been conducted by this Grays Harbor County Superior Court, all of which is evidence in support of attached Appendix (B).

## II. MOTION FOR RECUSAL OF JUDGE DAVID MISTACHKIN

Plaintiff(s) submit attached Appendix (B) as an Affidavit in support of recusal of Judge David Mistachkin, as to all factual allegations encompassed therein, inter alia, that Judge Mistachkin is an indicted co-conspirator of all judicial participants named as Defendant(s) in attached Appendix (B), allegedly acting without competent jurisdiction and in violation of civil and criminal law,

(3)

(102)

thereby recusal is required as matter of law.

### III. MOTION TO DISQUALIFY ATTORNEY GENERAL'S OFFICE FOR ACTUAL CONFLICT OF INTEREST IN REPRESENTATION

On page two of AAG Jones' Proposed Judgment and Order, admits to an actual conflict of interest in addition to the inherent conflict of interest created by and identified in attached Appendix (B), where AAG Jones states in pertinent part:

> c. The Attorney General's Office can represent the Department of Labor and Industries in this case and is the representative for all state agencies.

> d. The Department of Corrections is an employer for worker's compensation purposes.

To begin with, as indisputably established in Plaintiff(s) "MOTION TO STAY PROCEEDINGS UNTIL JURISDICTIONAL QUESTIONS PRESENTED BELOW HAVE BEEN ADJUDICATED," Plaintiff Ziegler injured himself while working for Correctional Industries who has its business license registered as a municipality and is not self-insured, and does not pay Labor and Industry Insurance premiums resulting in no Certificate of Coverage; thereby Washington Attorney General's Office is fraudulently pretending to represent Department of Labor and Industry who is not a real party in interest and lacks standing.

AAG Jones' fraudulent attempt to introduce "the Department of Corrections" only creates additional conflict of interests by WA Attorney General's Office claiming to represent the Washington Department of Corrections who is not a real party in interest and who lacks standing to intervene in this lawsuit, now requiring a conflict of

(4)

(103)

interest hearing, based on AAG Jones' unlawful conduct in
these judicial proceedings, cf., Nix v. Whiteside, 475 U.S.
157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986); Wheat v. United
States, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140
(1988); whereas AAG Jones is unethically, unlawfully, and
unconstitutionally attempting to shield Correctional
Industries from civil liability and possibly criminal
culpability at the expense of Plaintiff Ziegler, cf., Wood
v. Georgia, 450 U.S. 261, 101 S.Ct. 1087, 87 L.Ed.2d 220
(1981); which is also an abuse of process, see Fite v. Lee,
11 Wn.App. 21, 521 P.2d 964 (1974)("By its very nature, an
abuse of legal process by an attorney violates an attorney's
oath, his duty to the public as an officer of the courts");
cf., Burnett v. WA Dept. of Corrections, ___ Wn.App. ___,
___ P.3d ___ (2015)

    The notice of appearance of Assistant Attorney
General Anastasia Sandstrom is only on behalf of DLI
DLI sued under Virginia Burnett's name, but DLI has the
right to sue Burnett's name under RCW 51.24.050(1). DLI
is a real party in interest Dep't of Labor & Indus. v.
Wendt, 47 Wn.App. 427, 431, 735 P.2d 1334 (1987),
overruled on other grounds by State v. WWJ Corp., 138
Wn.2d 595, 980 P.2d 1257 (1999). Burnett may also be a
party in interest, but she is now represented
separately by Janelle Carman.

    The Washington State Attorney General is the legal
adviser to DLI. RCW 51.52.140. The attorney general
represents DLI in court litigation concerning worker
compensation claims. Aloha Lumber Corp. v. Dept. of
Labor & Indus., 77 Wn.2d 763, 774, 466 P.2d 151 (1970).
RCW 72.09.530 implies that the Attorney General's
Office is the attorney for DOC. See also McKee v. Dep't
of Corr., 437, 248 P.3d 115 (2011).

    No Washington case addresses whether employees of a
state agency are deemed state employees for workers'
compensation purposes ... no evidence here shows one
industrial insurance policy covers all state employees,

or any judgment would be paid out of the same account as premiums for that policy.

Hill v. Department of Labor and Industries, ___ Wn.App. ___, 253 P.3d 430 (2011):

    DOC repeatedly stated that Hill was not a DOC employee and, by law, it does not pay Class II inmate workers "wages" but, instead, it pays them a "graturity." Clerk's Papers (CP) at 159, DOC also indicated that it does not report gratuity payments to the Internal Revenue Service for inmate workers such as Hill.

Hill v. Department of Labor and Industries, ___ Wn.App. ___, 253 P.3d 430 (2011):

    Legislature, however, has specifically exempted Inmates from protection as "employee(s)" under the Washington minimum wage a at least 19075. See RCW 49.46.010(5)(k); former RCW 49.46.010(5)(j)(1975).

## CONCLUSION

As clearly and conclusively evidenced above and in attached Appendix (B), the Department of Labor and Industries is not a valid party to this action, the Washington Attorney General's Office is, inter alia, attempting to protect the municipality business license of Correctional Industries by unlawfully attempting to use the police powers act with purpose to deprive Plaintiff Ziegler of his legal and constitutional rights.

In addition, the Washington Attorney General's Office represents the Defendant(s) in attached Appendix (A), as part of the conspiracy alleged in Appendix (B), therefore, proceeding with adjudication of AAG Jones' Proposed Judgment and Order without first adjudicating the jurisdictional issues identified and presented in Plaintiff(s) "MOTION TO STAY PROCEEDINGS UNTIL JURISDICTIONAL QUESTIONS PRESENTED

(6)

(105)

BELOW HAVE BEEN ADJUDICATED," would constitute another overt act in furtherance of the conspiracy alleged in Appendix (B).

## RELIEF SOUGHT

Plaintiff(s) are requesting to participate by telephone at the hearing on AAG Jordyn Jones Proposed Judgment and Order, currently scheduled to be heard on 5/12/20.

Plaintiff(s) are further requesting this Court to hear Plaintiff(s) "MOTION FOR RECUSAL OF JUDGE DAVID MISTACHKIN AND MOTION TO DISQUALIFY ATTORNEY GENERAL'S OFFICE FOR ACTUAL CONFLICT OF INTEREST IN REPRESENTATION," prior to resolving AAG Jones' Proposed Judgment and Order.

In addition, Plaintiff(s) request this Court to set a briefing schedule on Plaintiff(s) above caption "OBJECTION TO ATTORNEY GENERAL'S PROPOSED JUDGMENT AND MOTION FOR RECUSAL OF JUDGE DAVID MISTACHKIN AND MOTION TO DISQUALIFY ATTORNEY GENERAL'S OFFICE FOR ACTUAL CONFLICT OF INTEREST IN REPRESENTATION," so that an adequate record can be made for purpose of appellate review if that becomes necessary.

