UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Jeffrey Scott Ziegler, *et al*.,<br><br>              Plaintiffs,<br>    v.<br>Correctional Industries, *et al*.,<br><br>              Defendants. | Case No. 3:20-cv-05288-RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 28, 2021 |

This matter is before the Court on plaintiffs' filing of a second amended complaint. Dkt. 14. Plaintiffs are *pro se* litigants, and this matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). Previously, the Court declined to serve Plaintiffs' amended complaint (Dkt. 8) because it was deficient; the Court granted leave to amend. Dkt. 9. For the reasons set forth below, Plaintiffs' second amended complaint is also fatally deficient. The undersigned therefore recommends that the District Court dismiss this action prior to service for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. 1915(e)(2)(b)(ii).

BACKGROUND

Plaintiffs filed their original complaint on May 6, 2020 and filed a substantially similar amended complaint approximately one month later. Dkts. 7, 8. The amended complaint was 14 pages long with an additional 128 pages of attachments, named 29 defendants and several "John Doe" defendants; it consisted of a narrative concerning a

REPORT AND RECOMMENDATION - 1

prior workers' compensation claim and an alleged back injury. Dkt. 8. On July 15, 2020, the Court issued an order declining to serve the amended complaint but granting leave to file a second amended complaint. Dkt. 9 (the "July Order"). The Court noted that the amended complaint (Dkt. 8) improperly lumped together all defendants, claiming that as a group they had violated Plaintiffs' rights, but failed to allege facts that would connect acts or omissions of specific defendants to specific constitutional or federal statutory violations. Dkt. 9 at 3.

Accordingly, the Court required Plaintiffs to file a second amended complaint providing short, plain statements in compliance with Fed. R. Civ. P. 8(a) that informed the court of:

> **(1) the constitutional or federal statutory right plaintiffs believe was violated; (2) the name of the person who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of each plaintiff's constitutional or federal statutory rights; and (5) what specific injury each of the plaintiffs suffered because of that person's conduct.**

Dkt. 9 at 4 (emphasis in original) (citing *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976)).

The Order also notified Plaintiffs that defendants may not be held liable solely due to their supervisory status. *Id*. at 5. The Court informed plaintiffs they would need to allege facts showing an affirmative link between the conduct of each named defendant and the specific injury suffered by each Plaintiff, and also instructed that Plaintiffs must "**state all of their allegations relating to each claim under separate headings and within those headings should describe exactly what happened, who was involved, and how their involvement caused the plaintiffs' harm.**" *Id* (emphasis in original). The Court cautioned that failure to do so would result in the dismissal of Plaintiffs' claims. *Id*.

REPORT AND RECOMMENDATION - 2

Instead of amending, Plaintiffs filed a motion for reconsideration on August 26, 2020. Dkt. 10. Plaintiffs' motion disputed the legal standards set out in the July Order, restated allegations from the amended complaint the Court had already held deficient and argued that the amended complaint (Dkt. 8)—rather than bringing claims for violation of individual constitutional or statutory provisions—instead sought to bring claims for conspiracy. Dkt. 10.

On October 9, 2020, the Court denied the motion as untimely, but also warned that nothing in the motion called into question the requirements laid out in the July Order. Dkt. 13 at at 3–4. The Court again advised plaintiffs about the defects in the amended complaint. Dkt. 13 at 4. The Court further advised Plaintiffs that, to the extent they sought to bring a conspiracy claim pursuant to 42 U.S.C. § 1985, "conclusory allegations are insufficient, and they must still allege sufficient facts in their amended complaint to support such a claim." *Id*. at 5.

On November 12, 2020, Plaintiffs filed a second amended complaint. Dkt. 14.

## DISCUSSION

A.  Legal Standard

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v.*

REPORT AND RECOMMENDATION - 3

1    *Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds WMX*
2    *Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Leave to amend need not be
3    granted "where the amendment would be futile or where the amended complaint would
4    be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing
5    *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990). Endless amendments are
6    not required. *Foman v. Davis* 371 U.S. 178, 182 (1962) (leave to amend may properly
7    be denied for "repeated failure to cure deficiencies by amendments previously
8    allowed"); *Chodos v. West Publ'g. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a
9    district court has already granted a plaintiff leave to amend, its discretion in deciding
10   subsequent motions to amend is particularly broad." (citation and internal quotation
11   marks omitted)).
12        To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the
13   conduct complained of was committed by a person acting under color of state law, and
14   (2) the conduct deprived a person of a right, privilege, or immunity secured by the
15   Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981),
16   *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is
17   the appropriate avenue to remedy an alleged wrong only if both of these elements are
18   present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). A plaintiff must
19   allege facts showing how individually named defendants caused, or personally
20   participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d
21   1350, 1355 (9th Cir. 1981).

