# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JEFFREY SCOTT ZIEGLER and ALVIN HEGGE,<br><br>Plaintiffs,<br><br>v.<br><br>CORRECTIONAL INDUSTRIES, et. al.,<br><br>Defendants. | CASE NO. 20-5288 RJB - TLF<br><br>ORDER |

THIS MATTER comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Theresa L. Fricke (Dkt. 15) and Plaintiff Hegge's Motion for Enlargement of Time to File Objections to the Magistrate's Report and Recommendation (Dkt. 16). The Court has considered the pleadings filed regarding the Report and Recommendation the motion and the remaining file.

This case was filed on March 26, 2020 by Plaintiffs, two *pro se* prisoners. Dkt. 1. On May 12, 2021, the Report and Recommendation was filed, recommending that the case be

ORDER - 1

dismissed with prejudice for failure to state a claim. Dkt. 15. The Report and Recommendation explains that despite having been given multiple opportunities, the Plaintiffs have failed to file a complaint which states a claim for relief. *Id.*

On May 26, 2021, Plaintiff Hegge filed a Motion for Enlargement of Time to File Objections to the Magistrate [Judge's] Report and Recommendation. Dkt. 16. In this motion, Hegge seeks an additional 90 days to file objections – to August 27, 2021. *Id.* He explains that he has been separated from Plaintiff Ziegler since December 2020. *Id.* Plaintiff Hegge states that he has been separated from some of his legal materials. *Id.* He indicates that prison staff have informed him that he will be transferred back to his original placement (and will be with Ziegler) "as soon as the COVID restrictions and precautions have been resolved." *Id.* Plaintiff Hegge believes that will be around the middle of August 2021. *Id.* He also argues that the Court has not responded to his arguments regarding the constitutionality of 28 U.S.C. § 1915(A) under the equal protection clause or due process clause's right to access the courts or his argument that this Court does not have subject matter jurisdiction over the case because the Court has not served any of the Defendants. *Id.*

**Constitutionality of 28 U.S.C. § 1915A**. Section 1915A(a) of the Prison Litigation Reform Act ("PLRA") provides that, "[t]he court shall review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." After review of the complaint, section 1915A(b) requires that the court "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted. . ."

Plaintiff Hegge's constitutional challenge to Section 1915A is without merit. Section 1915A does not violate prisoner's equal protection rights or due process rights of access to the courts. *Madrid v. Gomez,* 190 F.3d 990, 996 (9th Cir. 1999)(holding that 1915A does not violate prisoners' due process right of access to the courts or right to equal protection). It provides adequate process and is rationally related to the government's legitimate interest in curtailing prisoners' lawsuits which are frivolous, malicious, and/or fail to state a claim. *Id.*

**Subject Matter Jurisdiction**. Plaintiff Hegge's challenge to the Court's subject matter jurisdiction is without merit. He asserts that the Court does not have subject matter jurisdiction over the case because the Defendants have not yet been served. Plaintiff Hegge confuses personal jurisdiction, which is the Court's power over an individual, *See generally, International Shoe Co. v. State of Washington,* 326 U.S. 310 (1945), with subject matter jurisdiction, which concerns "the Court's statutory or constitutional power to adjudicate the case," *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89 (1998). The Defendants need not be served for the Court to have subject matter jurisdiction over the case.

**Non-Lawyer *Pro Se* Parties Cannot Represent Another Person**. Although a non-attorney may appear *pro se* on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Accordingly, Plaintiff Hegge cannot seek an extension of time for Plaintiff Ziegler. To the extent he does, the motion for enlargement of time should be denied.

**Plaintiff Hegge's Motion for Enlargement of Time**. Pursuant to Fed. R. Civ. P. 16(b)(4), the Court may grant an extension of time for good cause. Plaintiff Hegge has shown sufficient good time for a brief extension of time (one month) to file objections to the Report and

1  Recommendation. Plaintiff Hegge's motion (Dkt. 16) should be granted, in part, and he should
2  be given a short extension of time to file objections. Accordingly, his objections, if any, should
3  be filed by **July 2, 2021**.

4  **Report and Recommendation**. The Report and Recommendation (Dkt. 15) should be
5  adopted as to Plaintiff Ziegler. He has not objected to the Report and Recommendation or
6  sought an extension of time to file objections. His claims should be dismissed.

7  As it relates to Plaintiff Hegge, in order to fully consider any objections filed, the Report
8  and Recommendation (Dkt. 15) should be renoted for consideration to **July 2, 2021**.

9  **IT IS SO ORDERED**.

10 The Clerk is directed to send uncertified copies of this Order to all counsel of record and
11 to any party appearing *pro se* at said party's last known address.

12 Dated this 1st day of June, 2021.

_____
ROBERT J. BRYAN
United States District Judge

ORDER - 4