UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY SCOTT ZIEGLER and ALVIN HEGGE,<br><br>                              Plaintiffs,<br>         v.<br><br>CORRECTIONAL INDUSTRIES, et. al.,<br><br>                              Defendants. | CASE NO. 20-5288 RJB - TLF<br><br>ORDER ON MOTIONS FOR RECONSIDERATION |

THIS MATTER comes before the Court on Plaintiff Jeffrey Ziegler's Motion to Reconsider Dismissal of Jeffrey S. Ziegler's Case (Dkt. 19) and Plaintiff Alvin Hegge's Motion for Reconsideration (Dkt. 18). The Court has considered the pleadings filed regarding the motions and the remaining file.

This case was filed on March 26, 2020 by Plaintiffs, two *pro se* prisoners. Dkt. 1. On May 12, 2021, the Report and Recommendation was filed, recommending that the case be dismissed with prejudice for failure to state a claim. Dkt. 15. The Report and Recommendation

ORDER ON MOTIONS FOR RECONSIDERATION - 1

explains that despite having been given multiple opportunities, the Plaintiffs have failed to file a complaint which states a claim for relief. *Id.*

On May 26, 2021, Plaintiff Hegge filed a Motion for Enlargement of Time to File Objections to the Magistrate [Judge's] Report and Recommendation. Dkt. 16. In this motion, Hegge sought an additional 90 days to file objections – to August 27, 2021. *Id.* He also argued that the Court had not responded to his arguments regarding the constitutionality of 28 U.S.C. § 1915(A) under the equal protection clause or due process clause's right to access the courts or his argument that this Court does not have subject matter jurisdiction over the case because the Court has not served any of the Defendants. *Id.*

In a June 3, 2021 order, the undersigned held that the constitutional challenge to Section 1915A was without merit, *citing Madrid v. Gomez,* 190 F.3d 990, 996 (9th Cir. 1999)(holding that 1915A does not violate prisoners' due process right of access to the courts or right to equal protection). Dkt. 17. That order held that the challenge to the Court's subject matter jurisdiction was equally without merit, noting that Plaintiff Hegge was conflating personal jurisdiction with subject matter jurisdiction. *Id.* The June 3, 2021 order noted that Plaintiff Hegge, as a *pro se* non-lawyer, does not represent Plaintiff Ziegler and cannot make motions on Plaintiff Ziegler's behalf. *Id.* Plaintiff Ziegler did not sign the motion for extension of time. *Id.* Accordingly, the motion for extension of time to file objections to the Report and Recommendation was granted, inpart, as to Plaintiff Hegge and denied as to Plaintiff Ziegler. *Id.* Plaintiff Hegge was given until July 2, 2021 to file objections, if any, to the Report and Recommendation. *Id.* The Report and Recommendation (Dkt. 15) was adopted as to Plaintiff Ziegler; he did not file objections or seek an extension of time to file objections. *Id.* Plaintiff Ziegler's claims were dismissed. *Id.*

ORDER ON MOTIONS FOR RECONSIDERATION - 2

1  On June 10, 2021, both Plaintiff Ziegler and Plaintiff Hegge filed motions for
2  reconsideration (Dkts. 19 and 18 respectively).
3  Plaintiff Ziegler moves for reconsideration of the order adopting the Report and
4  Recommendation and dismissing his claims, arguing that he inadvertently failed to sign the
5  motion for extension of time for objections.  Dkt. 19.  He also asserts that there was "confusion"
6  as to whether a lay person could act as an advocate for a person, like him, with a disability.  *Id.*
7  Plaintiff Ziegler then goes on to discuss his disabilities, that he has "shown that the
8  named individuals have acted under color of law and deprived [he and Plaintiff Hegge] federal
9  rights and have gone so far as to conspire in conspiracy with each other."  *Id.*  Under the section
10 entitled "Requested Relief," Plaintiff Ziegler "requests that this court help ensure equal access
11 for people with disabilities," arguing that Title II of the American with Disabilities Act and the
12 Washington Law Against Discrimination require that "public entities like the Board of Industrial
13 Appeals Board must conduct an individualized inquiry to determine whether a disability-related
14 accommodation or modification in reasonable."  *Id.*  (The Board of Industrial Appeals is not a
15 named defendant here).  Plaintiff Ziegler goes on to discuss discrimination against people with
16 disabilities generally, particularly against those with mental disabilities.  *Id.*  Plaintiff Ziegler
17 asserts that he "was denied multiple requests for disability accommodations."  *Id.*  He references
18 state court proceedings and proceedings before "BIIA."  *Id.*  Plaintiff Ziegler points to
19 Washington State General Rule 33, "Requests for Accommodation by Persons with Disabilities."
20 *Id.*  Attached to his motion, are various documents, including a "Request for Accommodation"
21 purportedly filed with Grays Harbor County, Washington Superior Court, a "Review and
22 Decision" bearing Grays Harbor County, Washington Superior Court case number 19-2-000108-
23 14, and what appear to be some of Plaintiff Ziegler's mental health records.  *Id.*
24

ORDER ON MOTIONS FOR RECONSIDERATION - 3

In Plaintiff Hegge's motion for reconsideration, he seeks reconsideration of the June 3, 2021 order. Dkt. 18. To his motion, he attaches a pleading filed in this case around September 7, 2020 by the Plaintiffs, entitled, "Objections to Magistrate's Order Declining Service and Notice of Constitutional Challenge to State and Federal Statutes pursuant to Fed. R. Civ. P. 5.1 and 28 U.S.C. § 2403." Dkt. 18, at 11-57. Plaintiff Hegge argues that this attachment was attached to his Second Amended Complaint, relies on the arguments raised in it. *Id.* He argues that the June 3, 2021 order improperly found that 28 U.S.C. § 1915(A) does not violate their rights, that the order erred in not finding that service on Defendants was essential to confer jurisdiction over this case, and that "Alvin Hegge has constitutional authority to provide legal assistance and representative authority to Co-Plaintiff Jeffrey Ziegler in this civil rights action." *Id.*

## DISCUSSION

Western District of Washington Civ. R. Pro. 7(h)(1) provides: "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

To the extent Plaintiff Ziegler moves for reconsideration of the order adopting the Report and Recommendation as to him and the dismissal of his claims before he has an opportunity to file objections, his motion (Dkt. 19) should be granted. While there was no error in the prior ruling, nor new facts or legal authority presented to the Court, in the interest of fully considering all issues, Plaintiff Ziegler may file objections to the Report and Recommendation by **July 2, 2021**.

ORDER ON MOTIONS FOR RECONSIDERATION - 4

Plaintiff Hegge's motion for reconsideration of the June 3, 2021 order (Dkt. 18) should be denied. Plaintiff Hegge fails to make a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Plaintiff Hegge reasserts his prior arguments which are without merit. He fails to acknowledge binding precedent and the Federal Rules of Civil Procedure. The June 3, 2021 order should be affirmed for the reasons stated in that order.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of June, 2021.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge