1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11
12
13
14
15

| | |
|---|---|
| JEFFREY SCOTT ZIEGLER and ALVIN HEGGE,<br><br>                Plaintiffs,<br>    v.<br><br>CORRECTIONAL INDUSTRIES, et. al.,<br><br>                Defendants. | CASE NO. 20-5288 RJB - TLF<br><br>ORDER ON NOTICE OF APPEAL AND ON MOTION FOR EXTENSION OF TIME |

16
17
18
19
20

THIS MATTER comes before the court on Plaintiff Alvin Hegge's Notice of Appeal (Dkt. 21), the Report and Recommendation of U.S. Magistrate Judge Theresa L. Fricke (Dkt. 15), Jeffrey Ziegler's Motion for Enlargement of Time (Dkt. 24), and Plaintiff Hegge's Objections to the Report and Recommendation (Dkt. 23). The Court has considered the Report and Recommendation, objections, pleadings filed regarding the motions, and the remaining file.

21
22
23

This case was filed on March 26, 2020 by Plaintiffs, two *pro se* prisoners. Dkt. 1. On May 12, 2021, the Report and Recommendation was filed, recommending that the case be dismissed with prejudice for failure to state a claim. Dkt. 15. The Report and Recommendation

24

explains that despite having been given multiple opportunities, the Plaintiffs have failed to file a complaint which states a claim for relief. *Id.*

On May 26, 2021, Plaintiff Hegge filed a Motion for Enlargement of Time to File Objections to the Magistrate [Judge's] Report and Recommendation. Dkt. 16. In this motion, Hegge sought an additional 90 days to file objections – to August 27, 2021. *Id.* He also argued that the court had not responded to his arguments regarding the constitutionality of 28 U.S.C. § 1915(A) under the equal protection clause or due process clause's right to access the courts or his argument that this court does not have subject matter jurisdiction over the case because the court has not served any of the Defendants. *Id.*

In a June 3, 2021 order, the undersigned held that the constitutional challenge to Section 1915A was without merit, *citing Madrid v. Gomez,* 190 F.3d 990, 996 (9th Cir. 1999)(holding that 1915A does not violate prisoners' due process right of access to the courts or right to equal protection). Dkt. 17. That order held that the challenge to the court's subject matter jurisdiction was equally without merit, noting that Plaintiff Hegge was conflating personal jurisdiction with subject matter jurisdiction. *Id.* The June 3, 2021 order noted that Plaintiff Hegge, as a *pro se* non-lawyer, does not represent Plaintiff Ziegler and cannot make motions on Plaintiff Ziegler's behalf. *Id.* Plaintiff Ziegler did not sign the motion for extension of time. *Id.* Accordingly, the motion for extension of time to file objections to the Report and Recommendation was granted, in part, as to Plaintiff Hegge and denied as to Plaintiff Ziegler. *Id.* Plaintiff Hegge was given until July 2, 2021 to file objections, if any, to the Report and Recommendation. *Id.* The Report and Recommendation (Dkt. 15) was adopted as to Plaintiff Ziegler; he did not file objections or seek an extension of time to file objections. *Id.* Plaintiff Ziegler's claims were dismissed. *Id.*

On June 10, 2021, both Plaintiff Ziegler and Plaintiff Hegge filed motions for reconsideration (Dkts. 19 and 18 respectively). On June 15, 2021, Plaintiff Ziegler's motion for reconsideration of the order adopting the Report and Recommendation was granted and he was given until July 2, 2021 to file objections. Dkt. 20. Plaintiff Hegge's motion for reconsideration of the court's June 3, 2021 order was denied. *Id.*

On June 28, 2021, Plaintiff Hegge filed a notice of appeal regarding the court's June 1, 2021 ruling that the constitutional challenge to Section 1915A and to the court's subject matter jurisdiction were without merit, and that Plaintiff Hegge, as a *pro se* non-lawyer, does not represent Plaintiff Ziegler and cannot make motions on Plaintiff Ziegler's behalf. Dkt. 21.

On July 2, 2021, Plaintiff Hegge filed his objections to the Report and Recommendation. Dkt. 23. Plaintiff Ziegler filed his motion for an enlargement of time, seeking an extension of time until August 17, 2021 to file objections to the Report and Recommendation. Dkt. 24.

## DISCUSSION

**Notice of Appeal**. Once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982). However, when a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply. *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007).

No final judgment has been entered in this case. Plaintiff Hegge's Notice of Appeal (Dkt. 21) is defective in that it seeks to appeal an interlocutory order (Dkts. 17 and 20). This Court retains jurisdiction and the case should proceed on the current schedule.

1

2      **Motion for Enlargement of Time**.  Pursuant to Fed. R. Civ. P. 16(b)(4), the court may

3   extend case deadlines for good cause.  Plaintiff Ziegler's motion for an extension of time (to

4   August 17, 2021) to file his objections to the Report and Recommendation should be granted.

5   He has shown sufficient good cause for the extension.

6      Further, Plaintiff Ziegler's objections, if any, should be considered with Plaintiff Hegge's

7   objections.  Accordingly, the Report and Recommendation (Dkt. 15) and Plaintiff Hegge's

8   objections (Dkt. 23) should be renoted for consideration for **August 17, 2021**.

9      **IT IS SO ORDERED**.

10     The Clerk is directed to send uncertified copies of this Order to all counsel of record and

11  to any party appearing *pro se* at said party's last known address.

12     Dated this 6th day of July, 2021.

13

14     ROBERT J. BRYAN
       United States District Judge

15

16

17

18

19

20

21

22

23

24