UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY SCOTT ZIEGLER and ALVIN HEGGE,<br><br>                    Plaintiffs,<br>       v.<br><br>CORRECTIONAL INDUSTRIES, et. al.,<br><br>                    Defendants. | CASE NO. 20-5288 RJB - TLF<br><br>ORDER ON REPORT AND RECOMMENDATION AND RE-REFERRING CASE |

THIS MATTER comes before the court on the Report and Recommendation of U.S. Magistrate Judge Theresa L. Fricke. Dkt. 15. The court has considered the Report and Recommendation, objections, and the remaining file.

This case was filed on March 26, 2020 by Plaintiffs, two *pro se* prisoners. Dkt. 1. On May 12, 2021, the Report and Recommendation was filed, recommending that the case be dismissed with prejudice for failure to state a claim. Dkt. 15. The Report and Recommendation explains that despite having been given multiple opportunities, the Plaintiffs have failed to file a complaint which states a claim for relief. *Id.*

ORDER ON REPORT AND RECOMMENDATION AND RE-REFERRING CASE - 1

On May 26, 2021, Plaintiff Hegge filed a Motion for Enlargement of Time to File Objections to the Magistrate [Judge's] Report and Recommendation.  Dkt. 16.  In this motion, Hegge sought an additional 90 days to file objections – to August 27, 2021.  *Id.*  He also argued that the court had not responded to his arguments regarding the constitutionality of 28 U.S.C. § 1915(A) under the equal protection clause or due process clause's right to access the courts or his argument that this court does not have subject matter jurisdiction over the case because the court has not served any of the Defendants.  *Id.*

In a June 3, 2021 order, the undersigned held that the constitutional challenge to Section 1915A was without merit, *citing Madrid v. Gomez,* 190 F.3d 990, 996 (9th Cir. 1999)(holding that 1915A does not violate prisoners' due process right of access to the courts or right to equal protection).  Dkt. 17.  That order held that the challenge to the court's subject matter jurisdiction was equally without merit, noting that Plaintiff Hegge was conflating personal jurisdiction with subject matter jurisdiction.  *Id.*  The June 3, 2021 order noted that Plaintiff Hegge, as a *pro se* non-lawyer, does not represent Plaintiff Ziegler and cannot make motions on Plaintiff Ziegler's behalf.  *Id.*  Plaintiff Ziegler did not sign the motion for extension of time.  *Id.*  Accordingly, the motion for extension of time to file objections to the Report and Recommendation was granted, in part, as to Plaintiff Hegge and denied as to Plaintiff Ziegler.  *Id.*  Plaintiff Hegge was given until July 2, 2021 to file objections, if any, to the Report and Recommendation.  *Id.*  The Report and Recommendation (Dkt. 15) was adopted as to Plaintiff Ziegler; he did not file objections or seek an extension of time to file objections.  *Id.*  Plaintiff Ziegler's claims were dismissed.  *Id.*

On June 10, 2021, both Plaintiff Ziegler and Plaintiff Hegge filed motions for reconsideration (Dkts. 19 and 18 respectively).  On June 15, 2021, Plaintiff Ziegler's motion for reconsideration of the order adopting the Report and Recommendation was granted and he was

given until July 2, 2021 to file objections. Dkt. 20. Plaintiff Hegge's motion for reconsideration of the court's June 3, 2021 order was denied. *Id*.

On June 28, 2021, Plaintiff Hegge filed a notice of appeal regarding the court's June 1, 2021 ruling that the constitutional challenge to Section 1915A and to the court's subject matter jurisdiction were without merit, and that Plaintiff Hegge, as a *pro se* non-lawyer, does not represent Plaintiff Ziegler and cannot make motions on Plaintiff Ziegler's behalf. Dkt. 21.

On July 2, 2021, Plaintiff Hegge filed his objections to the Report and Recommendation. Dkt. 23. Plaintiff Ziegler joined those objections. Dkt. 27.

Plaintiff Ziegler also filed a motion for an enlargement of time to file objections (Dkt. 24) which, on July 6, 2021, was granted (Dkt. 25). The July 6, 2021 order acknowledged that a notice of appeal had been filed by Plaintiff Hegge and found that the notice of appeal was defective in that it seeks to appeal an interlocutory order. Dkt. 25. The July 6, 2021 order found the undersigned retains jurisdiction and the case should remain on the current schedule. *Id.*

Plaintiff Ziegler's second and third motions for enlargement of time were granted; under the last extension he was given until October 29, 2021 to file objections. Dkt. 35.

On September 17, 2021, the Ninth Circuit Court of Appeals dismissed the Plaintiffs' notice of appeal. Dkt. 33. The court found that it did not have jurisdiction over the appeal because the appeal was not on an appealable order. *Id.* The mandate issued on October 12, 2021. Dkt. 36.

On October 28, 2021, Plaintiff Ziegler filed 176 pages of objections to the Report and Recommendation (Dkt. 38) and a motion to stay the case or give him additional time to file more objections (Dkt. 37).

