UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY SCOTT ZIEGLER and ALVIN HEGGE,

Plaintiffs,

v.

CORRECTIONAL INDUSTRIES, et. al.,

Defendants.

CASE NO. 20-5288 RJB - TLF

ORDER ON MOTION TO VACATE AND RE-REFERRING CASE

THIS MATTER comes before the Court on Plaintiff Alvin Hegge's Motion to Vacate Judgment pursuant to Fed. R. Civ. P. 60(b). Dkt. 84. The Court has considered the pleadings filed regarding the motion and the remaining file.

This case was filed on March 26, 2020 by Plaintiffs, two *pro se* prisoners. Dkt. 1. On May 12, 2021, a Report and Recommendation was filed, recommending that the case be dismissed with prejudice for failure to state a claim. Dkt. 15. The Report and Recommendation explains that despite having been given multiple opportunities, the Plaintiffs had failed to file a complaint which stated a claim for relief. *Id.*

On May 26, 2021, Plaintiff Hegge filed a Motion for Enlargement of Time to File Objections to the Magistrate [Judge's] Report and Recommendation. Dkt. 16. In this motion, Hegge sought an additional 90 days to file objections – to August 27, 2021. *Id.* He also argued that the Court had not responded to his arguments regarding the constitutionality of 28 U.S.C. § 1915(A) under the equal protection clause or due process clause's right to access the courts, or his argument that this court did not have subject matter jurisdiction over the case because the Court had not served any of the Defendants. *Id.*

In a June 3, 2021 order, the undersigned held that the constitutional challenge to Section 1915A was without merit, *citing Madrid v. Gomez,* 190 F.3d 990, 996 (9th Cir. 1999)(holding that 1915A does not violate prisoners' due process right of access to the courts or right to equal protection). Dkt. 17. That order held that the challenge to the court's subject matter jurisdiction was equally without merit, noting that Plaintiff Hegge was conflating personal jurisdiction with subject matter jurisdiction. *Id.* The June 3, 2021 order noted that Plaintiff Hegge, as a *pro se* non-lawyer, does not represent Plaintiff Ziegler and cannot make motions on Plaintiff Ziegler's behalf. *Id.* Plaintiff Ziegler did not sign the motion for extension of time. *Id.* Accordingly, the motion for extension of time to file objections to the Report and Recommendation was granted, in part, as to Plaintiff Hegge and denied as to Plaintiff Ziegler. *Id.* Plaintiff Hegge was given until July 2, 2021 to file objections, if any, to the Report and Recommendation. *Id.* The Report and Recommendation (Dkt. 15) was adopted as to Plaintiff Ziegler; he did not file objections or seek an extension of time to file objections. *Id.* Plaintiff Ziegler's claims were dismissed. *Id.*

On June 10, 2021, both Plaintiff Ziegler and Plaintiff Hegge filed motions for reconsideration (Dkts. 19 and 18 respectively). On June 15, 2021, Plaintiff Ziegler's motion for reconsideration of the order adopting the Report and Recommendation was granted and he was

given until July 2, 2021 to file objections. Dkt. 20. Plaintiff Hegge's motion for reconsideration of the court's June 3, 2021 order was denied. *Id*.

On June 28, 2021, Plaintiff Hegge filed a notice of appeal regarding the court's June 1, 2021 ruling that the constitutional challenge to Section 1915A and to the court's subject matter jurisdiction were without merit, and that Plaintiff Hegge, as a *pro se* non-lawyer, does not represent Plaintiff Ziegler and cannot make motions on Plaintiff Ziegler's behalf. Dkt. 21.

On July 2, 2021, Plaintiff Hegge filed his objections to the Report and Recommendation. Dkt. 23. Plaintiff Ziegler joined those objections. Dkt. 27. Plaintiff Ziegler also filed a motion for an enlargement of time to file objections (Dkt. 24) which, on July 6, 2021, was granted (Dkt. 25). The July 6, 2021 order acknowledged that a notice of appeal had been filed by Plaintiff Hegge and found that the notice of appeal was defective in that it seeks to appeal an interlocutory order. Dkt. 25. The July 6, 2021 order found the undersigned retained jurisdiction and the case should remain on the current schedule. *Id.* Plaintiff Ziegler's second and third motions for enlargement of time were granted; under the last extension he was given until October 29, 2021 to file objections. Dkt. 35.

