UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Jeffrey Scott Ziegler,

          Plaintiff,

v.

Kelly Downing, et al.,

          Defendants.

Case No. 3:20-cv-05288-RJB-TLF

REPORT AND RECOMMENDATION

NOTED FOR OCTOBER 13, 2023

This matter comes before the Court on Plaintiff's "motion to enjoin Nathan Montabo, previously identified as CO Montouge." Dkt. 92. Plaintiff is proceeding *pro se* and has been granted *in forma pauperis* status. The Court interprets Plaintiff's motion as a motion for leave to amend his complaint.

Plaintiff filed the instant case on May 6, 2020, naming several defendants, including "C/O Montouge." Dkt. 7. He subsequently filed three amended complaints on June 10, 2020, November 10, 2020, and November 16, 2021. *See* Dkts. 8, 14, 39. In each of these complaints, Plaintiff named "C/O Montouge" as a defendant. *See id.* Defendants' counsel filed a notice of appearance on August 28, 2022, for "N'Tacia Montouge". Dkt. 71.

Now, Plaintiff moves to voluntarily dismiss N'Tacia Montouge from the case and Plaintiff has made a motion to add Nathan Montabo as a defendant. Defendants state that there is no record of a Nathan Montabo as an employee of the Department of Corrections. They do, however, have record of an individual named Nathan Montambo.

REPORT AND RECOMMENDATION - 1

Defendants and the Court assume that Nathan Montambo is the individual that Plaintiff is referring to.

Pursuant to the Court's pretrial scheduling order, the discovery period closed on August 21, 2023. Dkt. 91.

Under Fed.R.Civ.P. 15(a), a party may amend their pleading once as a matter of course within 21 days of serving it. In all other cases, a party may amend only with the opposing party's written consent or the court's leave.

In this instance, Plaintiff should have made a motion under Fed. R. Civ. P. 15 and LCR 15 for leave to amend his complaint to add a defendant. Pursuant to Local Civil Rule 15:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

This rule allows the Court and the parties to review the specific allegations in the proposed amended complaint and evaluate whether the amendment should be allowed, or whether the proposed amendment would be prejudicial, or futile. Plaintiff did not comply with Local Civil Rule 15. He did not attach a copy of his proposed amended pleading or indicate how the proposed amended pleading differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added.

Therefore, the Court should order the Plaintiff's amended complaint will not be considered by the Court at this time, and Plaintiff's motion to add Nathan Montambo as a new defendant, should be DENIED without prejudice.

If Plaintiff seeks to amend his complaint, he must comply with Fed. R. Civ. P. 15, and with LCR 15.

To provide enough time for Judge Bryan to issue a ruling either adopting or rejecting this report and recommendation, the Court strikes the current pretrial scheduling order (Dkt. 91) and will issue an amended scheduling order after Judge Bryan issues a ruling.

Finally, because Plaintiff's motion for an order to show cause (Dkt. 95) may be moot if Plaintiff files a motion for leave to amend his complaint, the Court instructs the Clerk to re-note Dkt. 95, Plaintiff's motion for order to show cause, to November 3, 2023.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); see also FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on October 13, 2023, as noted in the caption.

Dated this 27th day of September, 2023.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

NOTED FOR OCTOBER 13, 2023 - 4