Dated this 3rd day of May, 2020.

Respectfully submitted,

By: _Alvin Hegge_
    ALVIN HEGGE

Respectfully submitted,

By: _Jeffrey Ziegler_
    JEFFREY ZIEGLER

(106)

2-07-16  8C2  C36013:81

DR Sarah Smith MD[1]- Occupational Medicine
Work Injury/Correctional Industries

**HEALTH SERVICES KITE**

Department of
**Corrections**
WASHINGTON STATE

This form must be used to request non-emergency
health care services, except in facilities where kiosks or sign-up sheets are used.

*PLEASE PRINT*                    *SUBMISSION OF HEALTH SERVICES REQUEST MAY RESULT IN A CO-PAY*

| LAST NAME    Ziegler | | FIRST NAME    Jeffrey S. | |
|---|---|---|---|
| DOC NUMBER   886970 | FACILITY   SCCC | UNIT/CELL   H3B-50-U | DATE   12-01-15 | TIME   PM |
| JOB/PROGRAM   Med- Sus- | | JOB/PROGRAM HOURS   Med- Sus- | DAYS OFF   N/A | |

*If you feel you have an actual medical emergency, alert the staff and do not use this form.*

TYPE OF REQUEST (check only one box per form)

☐ MEDICAL        ☐ DENTAL        ☐ MENTAL HEALTH

☐ MEDICATION REFILL – List medication(s) with prescription number(s) or place sticker below

☐ OPTOMETRY        ☒ OTHER:  DR Sarah Smith MD/P.A. Light

REASON FOR REQUEST (list problem or medications needing refill)

        I am unable to Sit or Stand for long periods of time due to

back pain. Unit staff are forcing us to sit vertically at 90 degrees

or stand for duration of count times which can be upwards to 40minutes

or 1/2)hour; sometimes more. I am unable to do this with back injury.

        Please add no sitting or standing for long periods of time due

to current back injury to current HSR limitations or issue seperate

HSR for this problem. Per new policy this is acceptable solution.

Thank you.                              OFFENDER SIGNATURE

**HEALTH SERVICES RESPONSE/ENCOUNTER**
This form must be filed if any information is entered below except for: simple prescription refills, finance, non-medical
work/bunk change, religious diets, shoes, classification, non-health services issues

| ☐ Schedule within ____ days/weeks/months | ☐ Next available sick call | ☐ No visit required |
|---|---|---|

*Medical is not involving HSR for custody issuer ex:*
*Count times.*

| RESPONDER signature and stamp (all copies)   J. RICHARDS, LPN4 | DATE and TIME   12/8/15    1030 |
|---|---|

**PRESCRIPTIONS MUST BE WRITTEN ON DOC 13-435 PRIMARY ENCOUNTER REPORT (PER) OR IN CIPS**

RECEIVED
DEC 02 2015
SCCC HEALTH SERVICES

Distribution: WHITE/YELLOW – Responder, PINK – Offender keeps
Distribution upon completion: WHITE – Health Record, YELLOW – Return to Offender with Response

*State law (RCW 70.02) and/or federal regulations (42 CFR Part 2) prohibit disclosure of this information without the prior written
consent of the person to whom it pertains, or as otherwise permitted by law.*

DOC 13-423 (05/29/2015)        DOC 610.040        DOC 610.650        DOC 630.500                    KITES

**2082**



**Department of Corrections**
WASHINGTON STATE

OFFENDER I.D. DATA:
(Name, DOC#, DOB)

ZIEGLER, JEFFREY
886970    07-24-69

## INPATIENT/EXTENDED OBSERVATION UNIT NURSING DISCHARGE SUMMARY

Discharge Date (m/d/yy): 4/6/17   Time (24 Hour): 215   Facility/Unit: SCC/IPU

Admission or discharge diagnosis: Rib Fractures

Condition of patient upon leaving: ☒ Alert ☒ Oriented ☐ Disoriented ☐ Semi-Comatose ☐ Comatose ☐ Expired

Observation of emotional state: ☐ Calm ☒ Confident ☐ Cooperative ☐ Anxious ☐ Tense ☐ Tearful
☐ Crying ☐ Withdrawn ☐ Uncooperative ☐ Other:

Understanding of condition: ☒ Good ☐ Fair ☐ Poor ☐ Adequate for self-care

Mode of discharge: ☒ Wheelchair ☐ Stretcher ☐ Ambulatory

Discharged to: H3                  Discharged from: ☒ Infirmary ☐ EOU
UNIT/FACILITY

Discharged against medical advice: ☒ No ☐ Yes (patient must be counseled by practitioner and DOC 13-048 completed)

**PATIENT INSTRUCTIONS** (to be written in layman's terms; no abbreviations or symbols)

Medications to be taken after discharge: ☐ No ☒ Yes (listed below)

Non-issuable medications:                    Issuable medications:

Oxycodone pill line          Continue previous
   3x a day x 5 day then     medications
1 tab 3x/day x 5 day
1 tabs 2x/day x 5 day

Special Diet: ☒ No ☐ Yes:

Follow-up to be to: ☒ Sick call ☐ Outpatient Clinic ☐ Dietician ☒ Provider: ASAP then
☐ Dental ☐ Mental Health ☐ Optometry ☐ Other: As needed

Patient instructions on activities, treatments, medication, follow-up, etc. (explain in detail):

S. Roberts RN2    4/6/A
NURSE SIGN and STAMP/PRINT NAME    DATE (m/d/yy)

I HAVE BEEN INFORMED OF AND UNDERSTAND MY DISCHARGE INSTRUCTIONS. IF I HAVE ANY QUESTIONS AFTER
DISCHARGE, I WILL SIGN UP FOR SICK CALL OR ASK THE UNIT OFFICER IF NECESSARY.

X
PATIENT SIGNATURE    DATE (m/d/yy)

☐ Interpreter present

INTERPRETER SIGN and PRINT NAME    DATE (m/d/yy)

State law (RCW 70.02) and/or federal regulations (42 CFR Part 2) prohibit disclosure of this information without the specific written
consent of the person to whom it pertains, or as otherwise permitted by law

DOC 13-167 (08/12/2014)    DOC 610.600    Distribution: ORIGINAL – Health Record, COPY – Patient

**1924**
INPATIENT/OUTPATIENT

OFFICIAL MISCONDUCT REPORT

Offender Grievance Program
Manager Confidential

Offender Copy

**Department of Corrections**
WASHINGTON STATE

| LOG I.D. NUMBER |
| --- |
| 17031157 |

**OFFENDER COMPLAINT**

CHECK ONE: ☐ Initial  ☒ Emergency  ☐ Appeal  ☐ Rewrite

RESIDENTIAL FACILITIES: Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

NOTE:    Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
| --- | --- | --- | --- | --- | --- |
| Uelix | Jeffrey | S. | 886970 | SCCC | H3B50o |

COMMUNITY & SUPERVISION: Send completed form to the: WA STATE DOC State Program Manager/Offender Grievance Program. Scan and mail corrections: P.O. Box 41118, Olympia WA 98504-1118.