B.   <u>Section 1983 and ADA Claims (Third, Fourth, Fifth, Sixth and Seventh Causes of Action)</u>

In the July Order, the Court set out the elements of the following claims, because it appeared that plaintiffs might be attempting to raise one or more of these claims: (1) deliberate indifference to serious medical needs; (2) violation of the right of access to courts; (3) retaliation; (4) civil conspiracy; (5) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA")[1]; and (6) violation of the right of access to the courts. The Court informed Plaintiffs that, in addition to properly pleading the elements of each claim, they must specifically list, for each right they claim was violated, the name of each specific defendant who violated it, what the defendant did or failed to do, how the specifically alleged act or omission was connected to the violation and what specific injury each plaintiff suffered. Dkt. 9 at 3.

The second amended complaint contains conclusory claims for retaliation (Third Cause of Action), violation of plaintiffs' right to access the courts (Fourth Cause of Action), violation of the ADA (Fifth and Seventh Causes of Action) and deliberate indifference to medical needs (Sixth Cause of Action). Dkt. 14 at 6–7. Plaintiffs have failed to submit any of the specific information the Court's July Order informed them was necessary Dkt. 14 at 6–7. In place of factual allegations, Plaintiffs incorporate a copy of their defective prior complaint, which is attached as an exhibit. *Id*. at 6–7, 8–18.

---

[1] A claim alleging a violation of the ADA would not be cognizable against defendants in their individual capacities under Section 1983. *See, Vinson v. Thomas,* 288 F.3d 1145, 1156 (9th Cir. 2002); *Johnson v. Scott,* No. CV 21-2543-AB(E), 2021 WL 1664175 (C.D. Cal, April 28, 2021) at *5.

REPORT AND RECOMMENDATION - 5

C.  <u>Conspiracy Claims (First and Second Causes of Action)</u>

Plaintiffs' conspiracy claims, like their Section 1983 claims, fail to provide the factual detail required to state a claim. Plaintiffs' conspiracy claims fail for three separate reasons.

First, a plaintiff cannot state a claim that defendants engaged in a conspiracy to violate his Section 1983 rights unless they also allege a plausible underlying claim for deprivation of rights under Section 1983. *See Caldeira v. Cnty. of Kauai,* 866 F.2d 1175, 1182 (9th Cir. 1989) ("the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), *cert. denied,* 493 U.S. 817 (1989); *Cassettari v. Nevada Cty., Cal.*, 824 F.2d 735, 739–40 (9th Cir. 1987) ("[t]he insufficiency of these allegations to support a section 1983 violation precludes a conspiracy claim predicated upon the same allegations "). As discussed above, Plaintiffs have failed to allege claims under Section 1983 upon which relief may be granted, and therefore any conspiracy claim premised upon such claims would also be deficient.

Second, Plaintiffs have failed to provide the factual detail required to state a conspiracy claim. Instead, they have merely repeated their prior conclusory allegations. Dkt. 14 at 5 (referencing attachments that merely repeat verbatim Plaintiffs' prior complaint and Plaintiffs' motion for reconsideration). Conclusory allegations of conspiracy are not sufficient to support a conspiracy claim; instead, a plaintiff "must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.1989) (per curiam).

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of

REPORT AND RECOMMENDATION - 6

harming another which results in damage. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir.1999). To establish a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. *Id*.

The Court advised in the July Order that a conspiracy claim "must identify and explain the role of each defendant in the conspiracy and allege with particularity who made an agreement with whom, when the agreement was made, and the terms and purpose of the agreement." Dkt. 9 at 8. The Court reminded Plaintiffs in the Reconsideration Order that their Section 1985 claim may not rely upon conclusory allegations and must be supported by sufficient allegations of facts. Dkt 13 at 4, citing *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("[a] mere allegation of conspiracy [under § 1985] without factual specificity is insufficient.").