**DISCUSSION**

ORDER ON REPORT AND RECOMMENDATION AND RE-REFERRING CASE - 3

### A. MOTION FOR EXTENSION OF TIME

Pursuant to Fed. R. Civ. P. 16(b)(4), the court may extend case deadlines for good cause. Plaintiff Ziegler's motion for a stay or an extension of time (to January 10, 2022) to file additional objections to the Report and Recommendation (Dkt. 37) should be denied. Plaintiff Ziegler has received several extensions of time to file objections. He has now filed his objections. Dkt. 38. He has not shown sufficient good cause for a stay or another extension.

### B. REPORT AND RECOMMENDATION

1. Plaintiff Hegge

The Report and Recommendation (Dkt. 15) should be adopted as to Plaintiff Hegge. He has failed to a state claim upon which relief could be granted and his claims should be dismissed with prejudice.

Plaintiff Hegge's objections (which Plaintiff Ziegler joined) do not provide a basis to decline to adopt the Report and Recommendation. The Plaintiffs argue that their case was improperly screened for dismissal under 28 U.S.C. §1915A because they paid the filing fee. While 28 U.S.C. §1915 addresses proceedings where the plaintiff has *informa pauperis* ("IFP") status, contrary to their assertions, §1915A contains no IFP requirement. While the Plaintiffs argue that the Report and Recommendation holds them to a "higher pleading" standard than is required, they fail to explain why they believe that to be true. The Report and Recommendation provided the correct standards. The Plaintiffs argue that dismissal for failure to state a claim should never be with prejudice without citation to authority supporting that position.

The Plaintiffs again argue that service on the defendants is essential to confer this court's jurisdiction over this case, again conflating personal jurisdiction with subject matter jurisdiction. As was explained in prior orders (Dkts. 17 and 20), Plaintiffs confuse personal jurisdiction,

which is the court's power over an individual, *see generally, International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945), with subject matter jurisdiction, which concerns "the court's statutory or constitutional power to adjudicate the case," *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998).  Plaintiffs also argue again that 28 U.S.C. § 1915A violates their constitutional rights.  Plaintiffs repeat their prior arguments and fail to address binding precedent, *Madrid v. Gomez,* 190 F.3d 990, 996 (9th Cir. 1999), which held to the contrary and was cited in the prior orders (Dkts. 17 and 20).  The Report and Recommendation (Dkt. 15) should be adopted as to Plaintiff Hegge.

2. <u>Plaintiff Ziegler</u>

In his October 28, 2021 objections, Plaintiff Ziegler discusses specific injuries he alleges that he sustained while working for SCCC Correctional Industries, another injury to his ribs he attributes to being forced to walk without a walker, issues that have arisen with his use of Cymbalta sleep medication, and other health challenges.  Dkt. 38.  He maintains that these health issues are the result of particular Defendants' deliberate indifference and constitute a violation of his eighth amendment rights.  *Id.*  He also attaches several pages of exhibits, including grievances, appeals of grievances, medical records and various other correspondence.  *Id.*

The Report and Recommendation (Dkt. 15) should not be adopted as to Plaintiff Ziegler.  In his objections, he has pointed to specific injuries he claims were the result of the deliberate indifference of particular individuals acting contrary to his eighth amendment rights.  Plaintiff Ziegler **only** should be given an additional opportunity to file a proposed second amended complaint, following the form of a complaint, detailing exactly what happened, who he is suing under the eighth amendment, and for which injury.  As stated in the Report and Recommendation, he should follow Fed. R. Civ. P. 8(a) and provide a "short, plain statement" of

his claim showing that "he is entitled to relief." His pleading need not be long. His most recently filed objections (Dkt. 38) are not really objections, but provide a good starting point for a proposed second amended complaint. Plaintiff Ziegler should file his short proposed second amended complaint, if any, by December 17, 2021 and should be limit it to the events referenced in his October 28, 2021 objections (Dkt. 38). This case should be re-referred to U.S. Magistrate Judge Theresa L. Fricke for further proceedings consistent with this opinion.

## ORDER

**IT IS ORDERED THAT:**

- Plaintiff Ziegler's motion for and extension of time (Dkt. 37) **IS DENIED**;
- The Report and Recommendation (Dkt. 15) **IS**:
  - **ADOPTED** as to Plaintiff Hegge's claims, his claims **ARE DISMISSED WITH PREJUDICE** for failure to state a claim;
  - **NOT ADOPTED** as to Plaintiff Ziegler;
- Plaintiff Ziegler proposed second amended complaint, if any, **IS DUE** by **December 17, 2021**; and should be limited to the events referenced in his October 28, 2021 objections (Dkt. 38); and
- This case **IS RE-REFERRED** to U.S. Magistrate Judge Theresa L. Fricke.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge Theresa L. Fricke, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 5th day of November, 2021.

                                                                 ROBERT J. BRYAN
                                                                 United States District Judge