On September 17, 2021, the Ninth Circuit Court of Appeals dismissed the Plaintiffs' notice of appeal. Dkt. 33. The court found that it did not have jurisdiction over the appeal because the appeal was not on an appealable order. *Id.* The mandate issued on October 12, 2021. Dkt. 36.

On October 28, 2021, Plaintiff Ziegler filed objections to the Report and Recommendation (Dkt. 15). Dkt. 38.

On November 5, 2021, the Report and Recommendation (Dkt. 15) was adopted as to Plaintiff Hegge but was not adopted as to Plaintiff Ziegler. Dkt. 39. Plaintiff Ziegler was given

an opportunity to file an amended complaint (*Id.*) which Plaintiff Ziegler did on December 16, 2021 (Dkt. 42). In the December 16, 2021 Amended Complaint, Plaintiff Ziegler asserts claims for himself alone. Dkt. 42.

Plaintiff Hegge filed notice of appeal to the Ninth Circuit Court of Appeals regarding the November 5, 2021 Order. Dkt. 40. On January 21, 2022, the Ninth Circuit Court of Appeals dismissed his appeal. Dkt. 44. The Circuit Court held that it lacked jurisdiction over the appeal because the November 5, 2021 Order was not a final order. *Id.* The mandate issued on June 10, 2022. Dkt. 79.

Plaintiff Hegge filed the pending 137-page Fed. R. Civ. P. 60(b) motion on September 29, 2022. Dkt. 84. He contends that he is entitled to relief from the November 5, 2021 Order under subsections (3), (4), and (6) of Rule 60(b).

**DISCUSSION**

Fed. R. Civ. P. 60 (b), "Grounds for Relief from a Final Judgment, Order or Proceeding," provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void; . . .
>
> (6) any other reason that justifies relief.

Plaintiff Hegge's motion (Dkt. 84) should be denied. He has failed to demonstrate that he is entitled to relief under Rule 60(b). He has not shown that the November 5, 2021 Order on the Report and Recommendation (Dkt. 39) was a result of "fraud . . . misrepresentation, or misconduct by an opposing party." Rule 60(b)(3). At that point in the litigation, no opposing

party had appeared - the case had not been served on any of the opposing parties. Plaintiff Hegge has not shown that the "judgment is void." Rule 60(b)(4). No judgment has been entered in this case. Further, Plaintiff Hegge has not demonstrated that there is "any other reason that justifies relief." Rule 60(b)(6).

To the extent that the Plaintiff Hegge argues that the November 5, 2021 order failed to address his "conspiracy allegations" and "conspiracy claim," (Dkt. 84) the Plaintiff is, in essence, arguing for reconsideration of the decision to adopt the Report and Recommendation and dismiss his claims. He also reasserts that the case should have been served on the defendants (Dkt. 84), which also should be construed as a motion for reconsideration. Plaintiff Hegge also repeats several of his past arguments which have been addressed by the prior orders, including that the case should not have been screened for dismissal under 28 U.S.C. §1915A, that 28 U.S.C. §1915A is unconstitutional, that he has the right to provide legal assistance to Plaintiff Ziegler even though Plaintiff Hegge is not a lawyer, and that this Court lacked jurisdiction over the case because the complaint was not served.

Pursuant to Local Rule W.D. of Wash. 7(h)(2), motions for reconsideration "shall be filed within fourteen days after the order which it relates is filed." Plaintiff Hegge's motion, to the extent that it is a motion for reconsideration, should be denied as untimely. Further, Plaintiff Hegge has failed to meet the standard for substantive relief under Local Rule 7(h)(1). He has not shown a "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to the [court's] attention earlier without reasonable diligence." Plaintiff Hegge's Motion to Vacate Judgment pursuant to Fed. R. Civ. P. 60(b) (Dkt. 84) should be denied. All Plaintiff Hegge's claims remain dismissed as stated in the November 5, 2021 Order. Plaintiff Ziegler's claims in the Amended Complaint (Dkt. 42) remain.

This case should be re-referred to U.S. Magistrate Judge Theresa L. Fricke for further proceedings consistent with this opinion.

**ORDER**

**IT IS ORDERED THAT:**

- Plaintiff Alvin Hegge's Motion to Vacate Judgment pursuant to Fed. R. Civ. P. 60(b) (Dkt. 84) **IS DENIED**; and
- This case **IS RE-REFERRED** to U.S. Magistrate Judge Theresa L. Fricke.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge Theresa L. Fricke, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of October, 2022.

ROBERT J. BRYAN
United States District Judge