MAILING ADDRESS (STREET OR PO BOX) ___ CITY, STATE ___ ZIP CODE ___ PHONE

COMPLAINT: Grievance Program Manager Dahne is refusing to dispose of business of the institution and emergent issues (i.e., Emergency issues in regards to physical & Psychological) in the proper manner and in an expeditious manner. Dahne is also interfering or tampering with grievances against him self against DOC policies and Practices.

SUGGESTED REMEDY: I have be subjected to serious medical Malpractice & Verbal, & physical assault by SCCC medical & other staff and Dahne P.T. Luffin                4-13-17
And SCCC staff refusing to allow  Signature U.S.G.A. Bullet 28 Resolution.
                                        Facility/Office SCCC    Date Received 4/13/17

NOT ACCEPTED
You may only file 5 complaints in a calendar week and you may only have 5 active at any one time. On 4/13/17 you filed 11 complaints and currently have 2 active.

All 11 complaints are being returned as over the limit. Please prioritize, rewrite and resubmit the 3 you wish to have processed.

Also please review the emergency grievance process and the Abuse by quantity section of the OGP and obide by it.

☐ Not accepted

EXPLANATION:    → Duplicate - not accepted
Per D. Dahn    Be advised to continue filing non
4/13/17   12:35 p.m.  Emergency Grievance may cause
                → you to be infracted.

                cus D.C                7  4/13/17

| Coordinator's Name (print) | Coordinator's Signature | Date |
| --- | --- | --- |
| D. Dahne CSU Dahne | | 4/24/17 |

DOC 05-165 Front (Rev. 07/26/16)                DOC 310.100, DOC 5

**2125**

(109)

6-12-2017

TO:Supervisor of Ronna Cole, Admin.-Command "C"
Health Services Division
Dep't. of Corrections
P.O.Box 41123
Olympia, WA
98504-1123

RE: Official Misconduct & Retaliation for Using Grievance Process
    Of Stafford Creek Corrections Center-Infirmary Staff RN3 Newton,
    CNA Tammy Schooley, HSM2 Shane L. Evans, RN2 Roberts, Administrator
    Ronna Cole Command "C"

Dear Supervisor/Medical Director over Ronna Cole Admin. Command "C",

   I, Jeffrey S. Ziegler, and my parents; Don & Sharon Ziegler, Eric
Schreuders, Walt & Reta W. "Sunny" Farr; and many others who recognize
support and love me, on the outside; were extremely taken back by your
especially cold response to notification of Physical & physological
abuse demonstrated by Stafford Creek Corrections Center Infirmary staff
and their Alleged Supervisors who instituted a cover-up of abuses;
instead of an accurate investigation. Are you not "fair & impartial?"

   First of all, Shane L. Evans HSM2 was never involved in anything
other than the investigation after the abuses. Keith Paris HSM1, Super-
intendent Margaret Gilbert, I & I (Blumberg) were the original SCCC
Personnel and/or Supervisors involved and notified of outrageous insane
actions and abuses by CNA Tammy Schooley; and the subsequent retalitory
groundless and baseless 663 for use of "calling my mom and requesting
she speak to Medical Director Dr Sara Smith MD to stop CNA's abuses."
As CNA Schooley clearly was working outside ADA/Duty of Care Standards.
CNA Schooley is a liar (as backed up by infirmary cellmate Sizemore in
witness statement) producing proper dismissal 663 Major Infraction.

Page 1 of 2

So, for the second time I am requesting to you, official request for CNA Tammy Schooley; not to ever be allowed to attempt to provide any alleged nursing acts/actions in regards to my health or health care. "Period". Staff/RN's vindictive enough to do retalitory major infractions for use of proper procedures (Grievance Program, speaking to her Supervisor, writing Superintendent/ I & I) and then ~~when~~ other staff and Supervisors ~~to~~ lie and cover up for her; really should not be employed by DOC Medical; or be allowed to have nursing credent- ials for clear & obvious acts of psychological and physical abuses; &/ supporting those who do these behaviors; Such as those like RN2 Roberts, RN3 Nursing Supervisor Newton, Shane L. Evans HSm2, Assoc. Super, Van Ogle; and any others that think that violating patients like what has factually happened to me--(x-rays show 1 broken rib @ rib 11 prior to CNA Schooleys outrageous behaviors and alleged medical treatment;but broken/fractured ribs 5-10 after her alleged medical/nursing treatment) is "OK";"Acceptable"; or "Ordered"; all in violation of Standards for Treatment of Incarcerated [individuals/Persons/patients] and the 8th United States Constitutional Amendment, DOC Policy & Procedures, et all.

It is shocking to think that this is what health care in DOC has has been reduced to. It is also unbelieveable, some of the SCCC medical infirmary staff (as per Evans HSM2/Assoc. Sup. Cotton) are so blind as to be conned into thinking it is right and proper to treat people "less than human" when patients such as myself were in dire need of proper care and instead,are; bullied, verbally berated, threatened to do things that they are clearly not able to do safely,(based on accurate chart notes, doctor recommendations, amount of medications/kinds of medications American Disability Limitations, work or domestic injury limitations.

Page 2 of 2

Since when, does taking away one's walker,(which one has for clear
and obvious reasons) belittling one to the point of tears,("you are
lying" "you don't need a walker," "that is just bruising" "stop with the
tears") not reading current patient ADA history/IME report(s) ("I saw
x-ray report showing broken rib by hip." but did not investigate
any further when "Patient" showed her bruising from Right Hip to Right
armpit;and large bruise on left hip;(I also had bruise/abrasion on
right elbow left side as noticed by PA Sasha Bangs, RN Esbah;... even
PA Light noticed multiple bruising) RN3 Newton also read new X-ray
report to CNA Schooley/short cropped black haired nurse assisting CNA.
Schooley. After retalitory infraction for using grievance process,RN2
Roberts interjected herself into the medical charts falsifying records
to try to protect CNA Schooley as apparently she is CNA Schooley's
best friend or something; as she is willing to commit perjury; as I
never had a conversation about walking with RN2 Roberts & absolutely not
even once did I and RN2 Roberts have any ill words or conversations.
Nor did I have any adverse words with RN3 Newton,whom acted profes-
sionally to my face in word and deed; but suddenly changed up testi-
monies once she was asked by investigators.(Grievance & MQAB) and Thornhill
* # Major Hearings Officer Littlous
was Major Hearings Officer Johanson--whose attitude went into the toilet
      they
as soon as she read CNA Tammy Schooley's perjurous retalitory false
infraction report. Major Hearings Officer Johanson also failed to
give me a fair & impartial hearing in regards to witness selection.
She did not inform me that I was only allowed 5 witnesses until after
I had named off seven witnesses, Johanson me to only the first five said;
                the  who  have been
instead of, which five would be the best witnesses.(i,e.,I&I/Super.Gilbert

Page 3 of 4

M.H.O. Thomas Litteureux stated, "intimidation is posturing over some

body in a threatening manner." which he agreed had "hot" been done, and

then Mr. Litteureux asked if I wanted a Department Advisor to which

I replied that, "I did, as I had had one before in a major hearing

and I didn't understand as to how I was charged with a 663, 552, 558 which

w                                                        for my

in the first place as these were clearly retalitory use of grievance.

   MHO Litteureux turned cold and harsh and threatened to have hear-
                                                        staff
ing without me. Again I was faced with intimidation by SCCC as taped

conversation clearly shows.  And again, I was reduced to tears by this

hostile and intimidating Major Hearings Officer as seems to be the

standard of treatment here at Stafford Creek;  by my experience with

Signed _____

Jeffrey S Zogler.


**2168**
(113)

*P.A. Light*

**HEALTH SERVICES KITE**

**Department of Corrections**
WASHINGTON STATE

This form must be used to request non-emergency
health care services, except in facilities where kiosks or sign-up sheets are used.

**SUBMISSION OF HEALTH SERVICES REQUEST MAY RESULT IN A CO-PAY**

PLEASE PRINT

| LAST NAME Ziegler | FIRST NAME Jeffrey S. |
| DOC NUMBER 886919 | FACILITY SCCC | UNIT/CELL H4A-19-C | DATE 10-26-17 | TIME 11:11 |
| JOB/PROGRAM | | JOB/PROGRAM HOURS | | DAYS OFF |

*If you feel you have an actual medical emergency, alert the staff and do not use this form.*

**TYPE OF REQUEST (check only one box per form)**

☒ MEDICAL     ☐ MENTAL HEALTH
☐ MEDICATION REFILL -- List medication(s) with prescription number(s) or place sticker below
☐ OPTOMETRY     ☒ OTHER: *P.A. Light*

**REASON FOR REQUEST (list problem or medications needing refill)** Healthier foods to buy Healthy ___

I already have to buy Ibuprofen & Tylenol. All
OFF Cstatin. And as we had already discussed "_____" AGAIN
& AGAIN!! Just because an item is on store list
(a) doesn't make item "palatable" (Glucosamine $8.80)
(b) doesn't mean one can "afford it" (Fish oil $4.75)
(c) you make a salary & can't collect & $800-1000
I here only make 30¢ an hour on a part-time job $118
(d) The quantities of medications one has to use is as scribed
are more than is allowed to purchase
based on an inmate's "property" not _____
state store.

OFFENDER SIGNATURE

**HEALTH SERVICES RESPONSE/ENCOUNTER**
This form must be filed if any information is entered below except for: simple prescription refills, finance, non-medical
Medical work/bunk change, religious diets, shoes, classification, non-health services issues.

☐ Schedule within ___ days/weeks/months     ☐ Next available sick call     ☐ No visit required

____ Not the facility. Find you house sick call to DISCUSS your
concerns with a provider.

RESPONDER signature and stamp (all copies)

DATE and TIME 10/31/17

**RECEIVED**
OCT 26 2017

**1999**
SCCC HEALTH SERVICES

PRESCRIPTIONS MUST BE WRITTEN ON DOC 13-435 PRIMARY ENCOUNTER REPORT (PER) OR IN CIPS
Distribution: WHITE/YELLOW – Responder, PINK – Offender keeps
Distribution upon completion: WHITE –.Health Record, YELLOW – Return to Offender with Response

State law (RCW 70.02) and/or federal regulations (42 CFR Part 2) prohibit disclosure of this information without the written
consent of the person to whom it pertains, or as otherwise permitted by law.

(114)

 

**Department of
Corrections**
WASHINGTON STATE

Confidential
Grievant Copy

LOG I.D. NUMBER
**19687976**

**APPEAL TO LEVEL II
APELACIÓN AL 2DO NIVEL**

| Name: NOMBRE: | Last APELLIDO | First PRIMERO NOMBRE | Middle 2DO NOMBRE | DOC Number NUMERO DOC | Facility/FACILIDAD Office | Unit/Cell UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| | Hegge | Alvin | L. | 952368 | SCCC | H6A-16L |

| PART A – INITIAL GRIEVANCE/PARTE A - QUEJA INICIAL | Date Typed **12/30/19** | Date Due |
|---|---|---|

**I WANT TO APPEAL:** I want to grieve SCCC Property Sergeant Coleman for failure to give me my medical music therapy devices sent to Sgt. Coleman following the Serious Infraction relevant thereto was dismissed, based on the following facts: (1) On 8/26/17 my medical music therapy devices were seized from my prison cell and a serious infraction issued; (2) On 9/29/17 SCCC Disciplinary Hearing Officer dismissed said infraction and the medical music therapy devices were sent to SCCC property department with directions: "items will be sent to property to have seal replaced"; (3) Recreation worker Paul Nelson had suspended my (Alvin Hegge) in-cell music curio permit for two years, from 8/15/17 to 8/15/19, therefore, my in-cell music curio is no longer under suspension; (4) To date Sgt. Coleman has not returned said subject matter medical music therapy devices which is proximately causing me substantial injury every day that I am deprived of my medical music therapy devices. The Disciplinary Hearing Officer dismissed the infraction and stated: "Items will be sent to property to have seal replaced," the "items" of which are listed on the Serious Infraction Report as "One Zoom A2 Effects Pedal, One Boss RG30 Looper, and One Korg GA Turner." PA Lystad informed me that medical music therapy devices do not fall within the purview of HSR and she is trying to get me an ASR, as there is no policy for me to follow. My in cell music permit became valid 8/15/19. The longer it takes to resolve this grievance, the more liability incurs for all involved.

**SUGGESTED REMEDY:**

| /s/ D. Dahne | 12/30/19 | /s/ Alvin L. Hegge | 12/30/19 |
|---|---|---|---|
| Grievance Coordinator Signature FIRMA DE COORDINADOR DE QUEJAS | Date FECHA | Grievant Signature FIRMA DE QUEJANTE | Date FECHA |

| PART B –LEVEL II RESPONSE/PARTE B RESPUESTA 2DO NIVEL |
|---|

Lt. B. Porter investigated your complaint and in regard to your actual complaint which is about Sgt Coleman's failure to give you your music supplies I concur with the level 1 response and also conclude that issue and reissue of music equipment falls under the jurisdiction and duties of the recreation department and not the property department or Sgt Coleman. Further investigation however revealed that these items are missing. After your infraction was cleared a relief hearings officer erroneously disposed of these items by placing them in the Hot Trash. We apologize for this error and if you wish to seek reimbursement you may do so through the TORT Process.

Superintendent Ron Haynes

Superintendent, Work Release Supervisor, Field Administrator Signature
SUPERINTENDENTE

1/15/20
Date
FECHA

You may appeal this response by submitting a written appeal to the coordinator within five (5) working days from date this response was received.
Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.
**(115)**

LOG I.D. NUMBER/*NUM. DE REGISTRO*

20697973

# CONFIDENTIAL



## Department of
# Corrections
WASHINGTON STATE

# Grievant Copy

**LEVEL I - INITIAL GRIEVANCE**
*NIVEL 1 - QUEJA INICIAL*

| Name: *NOMBRE:* | Last *APELLIDO* | First *PRIMERO NOMBRE* | Middle *2DO NOMBRE* | DOC Number *NUMERO DOC* | Facility/Office *FACILIDAD* | Unit/Cell *UNIDAD/CELDA* |
|---|---|---|---|---|---|---|
| | Hegge | Alvin | L | 952368 | SCCC | H616L |

| PART A - INITIAL GRIEVANCE/*PARTE A - QUEJA INICIAL* | Date Typed  3/18/20 | Date Due  04/01/2020 |
|---|---|---|

**I WANT TO GRIEVE / *QUIERO QUEJARME DE*:** SCCC H6 Counselor Lane for making me cross out "for medical music therapy devices" on my "offender request to transfer funds" that I submitted for replacement of my unlawfully destroyed medical music therapy device, based on the following: (1) I suffer from chronic vertigo and sensory disabilities within the scope of Americans with Disabilities Act (ADA) and the Rehabilitation Act; (2) I purchased several "medical music therapy devices" under ADA through Music Director Hood who authorized said medical music therapy devices as accommodations for my ADA disabilities; (3) On 2/25/20 when i submitted a request for replacements of one of the said medical music therapy devices, Counselor Lane informed me that he had been instructed to not allow me to write under "purpose" of the Offender Lane informed me that he had been instructed to not allow me to write under "purpose" of the Offender request to transfer funds, any reference to " Medical music Therapy devices" because he was informed there is no such thing at SCCC; (4) I requested Counselor Lane to provide me the name of the person that instructed him that SCCC has no such thing as ADA medical music therapy devices, but Counselor Lane would not identify that person; (5) Apparently Counselor Lane is determining that I am not ADA qualified to order or receive medical music therapy accommodation devices, overruling SCCC Music Director Hood, which is direct violation of my constitutional and Americans with Disabilities Act rights and protections.

| /s/ D. Dahne | 03/16/2020 | /s/ Alvin Hegge | 2/27/20 |
|---|---|---|---|
| Grievance Coordinator Signature *FIRMA DE COORDINADOR DE QUEJAS* | Date *FECHA* | Grievant Signature *FIRMA DE QUEJANTE* | Date *FECHA* |

| PART B - LEVEL I RESPONSE / *PARTE B RESPUESTA PRIMER NIVEL* |
|---|

| Grievance Coordinator Signature *COORDINADOR DE QUEJAS* | Date *FECHA* |
|---|---|

You may appeal this response by submitting a written appeal to the Coordinator within five (5) working days from date this response was received.
*Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.*

Distribution:    Grievance Program Manager/*Gerente del Programa de Quejas*, Grievance Coordinator/*Coordinador de Queja*, Grievant/*Quejante*
DOC 05-166 E/S (Rev. 02/23/16)                                                                    DOC 550.100

| | LOG I.D. NUMBER |
|---|---|

**Department of Corrections**
WASHINGTON STATE

**OFFENDER COMPLAINT**

**CHECK ONE:**  ☒ Initial   ☐ Emergency   ☐ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain <u>what happened</u>, <u>when</u>, <u>where</u>, and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** <u>Complaints</u> must be filed within <u>20 working days</u> of the incident. <u>Appeals</u> must be filed within <u>5 working days</u> of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name<br>HEGGE | First<br>ALVIN | Middle<br>L. | DOC Number<br>952368 | Facility/Office<br>SCCC | Unit/Cell<br>H6-A16L |
|---|---|---|---|---|---|

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|

I want to Grieve Ryan Graves for refusal to allow me to replace my Looper Station medical music therapy device that was lost by prison officials, based on the following facts: (1) I purchased an American Disabilities Act medical music therapy Looper Station device when Music Director Hood was working at recreation; (2) I was issued an infraction for having batteries in said medical music therapy device; (3) Said Infraction was dismissed and the hearing officer ordered said Looper Station to be sent to SCCC property for new security stickers; (4) Said ADA medical music therapy device was improperly disposed of by prison officials, see Grievance Log. I.D. #19687976 so I was ordered to file a Tort Claim; (5) Recreation Department Ryan Graves returned the AC Adaptor for the Looper Station and informed me I could order a replacement Looper Station; (6) I have been suffering substantial ongoing injury proximately caused by not having my ADA medical music therapy device Looper Station; (7) In May 2020 I sent in a Transfer of Funds to be sent to Sweetwater to replace said Looper Station, but Ryan Graves refused to allow me to replace said ADA medical music therapy Looper Station device. I continue to suffer ongoing substantial injury, see Grievance Log. I.D. #19688772, proximately caused by Ryan Graves refusal to allow me to purchase a replacement Looper Station, that had been authorized for purchase and possession by then Recreation Director Hood, based on my ADA accomodation needs that Mr. Hood had lawfully authorized.    Mandatory *Alvin Hegge*    5/27/20

Signature                                         Date

**GRIEVANCE COORDINATOR'S RESPONSE**
Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____.
☐ Administratively Withdrawn _____.
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

| Facility/Office | Date Received |
|---|---|

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
  Return within 5 working days or by: _____.
☐ No rewrite received _____.
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:**

**(117)**

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|

DOC 05-165 Front (Rev. 07/26/16)                    DOC 310.100, DOC 550.100

**LOG I.D. NUMBER**
20696212

Department of
**Corrections**
WASHINGTON STATE

**OFFENDER COMPLAINT**

**CHECK ONE:** ☒ Initial     ☐ Emergency     ☐ Appeal     ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name HEGGE | First ALVIN | Middle L. | DOC Number 952368 | Facility/Office SCCC | Unit/Cell H6-A16L |
|---|---|---|---|---|---|

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:   STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|

    I want to grieve Ryan Graves and Paul Nelson for refusing to allow me to purchase music curio headphones that had been seized by SCCC Music Department, with headphones ordered from approved vendor "Sweetwater" pro gear, based on the following facts: (1) SCCC Music Department suspended my in-cell curio permit on or about September 2017; (2) SCCC Music Department, at the behest of Paul Nelson, seized my music curio items such as my guitar, etc. along with my music curio headphones and sent them to SCCC Property Department on 9/5/17; (3) On 12/19/19 Ryan Graves returned my guitar and other music curio items but did not return my headphones or other seized items, inter alia, my Boss Looper, my Zoom processor, and my Korg Tuner, at which time Ryan Graves informed me that I may order replacements for the music curio items not returned to me; (4) On 2/5/20 Ryan Graves rejected my order from Sweetwater to purchase replacement for my music curio headphones stating that "must order headphones off of Union Supply; (5) Union Supply does not have the music curio headphones that were either lost or stolen by prison music department staff, therefore I must be allowed to purchase the replacement music curio headphones from Sweetwater rather than file a lawsuit against the SCCC Music Department for refusing to allow me to replace the music curio headphones with the same or better headphones that were seized and/or stolen from me by SCCC Music Department Staff.

Mandatory   *Alvin Hegge*   2/9/20
Signature                        Date

**GRIEVANCE COORDINATOR'S RESPONSE**
Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____.
☐ Administratively Withdrawn _____.
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

| Facility/Office | Date Received |
|---|---|

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
   Return within 5 working days or by: _____.
☐ No rewrite received _____.
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:**

**(118)**

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|

DOC 05-165 Front (Rev. 07/26/16)                    DOC 310.100, DOC 550.100

THE DEPARTMENT OF ENTERPRISE SERVICES
RISK MANAGEMENT DIVISION
1500 Jefferson Street MS 41466
P.O. Box 42439
Olympia, Washington 98504-1466

ALVIN HEGGE, JEFFREY ZIEGLER,
RORY MICKENS, AND EUGENE GARVIE,

        Claimant(s),

vs.                Tort Claim No: _____

DEPARTMENT OF ENTERPRISE SERVICES,
SCCC LAW LIBRARIAN JOHN THOMPSON,
AND
WA DEPARTMENT OF CORRECTIONS,

        Defendant(s).

WASHINGTON STATE TORT CLAIM PURSUANT TO CHAPTER 4.92 RCW
OFFICIAL CAPACITY POLICIES VIOLATE INMATE'S
CONSTITUTIONAL AND AMERICAN DISABILITY ACT RIGHTS

## CERTIFICATE OF MAILING

I, Alvin Hegge, do hereby swear, being aware of penalties for perjury, that I have placed in the prison United States mail, a copy of the above captioned legal pleading, with postage thereon, which constitutes a filing with the Clerk of Court at the time placed in the prison mail, see Washington Mail Box Rule CR 3.1, addressed to the following: Jay Inslee, P.O. Box 40002, Olympia, WA 98504-0002; Robert Ferguson, P.O. Box 40116, Olympia, WA 98504-0116; Stephen Sinclair, P.O. Box 41100, Olympia, WA 98504-1100; SCCC Superintendent Ron Haynes, Law Librarian John Thompson, Grievance Coordinator D. Dahne, 191 Constantine Way, Aberdeen, WA 98520; Secretary of State, P.O. Box 40224, Olympia, WA 98504; and Department of Enterprise Services, Risk Management Division, P.O. Box 42439, Olympia, WA 98504.

        Dated this 17th day of February, 2020.

                Respectfully submitted,

                By: _____
                      EUGENE GARVIE

**APPENDIX (A)**

**(119)**

THE DEPARTMENT OF ENTERPRISE SERVICES
RISK MANAGEMENT DIVISION
1500 Jefferson Street MS 41466
P.O. Box 42439
Olympia, Washington 98504-1466

---

ALVIN HEGGE, JEFFREY ZIEGLER,
RORY MICKENS, AND EUGENE GARVIE,

        Claimant(s),

vs.                      Tort Claim No: _____

DEPARTMENT OF ENTERPRISE SERVICES,
SCCC LAW LIBRARIAN JOHN THOMPSON,
AND
WA DEPARTMENT OF CORRECTIONS,

        Defendant(s).

---

WASHINGTON STATE TORT CLAIM PURSUANT TO CHAPTER 4.92 RCW
OFFICIAL CAPACITY POLICIES VIOLATE INMATE'S
CONSTITUTIONAL AND AMERICAN DISABILITY ACT RIGHTS

---

CLAIMANT:
    Above named Claimants are incarcerated under the care custody and control of Washington Department of Corrections who are suffering injury on an ongoing basis, proximately caused by above named Defendant(s) below described unconstitutional and unlawful conduct.

DEFENDANT(S):
    Above named Defendant(s) are each sued only in their Official Capacity which as matter of law is a lawsuit against the State of Washington based on Policy and Policy Maker liability conferring competent jurisdiction upon the Department of Enterprise Services Risk Management Division for determination as an essential condition precedent to filing a Title 42 U.S.C. § 1983 Civil Rights Complaint and a lawsuit filed against the Washington State under provisions of the Americans With Disabilities Act, inter alia: violations of clearly established State and Federal statutory and Constitutional law and American With Disabilities Act, proximately caused by DOC policies, or the lack thereof, within zone of interest of Chapter 4.92 RCW.

    Claimant(s) point out that the Department of Enterprise Services Risk Management Division has an actual conflict of interest in adjudicating a Tort Claim against the Department of Enterprise Services; thereby creating an actual conflict of interest for WA Attorney General Office representation.

(120)

```
STATE OF WASHINGTON )
                    )ss:    DECLARATION OF ALVIN HEGGE
GRAYS HARBOR COUNTY )
```

I, Alvin Hegge, to hereby declare under Oath, being aware of penalties for perjury and the laws of the State of Washington, that the following is true and correct, based upon my personal knowleige and/or information and belief.

(1) My name is Alvin Hegge, and I have been incarcerated at Stafford Creek Corrections center since July, 2007.

(2) I have made it my prison life's work to provide legal assistance to other disadvantaged Inmates, at no cost to such Inmates; a significant portion of which have disabilities that prevent them from challenging their own convictions.

(3) SCCC prison officials actually deny American Disabilities Act (ADA) protection for Inmates under their care, custody and control by vehicle of failing to provide any procedures and qualifying criteria that would allow an Inmate to become ADA qualified; and the prison officials deny ADA protections claiming lack of Inmate being ADA qualified as a reason to deprive said Inmate American Disabilities Act protections. In other words, SCCC Prison Officials do not deny that Inmates in their custody are covered under the American Disabilities Act, however, prison official do not provide any procedure or system for an Inmate to become ADA qualified, and do not have an appeal procedure in place for Inmates to appeal prison official(s) denial of ADA qualifications; thereby constructively denying SCCC Inmates of protections under the American Disabilities Act; in part, by vehicle of arbitrary ADA decision making.

(4) SCCC Prison Officials have an established custom and practice of retaliating against any and all Inmates who attempt to assert their American Disabilities Act protections and accommodations, and have an established custom and policy of retaliating against any Inmate who attempts to provide legal assistance for Inmates with learning and/or legal disabilities, for example see attached Exhibit (A) and (B).

(5) SCCC prison officials who deprive SCCC Inmates of ADA protections are liable in both their individual capacity and official capacity, see § 35.178 "A State shall not be immune under the Eleventh Amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for violation of this Act. In any action against a State for a violation of the requirements of this Act, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation

Page 1                          (2)

in an action against any public or private entity other than a State." See also, Section 35.134 implements section 503 of the ADA, which prohibits retaliation against any individual who exercises his or her right under the Act.... This section protects not only individuals who allege a violation of the Act or this part, but also any individuals who support or assist them," see attached Exhibits (A) and (B) where SCCC prison officials issued a Serious Infraction and convicted Alvin Hegge of unlawfully possessing other Inmate's legal documents that he needed to assist said Inmate, and then refused to give the legal documents back to the Inmates that Hegge was assisting.

(7) SCCC prison officials have created and implemented established procedures with purpose to systematically deprive SCCC Inmates of access to our courts rights that would facilitate Inmates with disability to challenge the unlawful and unconstitutional conduct of constructively imprisoning SCCC Inmates by their own disabilities, including but not limited to the following:

(a) SCCC contract attorneys do not provide any meaningful legal assistance to any Inmate, including Inmates with learning and other disabilities;

(b) SCCC policy forbids an assisting Inmate from possessing the legal files and records of the Inmate with disabilities he is assisting, except in the law library when both Inmates are present;

(c) SCCC policy prevents Inmates from different units from obtaining common law library access which prevents the assisting Inmate from assisting an Inmate with disabilities;

(d) SCCC Law library does not provide books or other essential research material requiring the only access to research material at the SCCC law library being twenty computers squeezed into a two hundred and ninety square foot area that affords no privacy for Inmates to provide legal assistance to disabled Inmates, and SCCC policy and/or Law Library provides no training personnel to teach any Inmate how to use and navigate legal research on said computers;

(e) SCCC Law Library does not provide prepared forms for court access on two days a week when Law Librarian Thompson is present, thereby making it virtually impossible for Inmates to obtain legal forms essential for court access, and SCCC Law Library does not have access to typewriters, thereby discriminating against Inmates being assisted by not allowing the Inmate assisting the disabled Inmate to type the forms and/or pleadings essential for court access;

Page 2                              (3)

                                              (122)

(f) SCCC Law Library has a policy of not providing photo copy access for SCCC Inmates and SCCC photo copy policy requires an Inmate to submit a photo copy request to the assigned counselor and wait up to seven days for the photo copies to be made, which adversely shortens court deadlines and said photo copy policy prevents Inmates from making photo copies of Exhibits, requiring all photo copies to be immediately sent out of the Institution without allowing the Inmate photo copies to be returned to the original file, interfering with future court access using the same Exhibits;

(g) Law Librarian Thompson is a Department of Enterprise Services contract employee, that appears to be operating under the State Library System, creating substantial legal complexities for any Inmate, including a learning or legal disability Inmate from seeking relief in our courts, inter alia because SCCC Law Librarian Thompson has created and implemented unconstitutional SCCC Law Library policies intentionally designed to interfere with and obstruct Inmates, which includes Inmates with disabilities, such as: (1) SCCC Law Librarian Clerks are not allowed to provide legal assistance to Inmates; (2) There are no personnel trained in law to help Inmates, even Inmates with disabilities, to assist Inmate with preparing and filing legal briefs and pleadings; (3) there is no Law Library personnel who is qualified to teach Inmates how to navigate Law Library computers, rendering said computers useless to some Inmates, especially Inmates with learning disabilities; (4) Law Librarian Thompson does not allow any Inmate to access court C/D and/or court DVDs except when Thompson is present, usually two days a week; (5) Law Librarian Thompson claims he lacks authority to schedule Inmates to be at the Law Library when he is there, or to schedule two Inmates working on the same case or an Inmate with disabilities being assisted, to be at the Law Library at the same time; (6) Law Librarian Thompson claims he has not control over fixing computers or programs when they become inoperable; (7) Law Librarian Thompson does not allow Inmates with disabilities to use the so-called drag-n-speak program unless he is present one or two days a week; (8) SCCC Law Librarian Thompson allows Inmates to receive only four sheets of typing paper in any one day, resulting in it taking two weeks for an Inmate to obtain enough typing paper to prepare a fifty page brief; (9) Law Librarian Thompson does not allow SCCC contract attorneys to enter the SCCC Law Library to assist Inmates by viewing their court C/Ds or DVDs; (10) Law Librarian Thompson's above identified and described policies actually and/or constructively deny Inmate access to our courts rights and cause said Inmate's substantial injury.

Page 3                        (4)

(h) As clearly and conclusively evidenced by attached Exhibit (A) and (B), SCCC prison officials have an unlawful and unconstitutional policy of punishing SCCC Inmates for exercising their Statutory and Constitutional rights of providing legal assistance to SCCC Inmates with disabilities.

<u>CONCLUSION</u>

As clearly and conclusively evidenced by the foregoing and attached Exhibits (A) and (B), SCCC prison official have created and implemented a series of customs, practice and policies that systematically deprive Inmates with learning, legal, and other disabilities, of their clearly established statutory, constitutional, and American Disabilities protections and rights, and have created a custom and practice of retaliating against any Inmate that provides legal assistance to said disabled Inmate.

Law Librarian Thompson's above identified and described policies, whether in the legal personage of agent for Washington Department of Enterprise Services or employee of Washington Department of Corrections, said policies actually and/or constructively deprive SCCC Inmates with or without disabilities, of clearly established statutory and constitutional rights, privileges and immunities, causing Inmates substantial ongoing injury creating a cause of action for said Inmates to seek relief and redress.

Dated this 17th day of February, 2020.

SWORN TO BY: _____
ALVIN HEGGE

<u>RELIEF SOUGHT</u>

Plaintiff(s) Alvin Hegge, Jeffrey Ziegler, Rory Mickens, and Eugene Garvie are demanding one hundred dollars a day for each day they are forced to suffer injury proximately caused by the above facts and policies encompassed in above Declaration of Alvin Hegge.

<u>DECLARATION</u>:

We, the undersigned have read the foregoing Declaration of Alvin Hegge and do declare that everything therein is true and correct, based on the undersigned personal knowledge and/or information and belief.

Dated this 17th day of February, 2020.

By: _____      By: _____
    JEFFREY ZIEGLER                    ALVIN HEGGE

By: _____      By: _____
    RORY MICKENS                       EUGENE GARVIE

(124)



STATE OF WASHINGTON
## DEPARTMENT OF CORRECTIONS
P.O. Box 41100 • Olympia, Washington 98504-1110

May 18, 2020

Alvin Hegge, DOC 952368
Stafford Creek Corrections Center, H6 16L
191 Constantine Way
Aberdeen, WA 98520

Dear Alvin Hegge,

I am in receipt of your correspondence in regards to your medical music therapy device.

All of the music equipment you had was issued as part of the in-cell music program, not because they were necessary "medical music therapy devices". You currently have a $99.99 acoustic guitar that our records indicate was purchased in 2008 and in early 2020 you purchased a $299.99 guitar processor. You recently attempted to purchase a second $299 processor to replace one that was lost after it was confiscated in 2017.

Policy 440.000 Attachment 1 only authorizes s total of $400.00 of equipment. We cannot authorize the purchase of another $299 processor because that would significantly exceed the $400.00 limit.

Sincerely,

Tomas Fithian, Deputy Director
Prisons Division, Command C

TF:cp:mrc SEC 16379

cc:    CUS Mizin
       OnBase
       File

**(125)**

952368
HEGGE ALVIN

Inmate # 
Name 

# Inmate Personal Property Record
### 12-Aug-17

OFFENDER COPY

| Category | Item | Item Name | Qty | Brand | Description | Type | Color | Style | Ident # | Date | Source | Pos# | Disposition | DispDat |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Clothing | 4380 | Shoes | 1 | SKECHERS | | ENERGY | BLK | | SZ 8 | ######## | Vendor | | | |
| | 4380 | Shoes | 1 | SKETCHERS | | ENERGY | BLK | | SZ 8 | ######## | Vendor | | | |
| | 4381 | Shower sho | 1 | REEBOK | | PERSONAL | | | | ######## | Vendor | | | |
| Electronics | 1100 | Television | 1 | JVC | | C-13210 | | | 076189 | ######## | Catchup | | | |
| | 1130 | AC adapter | 1 | | | | | | | ######## | Package | | | |
| | 1140 | Radio | 1 | Panasonic | | RX-FS430A | | | WP2EB30 | ######## | Catchup | | | |
| | 1150 | Mono Adapt | 3 | Mono plugs | | | | | | ######## | Catchup | | | |
| | 1150 | Mono Adapt | 1 | | | | | | | ######## | Stores | | | |
| | 1160 | Head Phon | 1 | KOSS | | | | | | ######## | Vendor | | | |
| | 1170 | HP Extensio | 1 | | | CL-20 | | | | ######## | Vendor | | | |
| | 1200 | Typewriter | 1 | SWINTEC | | 2416 DM CC | CLEAR | | | ######## | Package | | | |
| Health Care | 3100 | Glasses | 1 | STATE | W/CASE | | | | | ######## | Medical | | | |
| | 3100 | Glasses | 1 | RX | | | Blk | Plastic | | ######## | Medical | | | |
| | 3100 | Glasses | 1 | State | & Case | | | | | ######## | Medical | | | |
| Miscelleaneous | 5120 | Y-Adapter | 1 | | | | | | | ######## | Vendor | | | |
| | 5220 | Brush | 1 | | | | | | | ######## | Catchup | | | |
| | 5260 | Comb/Pick | 1 | | | | | | | ######## | Catchup | | | |
| | 5440 | Nail Clipper | 2 | Misc | | | | | | ######## | STORE | | | |
| | 5460 | Photo Albur | 1 | | | | | | | ######## | Catchup | | | |
| | 5560 | Soap Dish | 1 | | | | | | | ######## | Store | | | |
| | 5600 | Tapes/CD's | 20 | Misc | | | | | | ######## | Catchup | | | |
| | 5610 | TV Cable/S | 1 | | | | | | | ######## | Catchup | | | |
| | 5620 | TV Adapter | 1 | | | | | | | ######## | Catchup | | | |
| | 5840 | Tweezers | 1 | | | | | | | ######## | Package | | | |
| Musical Instrument | 6100 | Musical Inst | 1 | ACOUSTIC | ROUGE | GUITAR | BLK | 12STRING | | ######## | Recreatio | | | |
| | 6110 | Musical Ac | 14 | | Guitar Strings | | | | In REC O | | | | | | |

(126)

Page 2

952368

Inmate #

HEGGE, ALVIN

Name

# OFFENDER COPY

DATE 8-12-17

## Inmate Personal Property Record

12-Aug-17

| Catagory | Item | Item Name | Qty | Brand | Description | Type | Color | Style | Ident # | Date | Source | Pos# | Disposition | DispDat |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Musical Instrument | 6110 | Musical Acc | 1 | KORG | | TUNER | | | | ######## | Package | | | |
| | 6110 | Musical Acc | 1 | ERNIE BALL | HOOD(REC) | | | | GUITAR | ######## | Package | | | |
| | 6110 | Musical Acc | 1 | ZOOM | | PROCESSOR | | | 502512 | ######## | Recreatio | | | |
| | 6110 | Musical Acc | 1 | cable 10 | | | | | | ######## | Recreatio | | | |
| | 6110 | Musical Acc | 1 | BOSS | | FOOT PEDAL | | | 1761284 | ######## | Recreatio | | | |
| Other | 9100 | Other | 1 | A/C adpt | | Clear Tunes | | | | ######## | Vendor | | | |
| | 9100 | Other | 2 | Mono adpt | | | | | | ######## | Vendor | | | |
| | 9199 | Misc Religio | 1 | Religious | Metal Cross with Necklace | | | | | ######## | Chaplain | | | |

STAFF (PRINT FULL NAME)

*Bogue*

INMATE SIGNATURE: *Alvin Hegge*

DATE: 8/20/17

Add

1 — RC30 Boss twin pedal phrase recorder
2 — Cmmilo - Hosa 10' 3.5 TRSM 3.5TRSM cable
1 — 1K multimedia ioS acoustic microphone/interface
1 — ART Phono preamp with RIAA EQ
1 — Hosa 10' 3.5 TRSM - 3.5TRSM cable
1 — Hosa 3.3' TRS (2) TS Cable
1 — Clayton Sand Shark .38mm 6pk
1 — Hosa 3' 3.5 mm TRS-Dual RCA Cable
1 — Hosa 3' USB 2.0 A to B cable

RECEIVED

AUG 28 2017

SCCC HEARINGS DEPARTMENT

(127)