In their second amended complaint, Plaintiffs include conclusory statements of their claim and no additional facts beyond those already found the Court to be insufficient to state a plausible claim. Dkt. 14 at 5–6. They attach their previous narrative discussing a workers' compensation claim and a back injury, yet without a plausible set of facts to allege each of the elements of a claim for conspiracy. The Court twice informed Plaintiffs that their conclusory allegations were insufficient; they have failed to correct the deficiency. Plaintiffs' conspiracy claims should be dismissed for this reason.

Finally, conspiracy claims pursuant to Section 1985(3) and the second clause of Section 1985(2)[2] may only be brought where defendants were "motivated by a 'class-

---

[2] Plaintiffs do not specify the subsection(s) of 1985 under which they purport to bring their claims. The Court concludes that, in light of the allegations of the amended complaint, only Section 1985(3)

REPORT AND RECOMMENDATION - 7

based, invidiously discriminatory animus.'" *Schultz v. Sundberg,* 759 F.2d 714, 718 (9th Cir.1985) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)); *Briley v. California,* 564 F.2d 849, 859 (9th Cir.1977). Such claims are cognizable only when they allege a violation of equal protection based upon the plaintiff's membership in a "suspect . . . class[ ]." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

Plaintiffs do not allege discrimination based upon a particular status, nor do they allege any agreement among the defendants to do so. Plaintiffs allege they are persons with disabilities; yet they do not allege facts describing how any defendant's acts or omissions with respect to them were different from how any defendants acted or failed to act with respect to any similarly-situated individuals—nor do they allege that to the extent any disparate treatment occurred, it lacked a rational basis. *See Okwu v. McKim,* 682 F.3d 841, 846 (9th Cir. 2012). Plaintiffs therefore fail to assert any facts that would establish a plausible allegation of class-based discrimination—an essential element of a Section 1985 conspiracy claim.

D.  <u>Leave to Amend</u>

Where a pro se litigant's complaint fails to state a claim on which relief may be granted, the plaintiff is entitled to an opportunity to amend the complaint—unless it is clear the deficiency cannot be cured. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). But a court is not required to continually grant amendments when a plaintiff has repeatedly failed to cure identified deficiencies. *Foman v. Davis* 371 U.S. 178, 182 (1962). The Court has twice given plaintiffs notice of the defects in their

---

(conspiracy to deprive persons of equal protection or equal privileges and immunities) and the second clause of Section 1985(2) (conspiracy to obstruct the due course of justice in any State) could potentially apply. Plaintiffs have made no allegations that would implicate the first clause of Section 1985(2), which addresses witness and jury tampering in the Federal courts. 42 U.S.C. §1985(2), (3).

amended complaint and the opportunity to correct those defects.[3] Plaintiffs have resubmitted the same conclusory allegations of claims, without plausible factual support. Given their response to the Court's previous orders, the Court concludes that it would not be appropriate to give plaintiffs leave to file a third amended complaint. Plaintiffs' claims should therefore be dismissed without leave to amend.

## CONCLUSION

The Court has explained to Plaintiffs what would be required to state a claim on their Section 1983, ADA, or Section 1985 causes of action. Dkts. 9, 13. The amended complaint fails to state any facts that would plausibly support a Section 1983, ADA, or Section 1985 cause of action, and therefore the proposed amended complaint must be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient to state a claim).

Because plaintiffs already have been granted the opportunity to state a viable constitutional claim by filing an amended complaint—but the second amended complaint remains fatally deficient without any indication the deficiencies discussed above can be cured—dismissal of this action with prejudice for failure to state a claim under 42 U.S.C. §§ 1983 and 1985 and the ADA is proper.

---

[3] The Court recognizes that Plaintiffs have not previously been advised that they have failed to allege a conspiracy to discriminate against them due to their membership in a suspect class. But even if Plaintiffs were able to make a *post hoc* allegation of their membership in racial minority or other protected class, such an amendment would be futile in light of their failure to properly allege an agreement among specific defendants to deprive them of any constitutional or statutory right. *See Caldeira*, 866 F.2d at 1182 n. 5 (plaintiff's "retrospective attempt to phrase his case in 'national-origin' terms is not persuasive. In any event, it would not be sufficient to overcome the other deficiencies of his section 1985 claim.")

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **May 28, 2021**, as noted in the caption.

Dated this 12th day of May, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge